**AKERMAN LLP**
JUSTIN D. BALSER (SBN 213478)
Email: justin.balser@akerman.com
ROBERT R. YAP (SBN 263763)
Email: robert.yap@akerman.com
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone:   (213) 688-9500
Facsimile:    (213) 627-6342

Attorneys for Defendant
NAVIENT SOLUTIONS, LLC f/k/a
NAVIENT SOLUTIONS, INC.
*erroneously named as "Navient Corporation"*
*and "Sallie Mae Corporation"*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN G. PETROU, an individual,<br><br>            Plaintiff,<br><br>v.<br><br>NAVIENT CORPORATION, a Delaware corporation; SALLIE MAE CORPORATION, a Delaware corporation; SELAINA A. PETROU an individual; and Does 1 through 50, inclusive,<br><br>            Defendants. | Case No.   **'17 CV 2033 MMA WVG**<br><br>[Superior Court of California, San Diego County Case No. 37-2016-00040243-CU-CO-CTL]<br><br>**DEFENDANT NAVIENT SOLUTIONS, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1367, AND 1446**<br><br>Complaint filed: November 16, 2016<br>FAC filed:  September 25, 2017 |

**TO THE HONORABLE COURT, ALL PARTIES HEREIN, AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Navient Solutions, LLC f/k/a Navient Solutions, Inc., *erroneously named as* "Navient Corporation" and "Sallie Mae Corporation" (**NSL**)[1] removes this action from the Superior Court of the State of

---

[1] "Sallie Mae Corporation" is not an entity and does not exist.  Navient Corporation is the corporate parent of Navient Solutions, LLC, formerly known as Navient Solutions, Inc., which was formerly known as Sallie Mae, Inc.  Navient Corporation does not engage in the business of student loan origination or servicing.

Case No. TBD
**DEFENDANT NAVIENT SOLUTIONS, LLC'S NOTICE OF REMOVAL OF ACTION**
42995697;3

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

California for the County of San Diego to the United States District Court for the Southern District of California.

## I.

## STATEMENT OF THE CASE

1.     On November 16, 2016, Plaintiff John G. Petrou commenced a civil action in the San Diego County Superior Court styled *Petrou v. Navient Corporation et al.,* Case No. 37-2016-00040243-CU-CO-CTL.

2.     Plaintiff's original Complaint asserted causes of action for:  (1) fraud; (2) cancellation/rescission of promissory note; (3) violation of the California Identity Theft Act; (4) violation of the California Consumer Credit Reporting Act; and (5) declaratory relief.  (*See* Exhibit "A" attached hereto.)

3.     NSL filed a notice of removal on January 6, 2017 based on federal question jurisdiction on the grounds that Plaintiff's claims, which relate to a federally owned and guaranteed student loan, are preempted by the Higher Education Act of 1965, 20 U.S.C. §§ 1070, *et seq*. and the regulations issued by the United States Department of Education, 34 C.F.R. § 682, *et seq*.  (*See Petrou v. Navient Corporation et al.,* U.S. District Court Case No. 3:17-cv-00030 at Dkt. No. 1.)

4.     The Court ruled that NSL's "Notice of Removal fail[ed] to establish that this Court has subject matter jurisdiction over the removed action, and…REMAND[ED] the action to state court."  (*Id*. at Dkt. No. 9.)

5.     On September 25, 2017, Plaintiff filed a First Amended Complaint (FAC), which asserted a new claim for the violation of the Fair Credit Reporting Act, which arises under federal law.  (*See* Exhibit "B" attached hereto.)

## II.

## FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION

6.     This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331, which provides:  "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

DEFENDANT NAVIENT SOLUTIONS, LLC'S NOTICE OF REMOVAL OF ACTION

42995697:3

7.     The second cause of action in the First Amended Complaint is for the violation of the Fair Credit Reporting Act (**FCRA**), 15 U.S.C. § 1681 *et seq.*  (FAC, ¶¶ 35-47.)  Given that Plaintiff's second claim alleges a violation of a federal statute, his action arises under federal law and is subject to the original jurisdiction of this Court.

8.     Under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the other causes of action alleged in Plaintiff's First Amended Complaint as "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

9.     The other two causes of action in the FAC are so related with Plaintiff's FCRA claim arising under federal law that they form part of the same controversy. Plaintiff's first and third causes of action are for fraud (against Co-Defendant Selaina A. Petrou) and declaratory relief (as to all defendants).  First, both the FCRA claim and the other two claims arise from and relate to the same federal student loans which identify Plaintiff as the borrower.  Second, both the FCRA claim and the two remaining claims are based on the same set of factual allegations concerning Co-Defendant Selaina's alleged identity theft and purported unlawful use of Plaintiff's information to obtain the federal student loan at issue in Plaintiff's name.  Consequently, the other claims in the FAC are so related with Plaintiff's second claim that they form part of the same controversy, and are subject to this Court's supplemental jurisdiction.

10.     For these reasons, NSL may remove Plaintiff's action to this Court pursuant to 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

CASE NO. TBD

**DEFENDANT NAVIENT SOLUTIONS, LLC'S NOTICE OF REMOVAL OF ACTION**
42995697;3

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## III.

## JOINDER BY ALL DEFENDANTS WHO HAVE BEEN SERVED OR APPEARED

11.   "All defendants who have been 'properly ... served in the action' must join a petition for removal." *Destifino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011).  This requirement for consent applies "only to defendants properly joined and served in the action." *Emrich v. Touche Ross & Co.*, 846 F. 2d 1190, 1193 fn.1 (9th Cir. 1988).  Any defect in joinder can be cured prior to the entry of judgment. *See Destifino*, 630 F.3d at 957 ("[T]he district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants **prior to the entry of judgment**" (emphasis added)).

12.   NSL has obtained the consent of all defendants who have been served or appeared in this action.  As stated above, "Sallie Mae Corporation" does not exist.  And counsel for Co-Defendant Selaina Petrou, the only other named defendant in this action, confirmed that Ms. Petrou consents to NSL's removal.  (*See* Exhibit "C" attached hereto.)

## IV.

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

13.   Under 28 U.S.C. § 1446(b)(3) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  The Court determined that Plaintiff's initial pleading was not removable.  (*See Petrou v. Navient Corporation et al.,* U.S. District Court Case No. 3:17-cv-00030 at Dkt. No. 9.)  Plaintiff's action became removable only when he filed the FAC asserting the FCRA claim, which he alleges he served on September 25, 2017.  (*See* Exhibit "B" at 27.)  NSL timely files this notice of removal within thirty days of Plaintiff's purported service of the FAC.

**DEFENDANT NAVIENT SOLUTIONS, LLC'S NOTICE OF REMOVAL OF ACTION**
42995697;3

14.  True and accurate copies of the summons, other pleadings, and orders filed with the California Superior Court are attached hereto as Exhibit "D."

15.  Removal of this action to this Court is proper as the San Diego County Superior Court where this action commenced is located within this Court's jurisdiction.

16.  Pursuant to 28 U.S.C. § 1446(d), NSL shall promptly file a notice of its removal of this action with the clerk of the San Diego County Superior Court, and NSL shall promptly serve Plaintiff and Co-Defendant with this notice of removal as well as the notice to be filed in the Superior Court.

## V.

## CONCLUSION

17.  By this notice of removal and the associated attachments, NSL does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action.  NSL does not intend any admission of fact, law or liability by this notice, and expressly reserves all defenses, motions, and/or pleas.  NSL prays that Plaintiff's action be removed to the United States District Court, that all further proceedings in the California Superior Court be stayed, and that NSL receives all relief to which it is entitled.

Dated: October 4, 2017                **AKERMAN LLP**

By:  /s/ *Robert R. Yap*
          Justin D. Balser
          Robert R. Yap
Attorneys for Defendant
NAVIENT SOLUTIONS, LLC f/k/a
NAVIENT SOLUTIONS, INC.
*erroneously named as "Navient
Corporation" and "Sallie Mae
Corporation"*

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# EXHIBIT A

1  Ben-Thomas Hamilton (SBN 222601)
   Kristine Steynske (SBN 306622)
2  HAMILTON & McINNIS, L.L.P.
   3110 Camino del Rio South, Suite 203
3  San Diego, California 92108

4  Telephone: (619) 299-4877
   Facsimile:  (619) 299-4787
5
   Attorneys for Plaintiff, JOHN G. PETROU
6

7

FILED
CIVIL BUSINESS OFFICE D-3
CENTRAL DIVISION

2016 NOV 16  PM 1:45

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  COUNTY OF SAN DIEGO – CENTRAL DIVISION

10

11  JOHN G. PETROU, an individual,         Case No.  37-2016-00040243-CU-CO-CTL

12              Plaintiff,                 COMPLAINT FOR:

13       v.                               1)  FRAUD
                                          2)  CANCELLATION/RESCISSION OF
14                                            MASTER PROMISSORY NOTE
    NAVIENT CORPORATION, a Delaware        3)  VIOLATION OF THE CALIFORNIA
15  corporation; SALLIE MAE                   IDENTITY THEFT ACT;
    CORPORATION, a Delaware corporation;  4)  VIOLATION OF THE CALIFORNIA
16  SELAINA A. PETROU an individual; and      CONSUMER CREDIT REPORTING
    DOES 1 through 50, inclusive,             AGENCIES ACT; AND
17                                         5)  DECLARATORY RELIEF

18              Defendants.

19

20

21       **COMES NOW** Plaintiff, JOHN G. PETROU (hereinafter "PLAINTIFF") and alleges against

22  Defendants NAVIENT CORPORATION (hereinafter "NAVIENT"), SALLIE MAE CORPORATION

23  (hereinafter "SALLIE MAE"), SELAINA A. PETROU (hereinafter "SELAINA"), and DOES 1 through

24  50, inclusive, (collectively "DEFENDANTS")  as follows:

25  / / /

26  / / /

27  / / /

28  / / /

Petrou v. Navient, et. al                                    Case No.
Complaint                              1

**PRELIMINARY ALLEGATIONS**

1.     PLAINTIFF was, and at all times mentioned herein, a resident of the County of San Diego, State of California.

2.     PLAINTIFF is informed and believes and thereon alleges that Defendant NAVIENT is a Delaware corporation doing business in and under the laws of the State of California in the City of San Diego, California with a principal place of business in Wilmington, Delaware.

3.     PLAINTIFF is informed and believes and thereon alleges that Defendant SALLIE MAE is a Delaware corporation doing business in and under the laws of the State of California in the City of San Diego, California with a principal place of business in Newark, Delaware.

4.     PLAINTIFF is informed and believes and thereon alleges that Defendant SELAINA is presently a resident of the County of San Diego, in the State of California.

5.     Defendants DOES 1 through 50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to PLAINTIFF.  When the true names and capacities are ascertained, PLAINTIFF will amend this complaint by inserting their true names and capacities herein. PLAINTIFF is informed and believes, and thereon alleges that each of the fictitiously named defendants is liable as hereinafter mentioned.

6.     PLAINTIFF is further informed and believes, and thereon alleges, that each of the defendants is, and at all material times was, the agent, servant, or employee representative, independent contractor, partner, joint venturer, subsidiary, alter ego and/or employee of each or some of the other named defendants, and in doing the acts herein alleged and referred to, was acting within the course and scope of his, her, or its authority as such agent, servant, representative, independent contractor, partner, joint venturer, subsidiary, alter ego and/or employee with the express and/or implied approval, permission, knowledge, consent and ratification of all other named defendants, and in some manner are responsible for the occurrences hereinafter alleged, and such defendants are jointly and severally liable for the injuries and damages hereinafter described.

/ / /

/ / /

/ / /

## **GENERAL ALLEGATIONS**

7.     SELAINA is PLAINTIFF'S daughter.  In 2011, SELAINA began her undergraduate education at American University in Washington D.C.  On or around May 2011, PLAINTIFF told SELAINA, before her curriculum even started, that he could not pay for her tuition or help her with tuition.

8.     On or about April 2012, SELAINA contacted PLAINTIFF by phone and informed him she was applying for and filling out a student loan application for herself.  At that time, SELAINA stated she needed PLAINTIFF'S personal information for her loan because he is her father.  PLAINTIFF confirmed his driver's license number and social security number which he believes SELAINA already had.

9.     On or about April 26, 2012, SELAINA electronically signed PLAINTIFF'S name to a Master Promissory Note for a Federal Direct PLUS Loan. ("hereafter "Master Promissory Note"). (See Exhibit A).  The Master Promissory Note is a loan specifically made for the parents of undergraduate students.  In the Master Promissory Note, SELAINA filled in her father's information and listed herself as the recipient of the loans.  Additionally, SELAINA used her own cell phone number in place of PLAINTIFF'S, ensuring SELAINA, and not PLAINTIFF, was contacted about the Master Promissory Note.

10.     At all times, PLAINTIFF understood and believed SELAINA was applying for a student loan under her own name.  At no time did SELAINA indicate she was applying for a Master Promissory Note under PLAINTIFF'S name.  At no time did PLAINTIFF consent to SELAINA filling out the Master Promissory Note for him or in his name.

11.     On or about April 30, 2012, SALLIE MAE distributed $9,762.00 to American University as a Parent Plus Loan under the Master Promissory Note for the benefit of SELAINA.

12.     PLAINTIFF was unaware at this time that a loan had been taken out in his name.

/ / /

/ / /

/ / /

/ / /

1    13.    On or about May 2013, SELAINA again contacted PLAINTIFF by phone.  SELAINA
2    was in a panic because her student loan did not fund.  SELAINA stated the Financial Aid Department
3    of American University needed additional paperwork from PLAINTIFF before the loan could be
4    processed.   PLAINTIFF faxed his home loan information to American University as SELAINA
5    requested.

6    14.    Again, at all times, PLAINTIFF understood and believed SELAINA was applying for a
7    student loan under her own name and that she only needed PLAINTIFF'S information because he is her
8    father and she had referenced him in the application.  At no time did SELAINA indicate she had filled
9    out the Master Promissory Note to apply for loans under PLAINTIFF'S name.   At no time did
10   PLAINTIFF consent to SELAINA filling out the Master Promissory Note for him or in his name.

11   15.    On or about May 7, 2013, SALLIE MAE distributed $40,253.00 to American University
12   as a Parent Plus Loan under the Master Promissory Note for the benefit of SELAINA.

13   16.    On or about January 8, 2014, SELAINA attempted to take out a third loan in
14   PLAINTIFF'S name for $13,000.00.  PLAINTIFF was made aware of this loan and immediately called
15   American University to cancel the loan.  This loan was cancelled and never distributed to American
16   University or SELAINA.

17   17.    On or about December 18, 2014, PLAINTIFF received a letter from NAVIENT, as the
18   loan management subsidiary of SALLIE MAE, regarding payment of the two Parent Plus loans.
19   PLAINTIFF attempted to contact NAVIENT regarding the Parent Plus Loans to determine how the loans
20   were authorized without his consent.

21   18.    On our about May 15, 2015, PLAINTIFF sent a letter to NAVIENT disputing the
22   legitimacy of the Master Promissory Note, and requesting the original Master Promissory Note as well
23   as any information pertaining to the execution of the Master Promissory Note.

24   19.    On or about May 19, 2015, NAVIENT informed PLAINTIFF that before NAVIENT
25   could investigate the legitimacy of the Parent Plus Loans, PLAINTIFF had to fill out an Identity Theft
26   Affidavit and file an Identity Theft Report with the San Diego police department.   Thereafter,
27   PLAINTIFF filed a police report for identity theft.

28   ///

20.     On or about October 5, 2015, PLAINTIFF sent NAVIENT the Identity Theft Affidavit and all related documentation for NAVIENT to open an investigation.

21.     On or about November 12, 2015, NAVIENT sent a letter to PLAINTIFF informing him that NAVIENT could not confirm his claim of identity theft and, therefore, closed the investigation. However, NAVIENT'S investigation only consisted of a few unsuccessful attempts to contact SELAINA. As NAVIENT was unable to contact SELAINA, NAVIENT states PLAINTIFF'S claim of identity theft can not be confirmed.  NAVIENT closed the investigation after only one month and minimal effort.

22.     Despite the foregoing, NAVIENT is now attempting to collect payment on the two Parent Plus Loans from PLAINTIFF in the amount of $50,015.00 before interest.  The first payment is due November 16, 2016.

23.     PLAINTIFF did not apply for the Master Promissory Note, he did not execute the Master Promissory Note, and he did not give SELAINA consent to do so on his behalf.  PLAINTIFF was unaware these loans were being taken out in his name, because SELAINA represented that she was applying for student loans in her name.  Now these loans appear on PLAINTIFF'S credit report and will continue to jeopardize PLAINTIFF'S credit rating as he attempts to rectify the situation.

24.     Further, PLAINTIFF has exhausted his internal remedies with NAVIENT to try to resolve this matter.

### FIRST CAUSE OF ACTION

### (Fraud – Against SELAINA and DOES)

25.     PLAINTIFF hereby re-alleges and incorporates herein by this reference, paragraphs 1 through 24, as though fully set forth herein.

26.     As set forth above, SELAINA willfully and unlawfully used PLAINTIFF'S name, address, driver's license number, and social security number on the Master Promissory Note in order to apply for Parent Plus Loans.

/ / /

/ / /

/ / /

27.     SELAINA fraudulently misrepresented to PLAINTIFF that she was filling out student loan applications for herself and only needed PLAINTIFF'S information because he is her father. PLAINTIFF unknowingly gave his daughter information he believed she needed in order for SELAINA to apply for a loan in her name.

28.     SELAINA then electronically signed PLAINTIFF'S name on the Master Promissory Note without PLAINTIFF'S knowledge or consent.

29.     At no time did SELAINA have PLAINTIFF'S authorization or consent to use his personal identifying information or his signature to obtain these loans.

30.     In conducting the aforementioned activity, SELAINA made fraudulent misrepresentations to SALLIE MAE and/or NAVIENT, namely, forging PLAINTIFF'S electronic signature on the Master Promissory Note regarding her reason for needing PLAINTIFF'S information.  The identity theft protections put in place by SALLIE MAE and/or NAVIENT, if any, to verify electronic signatures was clearly substandard.

31.     In conducting the aforementioned activity, SELAINA made fraudulent misrepresentations to PLAINTIFF and attempted to illegally enter into a contract with SALLIE MAE and/or NAVIENT on behalf of PLAINTIFF.

32.     As a result of the actions of SELAINA, the total amount of loans fraudulently taken out in PLAINTIFF'S name is $50,015.00 before interest.

33.     As a result of the actions of SELAINA, PLAINTIFF has been damaged in the sum of $50,015.00, plus interest, the exact amount to be determined at the time of trial.

34.     The aforementioned conduct of SELAINA was an intentional misrepresentation, deceit, and/or concealment of material facts known made with the intention on the part of SELAINA of depriving PLAINTIFF of property and legal rights or otherwise causing injury, and was despicable conduct that subjected PLAINTIFF to a cruel and unjust hardship in conscious disregard of PLAINTIFF'S rights, so as to justify and award of exemplary and/or punitive damages.

/ / /

/ / /

/ / /

## SECOND CAUSE OF ACTION

### (Cancellation/Rescission of the Parent Plus Loans

### Against SALLIE MAE, NAVIENT and DOES)

35.     PLAINTIFF hereby re-alleges and incorporates herein by this reference, paragraphs 1 through 34, as though fully set forth herein.

36.     As set forth above, on or about April 2012, SELAINA misrepresented her intention of applying for a student loan.  Thereafter, she obtained PLAINTIFF'S personal identifying information, including his driver's licence number and social security number, in order to complete a Master Promissory Note in PLAINTIFF'S name.

37.     On or about April 26, 2012, SELAINA executed, through a forged electronic signature, the Master Promissory Note without PLAINTIFF'S knowledge or consent.  As a result, two Parent Plus loans were obtained in the total amount of $50,015.00 in PLAINTIFF'S name.

38.     The Master Promissory Note is invalid because it is admittedly premised on a transaction with PLAINTIFF that does not exist.  The Master Promissory Note specifically states it is for obtaining one or more Federal Direct PLUS loans as the parent of an undergraduate.  As set forth herein, PLAINTIFF has not agreed to perform anything in relation to the Master Promissory Note and is not a party to the Master Promissory Note.  At all times he believed the information he was providing to SELAINA was so she could apply for a student loan in her name which she would be solely responsible for paying back.

39.     Given the above, PLAINTIFF is entitled to rescission and/or cancellation of the Master Promissory Note and an order from this Court nullifying and voiding the Master Promissory Note and any right of SALLIE MAE and/or NAVIENT on collection of the loan.

## THIRD CAUSE OF ACTION

### (Violation of the California Identity Theft Act

### Against SALLIE MAE, NAVIENT and DOES)

40.     PLAINTIFF hereby re-alleges and incorporates herein by this reference, paragraphs 1 through 39, as though fully set forth herein.

/ / /

41.     As set forth above, SELAINA willfully and unlawfully used PLAINTIFF'S name, address, driver's license number, and social security number to apply for and receive two Parent Plus Loans which were put toward SELAINA'S college tuition.   SELAINA also electronically signed PLAINTIFF'S name on the Master Promissory Note in order to obtain these loans.   At no time did SELAINA have PLAINTIFF'S authorization or consent to use PLAINTIFF'S personal identifying information or his signature to obtain these loans.   As such, PLAINTIFF is a victim of identity theft perpetrated by SELAINA.

42.     SELAINA intentionally used her own cell phone number on the Master Promissory Note instead of PLAINTIFF'S phone number, thereby ensuring any inquiries were directed to her.   At all times, PLAINTIFF understood and believed SELAINA was applying for a student loan under her own name and that she only needed PLAINTIFF'S information because he is her father and she had referenced him in the application.

43.     NAVIENT, as a claimant, purports to have a claim for the money owed on these student loans as the subsidiary of SALLIE MAE through which the Parent Plus Loans were made.   On or about November 12, 2015, NAVIENT stated in a letter to PLAINTIFF that the investigation of PLAINTIFF'S claim of identity theft was closed because NAVIENT could not confirm PLAINTIFF'S claim.   As such, NAVIENT stated it would continue to consider PLAINTIFF responsible for the loan and pursue collection.   NAVIENT has since sent PLAINTIFF updated statements regarding payment.

44.     Pursuant to California Civil Code § 1798.93(a) "a person may bring an action against a claimant to establish that the person is a victim of identity theft in connection with the claimant's claim against that person."

45.     Given the above, PLAINTIFF, as a victim of identity theft, and as such, is entitled to a declaration that he is not obligated to NAVIENT and/or SALLIE MAE on its claim for repayment of the Parent Plus Loans pursuant to California Civil Code § 1798.93(c)(1).

46.     Given the above, PLAINTIFF is entitled to an injunction restraining NAVIENT and/or SALLIE MAE from collection or attempting to collect from PLAINTIFF pursuant to California Civil Code § 1798.93(c)(3).

/ / /

1     47.    Given the above, PLAINTIFF has incurred actual damages, attorneys' fees and costs, and
2  will continue to do so, the exact amount to be determined at the time of trial.

3     48.    Further, NAVIENT was notified by PLAINTIFF on October 5, 2015, of the identity theft.
4  PLAINTIFF also provided NAVIENT with a copy of the identity theft report filled out by the San Diego
5  Police Department. However, after only one month of investigation consisting of only a few attempts
6  to contact SELAINA, NAVIENT informed PLAINTIFF the claim of identity theft cannot be confirmed.
7  No additional actions were taken and no additional facts were discovered by NAVIENT in that month.
8  Thereafter, the investigation was promptly closed.

9     49.    As such, NAVIENT failed to diligently investigate PLAINTIFF'S claim of identity theft
10  and continues to pursue PLAINTIFF for the first payment due November 16, 2016. By reason of the
11  aforementioned conduct, PLAINTIFF is entitled to damages as a civil penalty of up to $30,000.00, the
12  exact amount to be determined at the time of trial pursuant to California Civil Code § 1798.93(c)(6).

<div align="center">

**FOURTH CAUSE OF ACTION**

**(Violation of the California Consumer Credit Reporting Agencies Act**

**Against NAVIENT, SALLIE MAE and DOES)**

</div>

16     50.    PLAINTIFF hereby re-alleges and incorporates herein by this reference, paragraphs 1
17  through 49, as though fully set forth herein.

18     51.    Pursuant to California Civil Code § 1785.25(a) "a person shall not furnish information
19  on a specific transaction or experience to any consumer credit reporting agency if the person knows or
20  should know the information is incomplete or inaccurate." This places a responsibility on the furnisher,
21  NAVIENT, to reasonably investigate disputed information. The California Consumer Credit Reporting
22  Agencies Act ("CCRAA") is substantially based on the Federal Fair Credit Reporting Act ("FCRA")
23  and, as such, the federal provisions are given substantial weight in interpreting the California provisions.
24  (*Olson v. Six Rivers Nat'l Bank* (2003) 111 Cal.App.4th 1, 3). Further, Courts have recognized that
25  section 1785.25(a) is the only substantive provision under the CCRAA that is saved from preemption
26  by the Fair Credit Reporting Act. (*Carvalho v. Equifax Information Services, LLC* (2010) 629 F.3d 876,
27  889). Under the FCRA, a furnisher must conduct a reasonable investigation with respect to disputed
28  information, review all the relevant information provided, and correct any inaccuracies. (*Nelson v.*

1 | *Chase Manhattan Mortg. Corp.* (9th Cir. 2002) 282 F.3d 1057,1059). As set forth above, NAVIENT

2 | has failed to conduct a reasonable investigation.

3 |     52.    SELAINA willfully and unlawfully used PLAINTIFF'S personal identifying information

4 | and electric signature to procure loans through SALLIE MAE. At no time did SELAINA have

5 | PLAINTIFF'S authorization or consent to use PLAINTIFF'S personal identifying information or his

6 | signature to obtain these loans. As such, PLAINTIFF is a victim of identity theft perpetrated by

7 | SELAINA.

8 |     53.    On or about May 15, 2015, PLAINTIFF contacted NAVIENT to inform them that

9 | PLAINTIFF did not sign the Master Promissory Note, nor did PLAINTIFF authorize or consent for

10 | SELAINA to sign on his behalf.

11 |     54.    On or about October 5, 2015 PLAINTIFF provided NAVIENT with all of the required

12 | documentation needed to investigate the claim of identity theft, including his detailed declaration and

13 | the identity theft report filled out by the San Diego Police Department.

14 |     55.    On or about November 12, 2015 NAVIENT informed PLAINTIFF that the claim of

15 | identity theft could not be confirmed and, therefore NAVIENT was closing the investigation. However,

16 | NAVIENT'S investigation lasted only one month and only included a few attempts to contact

17 | SELAINA. No additional actions were taken and no additional facts were discovered by NAVIENT in

18 | that month. Not surprising, as the alleged perpetrator of the identity theft, SELAINA made no effort to

19 | speak to NAVIENT about the loans. Despite being unable to confirm the validity of the Master

20 | Promissory Note or discovery any facts that would refute PLAINTIFF'S allegations made in his Identity

21 | Theft Affidavit, NAVIENT closed the investigation. NAVIENT did not reasonably investigate

22 | PLAINTIFF'S allegations of identity theft.

23 |     56.    Given the above, PLAINTIFF is entitled to an injunction restraining NAVIENT and/or

24 | SALLIE MAE from collection or attempting to collect from PLAINTIFF.

25 |     57.    Given the above, PLAINTIFF has been damaged in the sum of $50,015.00, plus interest,

26 | the exact amount to be determined at the time of trial.

27 |     58.    Given the above, PLAINTIFF has incurred attorneys' fees and costs, and will continue

28 | to do so, the exact amount to be determined at the time of trial.

**FIFTH CAUSE OF ACTION**

**(Declaratory Relief – Against all DEFENDANTS)**

59.    PLAINTIFF hereby re-alleges and incorporates herein by this reference, paragraphs 1 through 58, as though fully set forth herein.

60.    An actual controversy has arisen and now exists between PLAINTIFF and DEFENDANTS relating to the unlawful execution of a Master Promissory Note on April 26, 2012, the issuance by SALLIE MAE of two Parent Plus Loans on April 30, 2012 and May 7, 2013 for the benefit of SELAINA, the failure of NAVIENT to diligently investigate the claim of identity theft, and NAVIENT'S continued pursuit of the claim against PLAINTIFF for repayment of the loans.

61.    PLAINTIFF desires a judicial determination as to the aforementioned issues.

62.    These declarations are necessary and appropriate at this time so PLAINTIFF may ascertain his rights and duties with respect to DEFENDANTS and determine whether DEFENDANTS must pay for PLAINTIFF'S losses as described herein.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays as follows:

**FIRST CAUSE OF ACTION (Fraud)**

1.    For damages of $50,015.00, plus interest, the exact amount to be determined at the time of trial;

2.    For punitive damages, the exact amount to be determined at the time of trial;

3.    For costs of suit herein incurred; and

4.    For such other and further relief as the Court may deem proper.

**SECOND CAUSE OF ACTION (Cancellation/Rescission of the Parent Plus Loans)**

1.    For an order and judgment by this Court that the Master Promissory Note be void and must be delivered and cancelled;

2.    For an order and judgment by this Court that the Master Promissory Note be rescinded;

3.    For attorneys' fees incurred herein;

4.    For costs of suit incurred herein; and

5.    For such other and further relief as this Court may deem proper.

**THIRD CAUSE OF ACTION** (Violation of the California Identity Theft Act)

1.    For a declaration by this Court that PLAINTIFF is not obligated to DEFENDANTS for repayment of the Parent Plus Loans;

2.    For an injunction restraining NAVIENT and/or SALLIE MAE from collection or attempting to collect on the loans from PLAINTIFF;

3.    For damages of up to $30,000.00, the exact amount to be determined at the time of trial;

4.    For costs of suit herein incurred;

5.    For reasonable attorneys' fees; and

6.    For such other and further relief as the Court may deem proper.

**FOURTH CAUSE OF ACTION** (Violation of the California Consumer Credit Reporting Agencies Act)

1.    For an injunction restraining NAVIENT and/or SALLIE MAE from collection or attempting to collect on the loans from PLAINTIFF;

2.    For damages of $50,015.00, plus interest, the exact amount to be determined at the time of trial;

3.    For costs of suit herein incurred;

4.    For reasonable attorneys' fees; and

5.    For such other and further relief as the Court may deem proper.

///
///
///
///
///
///
///
///
///
///

1  **FIFTH CAUSE OF ACTION (Declaratory Relief):**

2      1.    That this Court determine the Master Promissory Note was fraudulently executed;

3      2.    That this Court determine the Master Promissory Note is void and must be delivered and

4            cancelled;

5      3.    That this Court determine that PLAINTIFF is not obligated to DEFENDANTS for

6            repayment of the Parent Plus Loans;

7      4.    That this Court determine NAVIENT and/or SALLIE MAE is estopped from collection

8            or attempting to collect on the loans from PLAINTIFF;

9      5.    For costs of the suit herein incurred;

10     6.    For reasonable attorney's fees; and

11     7.    For such other and further relief as this Court may deem proper

12  Dated: November 16, 2016                     HAMILTON & McINNIS, L.L.P.

13

14                                        By: _____

15                                             Ben-Thomas Hamilton, Attorneys for
                                               Plaintiff, JOHN G. PETROU

16

17

18

19

20

21

22

23

24

25

26

27

28  K:\Clients\Petrou\Pleadings\Complaint.wpd

Petrou v. Navient, et. al                    13                    Case No.
Complaint

# EXHIBIT A

# Direct Loans

**Federal Direct PLUS Loan**
**Application and Master Promissory Note**
**William D. Ford Federal Direct Loan Program**

Warning: Any person who knowingly makes a false statement or misrepresentation on this form or any accompanying document is subject to penalties that may include fines, imprisonment, or both, under the U.S. Criminal Code and 20 U.S.C. 1097

OMB No. 1845-0068
Form Approved
Exp Date 11/30/2013

**SECTION A: BORROWER INFORMATION - TO BE COMPLETED BY ALL BORROWERS.** READ THE INSTRUCTIONS IN SECTION G BEFORE COMPLETING THIS SECTION

**CHECK ONE - I am a:** [ ] Graduate or Professional Student        [X] Parent of a Dependent Undergraduate Student

1. Driver's License State and No.
CA    22012356

2. Social Security No.
552339479

3. Date of Birth (mm-dd-yyyy)
12/08/1956

4. E-mail Address (optional)
johnpetrou777@hotmail.com

5. Name and Permanent Address (see instructions)
PETROU , JOHN G
6067 CASTLETON DRIVE
SAN DIEGO  CA  92117
UNITED STATES

6. Area Code/Telephone No.  7608227084

7. Citizenship Status (to be completed by parent borrowers only – check one)

(1) [X] U.S. Citizen or National

(2) [ ] Permanent Resident/Other Eligible Non-Citizen
If (2), Alien Registration No.

8. Work Area Code/Telephone No.
7608227084

9. Employer's Name and Address
Scripps Hospital
354 Santa Fe Drive
Encinitas , CA  92024  UNITED STATES

10. References: List two persons with different U.S. addresses who do not live with you and who have known you for at least three years. If you are a parent borrower, do not list the student.

| | 1. | 2. |
|---|---|---|
| Name | Christina Petrou | Sandrina Philipe |
| Permanent Street Address | 110 5th street | 6067 Castleton Drive |
| City, State, Zip Code | Encinitas , CA  92024  UNITED STATES | San Diego , CA  92117  UNITED STATES |
| E-Mail Address (optional) | selaine.p@gmail.com | |
| Area Code/Telephone No. | 7608227084 | 8582451571 |
| Relationship to Borrower | MOTHER | Wife |

**SECTION B: SCHOOL INFORMATION - TO BE COMPLETED BY THE SCHOOL**

11. School Name and Address
AMERICAN UNIVERSITY
4400 MASSACHUSETTS AVENUE NW
WASHINGTON , DC  200189020

12. School Code/Branch
G01434

13. Identification No.
626686844N13G01434999

**SECTION C: DEPENDENT UNDERGRADUATE STUDENT INFORMATION - TO BE COMPLETED BY PARENT BORROWERS ONLY**

14. Dependent Undergraduate Student's Name (last, first, middle initial)
Petrou , Selaina A

15. Social Security No.
626686844

16. Date of Birth (mm-dd-yyyy)
02/20/1993

**SECTION D: BORROWER REQUEST, CERTIFICATIONS, AUTHORIZATIONS, AND UNDERSTANDINGS - ALL BORROWERS READ CAREFULLY BEFORE SIGNING BELOW**

17. This is an Application and Master Promissory Note (MPN) for one or more Federal Direct PLUS (Direct PLUS) Loans. I request a Direct PLUS Loan under this MPN in an amount not to exceed my or (if I am a parent borrower) the student's annual cost of attendance, minus other financial aid received for each academic year. For each loan, the school will notify me of the loan amount that I am eligible to borrow. I may cancel a loan or request a lower amount by contacting the school. Additional information about my right to cancel a loan or request a lower amount is included in the Borrower's Rights and Responsibilities Statement and in the disclosure statements that will be provided to me. If I have an adverse credit history and obtain an endorser so that I may receive a Direct PLUS Loan, only one loan may be made to me under this MPN

18. Under penalty of perjury, I certify that

A. The information I have provided on the MPN and as updated by me from time to time is true, complete, and correct to the best of my knowledge and belief and is made in good faith.

B. I am (1) a graduate or professional student, (2) the biological or adoptive parent of the student identified in Section C, or (3) the spouse of the parent and my income and assets were reported on the Free Application for Federal Student Aid (FAFSA), or would be reported if a FAFSA were filed.

C. The proceeds of loans made under this MPN will be used for authorized educational expenses incurred by me or, if I am a parent borrower, by the student. I will immediately repay any loan proceeds that cannot be attributed to educational expenses for attendance on at least a half-time basis at the school that certified my loan eligibility

D. If I owe an overpayment on a Federal Perkins Loan, Federal Pell Grant, Federal Supplemental Educational Opportunity Grant, Academic Competitiveness Grant (ACG), National Science and Mathematics Access to Retain Talent (SMART) Grant, or Leveraging Educational Assistance Partnership Grant, I have made satisfactory arrangements to repay the amount owed

E. If I am in default on any loan received under the Federal Perkins Loan Program (including National Direct Student Loans), the William D. Ford Federal Direct Loan (Direct Loan) Program, or the Federal Family Education Loan (FFEL) Program, I have made satisfactory repayment arrangements with the holder to repay the amount owed

F. If I have been convicted of, or pled nolo contendere (no contest) or guilty to, a crime involving fraud in obtaining funds under Title IV of the Higher Education Act of 1965, as amended (HEA), I have completed the repayment of the funds to the U.S. Department of Education (ED) or to the loan holder in the case of a Title IV federal student loan. (If I am a parent applying for a Direct

PLUS Loan for a dependent undergraduate student, and if that student has been convicted of, or pled nolo contendere or guilty to, a crime involving fraud in obtaining funds under Title IV of the HEA, the student has completed the repayment of the funds to ED, or to the loan holder in the case of a Title IV federal student loan.

19. For each Direct PLUS Loan I receive under this MPN, I make the following authorizations:

I authorize the school to certify my eligibility for the loan

B. For each loan that I receive under this MPN, I authorize ED to investigate my credit record and report information about my loan status to persons and organizations permitted by law to receive that information.

C. I authorize the school to credit my loan proceeds to my account at the school if I am a graduate or professional student borrower and to the student's account if I am a parent borrower

D. I authorize the school to pay to ED any refund that may be due to the full amount of the loan

E. Unless I notify ED differently, I authorize ED to defer repayment of principal on my loan if I enroll at least half time at an eligible school and, if I am a graduate or professional student, for the 6-month period after I cease to be enrolled at least half-time.

F. I authorize the school and ED to release information about my loan to the references on the loan and to members of my immediate family, unless I submit written directions otherwise.

G. I authorize the school, ED, and their agents to release information about my loan to each other

H. I authorize my school, ED, and their respective agents and contractors to contact me regarding my loan request or my loan, including repayment of my loan, at the current or any future number that I provide for my cellular telephone or other wireless device using automated dialing equipment or artificial or prerecorded voice or text messages.

20. I will be given the opportunity to pay the interest that accrues during deferment, forbearance, and other periods as provided under the Act ("the Act" is defined in Section F under Governing Laws), including during in-school deferment periods. Unless I pay the interest, I understand that ED may add unpaid interest that accrues on each loan made under this MPN to the principal balance of that loan (this is called "capitalization") at the end of the deferment, forbearance, or other period. Capitalization will increase the principal balance on my loan and the total amount of interest I must pay.

21. I understand that ED has the authority to verify information reported on this MPN with other federal agencies.

**SECTION E: PROMISE TO PAY - TO BE COMPLETED BY ALL BORROWERS**

22. I promise to pay to ED all loan amounts disbursed under the terms of this MPN, plus interest and other charges and fees that may become due as provided in this MPN. I understand that, if I qualify, more than one loan may be made to me under this MPN for myself or for the student identified in Section C. I understand that by accepting any disbursement issued at any time under this MPN, I agree to repay the loan associated with that disbursement. I understand that, within certain timeframes, I may cancel or reduce the amount of a loan by refusing to accept or by returning all or a portion of any disbursement that is issued. Unless I make interest payments, interest that accrues on my loan during deferment, forbearance, or other periods will be added to the principal balance of the loans as provided under the Act. If I do not make a payment on a loan made under this MPN when it is due, I will also pay reasonable collection costs, including but not limited to attorney fees, court costs, and other fees. I will not sign this MPN before reading the entire MPN, even if I am told not to read it, or told that I am not required to read it. I am entitled to an exact copy of this MPN and the Borrower's Rights and Responsibilities Statement. My signature certifies that I have read, understand, and agree to the terms and conditions of this MPN, including the Borrower Request, Certifications, Authorizations, and Understandings in Section D, the Notice About Subsequent Loans Made Under this MPN in Section F, and the terms and conditions described in Section F of this MPN and in the Borrower's Rights and Responsibilities Statement.

**I UNDERSTAND THAT I MAY RECEIVE ONE OR MORE LOANS UNDER THIS MPN, AND THAT I MUST REPAY ALL LOANS THAT I RECEIVE UNDER THIS MPN.**

23. Borrower's Signature   John G Petrou

24. Today's Date (mm-dd-yyyy)  04/28/2012

# Direct PLUS Loan MPN (continued)

SECTION F: MPN TERMS AND CONDITIONS

## GOVERNING LAW

The terms of this Application and Master Promissory Note (MPN) and any Application and Master Promissory Note (MPN) are in accordance with the Higher Education Act of 1965, as amended (20 U.S.C. 1070 et seq.), the U.S. Department of Education's (ED's) regulations, as they may be amended in accordance with their effective date, and other applicable federal laws and regulations (collectively referred to as the "Act"). Applicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies, and defenses in addition to those stated in this MPN.

## DISCLOSURE OF LOAN TERMS

This MPN applies to Federal Direct PLUS (Direct PLUS) Loans. Under this MPN, the principal amount that I owe, and am required to repay, will be the sum of all disbursements that are made (unless I reduce or cancel any disbursements as explained below under Loan Cancellation), plus any unpaid interest that is capitalized and added to the principal amount.

At or before the time of the first disbursement of each loan, a disclosure statement will be sent to me identifying the amount of the loan and additional terms of the loan. Important additional information is also contained in the Borrower's Rights and Responsibilities Statement accompanying this MPN. The Borrower's Rights and Responsibilities Statement and any disclosure statement I receive in connection with any loan under this MPN are hereby incorporated into this MPN.

I may request additional loan funds to pay for my or the student's educational costs by contacting the school's financial aid office. The school will determine if I am eligible for any additional loan funds. I will be notified of any increase or other change in the amount of my loan.

I understand that each loan made under this MPN is separately enforceable based on a true and exact copy of this MPN. I understand that ED may use a servicer to handle billing and other communications related to my loan.

## LOAN CANCELLATION

I may pay back all or part of a disbursement within the timeframes set by the Act, as explained in the Borrower's Rights and Responsibilities Statement and in a disclosure statement that I will receive. If I return the full loan amount within those timeframes, I will not incur any loan fee or interest charges. If I return part of a disbursement within those timeframes, the loan fee and interest charges will be reduced in proportion to the amount returned.

## INTEREST

Unless ED notifies me in writing of a lower rate, the interest rate for any loan I receive under this MPN is 7.9%.

Interest accrues on the unpaid principal balance of each loan from the date of disbursement until the loan is paid in full. This includes interest that accrues during disbursement, forbearance, or other periods. I agree to pay all interest charges on my loan. I will be given the opportunity to pay the interest that accrues during a period of authorized deferment or forbearance. If I do not pay the interest, I understand that ED may capitalize the interest at the end of the deferment or forbearance, as provided under the Act.

## LOAN FEE

A loan fee of 4% is charged for each Direct PLUS Loan as provided by the Act, and will be deducted proportionately from each disbursement of each of my loans. The loan fee will be shown on disclosure statements that will be issued to me. I understand the loan fee may be refundable only as permitted by the Act.

## LATE CHARGES AND COLLECTION COSTS

ED may collect from me: (1) a late charge of not more than six cents for each dollar of each late payment if I fail to make any part of a required installment payment within 30 days after it becomes due, and (2) any other charges and fees that are permitted by the Act related to the collection of my loans. If I default on my loans, I will pay reasonable collection costs, plus court costs and attorney fees.

## REPAYMENT

I must repay the full amount of the loans made under this MPN, plus accrued interest. I will repay each loan in monthly installments during a repayment period that begins on the day of the final disbursement of that loan. Payments made by me or on my behalf will be applied first to late charges and collection costs that are due, then to interest that has not been paid, and finally to the principal amount of the loan, except during periods of repayment under an Income-Based Repayment Plan, when payments will be applied first to interest that is due, then to fees that are due, and then to the principal amount.

ED will provide me with a choice of repayment plans. Information on these repayment plans is included in the Borrower's Rights and Responsibilities Statement.

ED will provide me with a repayment schedule that identifies my payment amounts and due dates. If I am unable to make my scheduled loan payments, ED may allow me to temporarily stop making payments, reduce my payment amount, or extend the time for making payments, as long as I intend to repay my loan. Allowing me to temporarily delay or reduce loan payments is called forbearance.

ED may adjust payment dates on my loans or may grant me forbearance to eliminate a delinquency that remains even though I am making scheduled installment payments.

I may prepay all or any part of the unpaid balance on my loans at any time without penalty. If I do not specify which loans I am prepaying, ED will determine how to apply the prepayment in accordance with the Act. After I have repaid in full a loan made under this MPN, ED will send me a notice telling me that I have paid off my loan.

## ACCELERATION AND DEFAULT

At ED's option, the entire unpaid balance of a loan made under this MPN will become immediately due and payable (this is called "acceleration") if any one of the following events occurs: (1) I (or the student) do not enroll as at least a half-time student at the school that certified my loan eligibility; (2) I do not use the proceeds of the loan solely for my or the student's educational expenses; (3) I make a false representation that results in my receiving a loan for which I am not eligible; or (4) I default on the loan.

The following events will constitute a default on my loan: (1) I do not pay the entire unpaid balance of the loan after ED has exercised its option under items (1), (2), and (3) in the preceding paragraph; (2) I do not make installment payments when due, provided

my failure has persisted for at least 270 days; or (3) I do not comply with other terms of the loan, and ED reasonably concludes that I no longer intend to honor my repayment obligation. If I default, ED may capitalize all outstanding interest, increasing the principal balance, and the full amount of the loan, including the new principal balance and collection costs, will become immediately due and payable.

If I default, the default will be reported to national consumer reporting agencies and will significantly and adversely affect my credit history. I understand that a default will have additional adverse consequences to me as disclosed in the Borrower's Rights and Responsibilities Statement. Following default, I may be required to repay the loan (including the collection of amounts in excess of the principal and interest) under the Income-Based repayment plan or Income contingent repayment plan in accordance with the Act.

## LEGAL NOTICES

Any notice required to be given to me will be effective if sent by first class mail to the most recent address ED has for me, by electronic means to an address I have provided, or by any other method of notification permitted or required by applicable statute or regulation. I will immediately notify ED of a change of contact information or status as specified in the Borrower's Rights and Responsibilities Statement.

If ED fails to enforce or insist on compliance with any term of this MPN, this does not waive any right of ED. No provision of this MPN may be modified or waived except in writing by ED. If any provision of this MPN is determined to be unenforceable, the remaining provisions will remain in force.

Information about my loans will be submitted to the National Student Loan Data System (NSLDS). Information in NSLDS is accessible to schools, lenders, and guarantors for specific purposes as authorized by ED.

### NOTICE ABOUT SUBSEQUENT LOANS MADE UNDER THIS MPN

This MPN authorizes ED to disburse multiple loans to me to pay my educational expenses or, if I am a parent borrower, the educational expenses of the student identified in Section C during the multi-year term of this MPN, upon my request and upon the school's annual certification of my loan eligibility. If I have an adverse credit history and obtain an endorser to receive a Direct PLUS Loan, only one loan may be made under this MPN.

At schools that are authorized to use the multi-year feature of the MPN and choose to do so, subsequent loans may be made under this MPN for subsequent academic years. At any school, subsequent loans may be made under this MPN for the same academic year.

I understand that no subsequent loans will be made under this MPN after the earliest of the following dates: (1) the date ED or the school receives my written notice that no further loans may be made; (2) one year after the date I sign the MPN or the date ED receives the MPN if no disbursements are made under the MPN, or (3) ten years after the date I sign the MPN or the date ED receives the MPN.

Any change to the Act applies to loans in accordance with the effective date of the change

# Direct PLUS Loan MPN *(continued)*

## SECTION G. INSTRUCTIONS FOR COMPLETING THE MPN

This is a Master Promissory Note (MPN) under which you may receive multiple Direct PLUS Loans for yourself or for the dependent undergraduate student identified in Section C over a maximum ten-year period. ("Dependent" is defined in the Act and is different from the definition used by the Internal Revenue Service.)

ED will perform a credit check with a national consumer reporting agency before approving each loan. If you have an adverse credit history, you may not borrow a Direct PLUS Loan unless you (1) document to ED's satisfaction that there are extenuating circumstances related to the adverse credit history, or (2) obtain an endorser who does not have an adverse credit history. An endorser is someone who agrees to repay the loan if you do not do so. If you are a parent borrower, the endorser may not be the student for whom you are borrowing the loan.

Print using a blue or black ink ballpoint pen or type. Do not use pencil. Report all dates as month-day-year (mm-dd-yyyy). Use only numbers. Example: June 24, 1982 = 06-24-1982.

Some of the items in Sections A and C may have been completed for you. If so, review these items carefully to make sure that the information is correct. Cross out any information that is incorrect and enter the correct information. Put your initials next to any information that you change.

### SECTION A. BORROWER INFORMATION

IMPORTANT: Check the appropriate box to indicate whether you are a Graduate or Professional Student or a Parent of a Dependent Undergraduate Student before completing the Borrower Information section.

Item 1. Enter the two-letter abbreviation for the state that issued your current driver's license, followed by your driver's license number. If you do not have a driver's license, enter N/A.

Item 2. Enter your nine-digit Social Security Number.

Item 3. Enter your date of birth.

Item 4. Enter your preferred e-mail address for receiving communications. You are not required to provide this information. If you do, we may use your e-mail address to communicate with you. If you do not have an e-mail address or do not wish to provide one, enter N/A.

Item 5. Enter your last name, then your first name and middle initial. Enter your permanent address (number, street, apartment number, or rural route number and box number, then city, state, zip code). If your mailing address is a post office box or general delivery, you must list both your street address and your mailing address. If you do not have a permanent street address or rural route number and box number, provide the physical location of your residence. A temporary school address is not acceptable.

Item 6. Enter the area code and telephone number at which you can most easily be reached. (Do not list your work telephone number here.) If you do not have a telephone, enter N/A.

Item 7. Complete this item only if you are a parent borrower. Place a check in the box that corresponds to your citizenship status. If you check box (2), enter your Alien Registration Number.

(1) "U.S. Citizen" includes citizens of the 50 states, the District of Columbia, Puerto Rico, the U.S. Virgin Islands, Guam, and the Northern Mariana Islands. "National" includes not only all U.S. citizens, but also citizens of American Samoa and Swan's Island.

(2) "Permanent Resident" means someone who can provide documentation of this status from the U.S. Citizenship and Immigration Services (USCIS). "Other Eligible Non-Citizen" includes individuals who can provide documentation from the USCIS that they are in the United States for a purpose that is not temporary, with the intention of becoming a citizen or permanent resident. This category includes refugees, persons granted asylum, Cuban-Haitian entrants, temporary residents under the Immigration Reform and Control Act of 1986, and others.

NOTE: If your citizenship status is not one of the categories described above, you are not eligible to receive a Direct PLUS Loan.

Item 8. Enter your employer's name and address (street, city, state, zip code). If you are self-employed, enter the name and address of your business. If you are not employed, enter N/A.

Item 9. Enter your work area code and telephone number. If you are self-employed, enter the area code and telephone number of your business.

Item 10. Enter the requested information for two adults with different U.S. addresses who do not live with you and who have known you for at least three years. If you are a parent borrower, do not list the student for whom you are borrowing as a reference. References who live outside the United States are not acceptable. If a reference does not have a telephone number or e-mail address, or does not wish to provide an e-mail address, enter N/A. If you provide an e-mail address for a reference, ED may use it to communicate with the reference.

### SECTION B. SCHOOL INFORMATION

This section will be completed by the school that certifies your loan eligibility.

### SECTION C. DEPENDENT UNDERGRADUATE STUDENT INFORMATION

Complete this section only if you are a parent borrowing for a dependent undergraduate student.

Item 14. Enter the student's last name, then first name and middle initial.

Item 15. Enter the student's nine-digit Social Security Number.

Item 16. Enter the student's date of birth.

### SECTION D. BORROWER REQUEST, CERTIFICATIONS, AUTHORIZATIONS, AND UNDERSTANDINGS

Items 17, 18, 19, 20, and 21. Read these items carefully.

### SECTION E. PROMISE TO PAY

Item 22. Read this item carefully.

Items 23 and 24. Sign your full legal name, in blue or black ink, and enter the date you signed this MPN.

By signing this MPN, you:

(1) Acknowledge that you have read, understand, and agree to the terms and conditions of the MPN, including the Borrower Request, Certifications, Authorizations, and Understandings in Section D and the accompanying Borrower's Rights and Responsibilities Statement.

(2) Agree to repay in full all loans made under this MPN according to the terms and conditions of the MPN.

# Direct PLUS Loan MPN *(continued)*

SECTION H. IMPORTANT NOTICES

## GRAMM-LEACH-BLILEY ACT NOTICE

In 1999, Congress enacted the Gramm-Leach-Bliley Act (Public Law 106-102). This Act requires that lenders provide certain information to their customers regarding the collection and use of nonpublic personal information.

We disclose nonpublic personal information to third parties only as necessary to process and service your loan and as permitted by the Privacy Act of 1974. See the Privacy Act Notice below. We do not sell or otherwise make available any information about you to any third parties for marketing purposes.

We protect the security and confidentiality of nonpublic personal information by implementing the following policies and practices. All physical access to the sites where nonpublic personal information is maintained is controlled and monitored by security personnel. Our computer systems offer a high degree of resistance to tampering and circumvention. These systems limit data access to our staff and contract staff on a "need-to-know" basis, and control individual users' ability to access and alter records within the systems. All users of these systems are given a unique user ID with personal identifiers. All interactions by individual users with the systems are recorded.

## PRIVACY ACT NOTICE

The Privacy Act of 1974 (5 U.S.C. 552a) requires that the following notice be provided to you:

The authority for collecting the requested information from and about you is §451 *et seq.* of the Higher Education Act (HEA) of 1965, as amended (20 U.S.C. 1087a *et seq.*) and the authorities for collecting and using your Social Security Number (SSN) are §§428B(f) and 484(a)(4) of the HEA (20 U.S.C. 1078-2(f) and 1091(a)(4)) and 31 U.S.C. 7701(b). Participating in the William D. Ford Federal Direct Loan (Direct Loan) Program and giving us your SSN are voluntary, but you must provide the requested information, including your SSN, to participate.

The principal purposes for collecting the information on this form, including your SSN, are to verify your identity, to determine your eligibility to receive a loan or a benefit on a loan (such as a deferment, forbearance, discharge, or forgiveness) under the Direct Loan Program, to permit the servicing of your loan(s), and, if it becomes necessary, to locate you and to collect and report on your loan(s) if your loan(s) become delinquent or in default. We also use your SSN as an account identifier and to permit you to access your account information electronically.

The information in your file may be disclosed, on a case by case basis or under a computer matching program, to third parties as authorized under routine uses in the appropriate systems of records notices. The routine uses of this information include, but are not limited to, its disclosure to federal, state, or local agencies, to private parties such as relatives, present and former employers, business and personal associates, to consumer reporting agencies, to financial and educational institutions, and to guaranty agencies in order to verify your identity, to determine your eligibility to receive a loan or a benefit on a loan, to permit the servicing or collection of your loan(s), to enforce the terms of the loan(s), to investigate possible fraud and to verify compliance with federal student financial aid program regulations, or to locate you if you become delinquent in your loan payments or if you default. To provide default rate calculations, disclosures may be made to guaranty agencies, to financial and educational institutions, or to state agencies. To provide financial aid history information, disclosures may be made to educational institutions. To assist program administrators with tracking refunds and cancellations, disclosures may be made to guaranty agencies, to financial and educational institutions, or to federal or state agencies. To provide a standardized method for educational institutions to efficiently submit student enrollment status, disclosures may be made to guaranty agencies or to financial and educational institutions. To counsel you in repayment efforts, disclosures may be made to guaranty agencies, to financial and educational institutions, or to federal, state, or local agencies.

In the event of litigation, we may send records to the Department of Justice, a court, adjudicative body, counsel, party, or witness if the disclosure is relevant and necessary to the litigation. If this information, either alone or with other information, indicates a potential violation of law, we may send it to the appropriate authority for action. We may send information to members of Congress if you ask them to help you with federal student aid questions. In circumstances involving employment complaints, grievances, or disciplinary actions, we may disclose relevant records to adjudicate or investigate the issues. If provided for by a collective bargaining agreement, we may disclose records to a labor organization recognized under 5 U.S.C. Chapter 71. Disclosures may be made to our contractors for the purpose of performing any programmatic function that requires disclosure of records. Before making any such

disclosure, we will require the contractor to maintain Privacy Act safeguards. Disclosures may also be made to qualified researchers under Privacy Act safeguards.

## FINANCIAL PRIVACY ACT NOTICE

Under the Right to Financial Privacy Act of 1978 (12 U.S.C. 3401-3421), ED will have access to financial records in your student loan file maintained in compliance with the administration of the Direct Loan Program.

## PAPERWORK REDUCTION NOTICE

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a currently valid OMB control number. The valid OMB control number for this information collection is 1845-0068. The time required to complete this information collection is estimated to average 0.5 hours (30 minutes) per response, including the time to review instructions, search existing data sources, gather and maintain the data needed, and complete and review the information. If you have any comments concerning the accuracy of the time estimate(s) or suggestions for improving the form, please write to: U.S. Department of Education, Washington, DC 20202-4537. If you have any comments or concerns regarding the status of *your individual submission* of this form, write directly to:

U.S. Department of Education
Common Origination and Disbursement School Relations Center
Attn: Applicant Services
PO Box 9002
Niagara Falls, NY 14302

## William D. Ford Federal Direct Loan Program
## Direct PLUS Loan Borrower's Rights and Responsibilities Statement

*Important Notice: This Borrower's Rights and Responsibilities Statement provides additional information about the terms and conditions of the loans you receive under the accompanying Federal Direct PLUS Loan Application and Master Promissory Note (MPN). Please keep this Borrower's Rights and Responsibilities Statement for your records. You may request another copy of this Borrower's Rights and Responsibilities Statement at any time by contacting your servicer.*

*Throughout this Borrower's Rights and Responsibilities Statement, the words "we," "us," and "our" refer to the U.S. Department of Education. The word "loan" refers to one or more loans made under the Direct PLUS Loan MPN.*

*[Note to Endorser: An endorser is someone who agrees to repay a Direct PLUS Loan if the borrower does not repay the loan. If you are the endorser of a Direct PLUS Loan, you are not entitled to all of the same benefits as a Direct PLUS Loan borrower, and not all of the terms and conditions of a Direct PLUS Loan apply to you. However, you should read the entire Borrower's Rights and Responsibilities Statement. We have highlighted important information that applies to you as an endorser.]*

**1.  The William D. Ford Federal Direct Loan Program.** The William D. Ford Federal Direct Loan (Direct Loan) Program includes the following types of loans, known collectively as "Direct Loans":

- Federal Direct Stafford/Ford Loans (Direct Subsidized Loans)
- Federal Direct Unsubsidized Stafford/Ford Loans (Direct Unsubsidized Loans)
- Federal Direct PLUS Loans (Direct PLUS Loans)
- Federal Direct Consolidation Loans (Direct Consolidation Loans)

The Direct Loan Program is authorized by Title IV, Part D, of the Higher Education Act of 1965, as amended, 20 U.S.C. 1070 *et seq* (HEA).

Direct Loans are made by the U.S. Department of Education. We contract with servicers to service, answer questions about, and process payments on Direct Loans. We will provide you with the address and telephone number of your servicer after the school notifies us that the first disbursement of your loan has been made.

**2.  Laws that apply to this MPN.** The terms and conditions of loans made under the MPN are determined by the HEA and other applicable federal laws and regulations. These laws and regulations are referred to as "the Act" throughout this Borrower's Rights and Responsibilities Statement. State law, unless it is preempted by federal law, may provide you with certain rights, remedies, and defenses in addition to those stated in the MPN and this Borrower's Rights and Responsibilities Statement.

**NOTE:** Any change to the Act applies to loans in accordance with the effective date of the change.

**3.  Direct PLUS Loans.** Direct PLUS Loans are loans made to graduate or professional students or to parents of dependent undergraduate students to help pay for the cost of education beyond high school.  To be eligible for a Direct PLUS Loan:

- You must be a graduate or professional student or the biological or adoptive parent of the dependent undergraduate student for whom you are borrowing.  If you are the spouse of the dependent undergraduate student's parent, you may borrow a Direct PLUS Loan if your income and assets were reported on the Free Application for Federal Student Aid (FAFSA), or would be reported if a FAFSA were filed.
- You, and if you are a parent borrower your child, must be a U.S. citizen or national, a permanent resident of the United States, or an otherwise eligible non-citizen.
- You, and if you are a parent borrower your child, must not be in default on a federal education loan or owe an overpayment on a federal education grant, and must not have been convicted of, or pled nolo contendere (no contest) or guilty to, a crime involving fraud in obtaining funds under the Act
- You must not have an adverse credit history (unless you meet certain other requirements – see below).
- You; or if you are a parent borrower your child, must be enrolled at least half time at a school that participates in the Direct PLUS Loan Program.

We will check your credit history each time you request a Direct PLUS Loan.  If you have an adverse credit history, you may not borrow a Direct PLUS Loan unless you (1) document to our satisfaction that there are extenuating circumstances related to the adverse credit history, or (2) obtain an endorser who does not have an adverse credit history.  An endorser is someone who agrees to repay the Direct PLUS Loan if you do not do so.  If you are a parent borrower, the endorser of a Direct PLUS Loan may not be the student for whom you are borrowing the loan.

If you are a graduate or professional student, you must complete a Free Application for Federal Student Aid (FAFSA) and your school must determine your eligibility for the maximum annual Direct Subsidized Loan and Direct Unsubsidized Loan amounts before you apply for a Direct PLUS Loan.

If you have questions about your eligibility for a Direct PLUS Loan, contact the financial aid office at the school you or, if you are a parent borrower, the student attend or are planning to attend.

**4.  About the MPN.** You may receive more than one loan under this MPN over a period of up to 10 years to pay for your educational costs (if you are a graduate or professional student borrower) or for the educational costs of the student identified in Section C of the MPN (if you are a parent borrower), as long as the school is authorized to use the multi-year feature of the MPN and chooses to do so.

If the school is not authorized to use the multi-year feature of the MPN or chooses not to do so, or if you do not want to receive more than one loan under this MPN, you must sign a new MPN for each loan that you receive.  If you do not want to receive more than one loan under this MPN, you must notify the school or your servicer in writing.

If we determine that you have an adverse credit history and you obtain an endorser (see item 3, "Direct PLUS Loans"), you may receive only one loan under this MPN.  If you later want to receive another Direct PLUS Loan, you must sign a new MPN.  If you receive a loan under this MPN without an endorser, but are later determined to have an adverse credit history and obtain an endorser for a future Direct PLUS Loan, you will have to sign a new MPN for that loan.

**5.  Direct PLUS Loans and eligibility for other financial aid.** If you borrow a Direct PLUS Loan, this may affect your eligibility for other financial aid.  Therefore, we suggest that you contact the school's financial aid office to determine eligibility for grants, work-study funds, or other forms of federal, state and private student aid that do not have to be repaid before you apply for a Direct PLUS Loan.

**6.  Use of your loan money.** You may use the loan money you receive only to pay for your authorized educational expenses or, if you are a parent borrower, for the student's authorized educational expenses for attendance at the school that determined you were eligible to receive the loan. Authorized expenses include the following:

- Tuition
- Room
- Board
- Institutional fees
- Books
- Supplies
- Equipment
- Dependent child care expenses
- Transportation
- Commuting expenses
- Rental or purchase of a personal computer
- Loan fees
- Other documented, authorized costs

**7.  Information you must report to us after you receive your loan.** You must notify your servicer and/or the financial aid office at the school about certain changes.

Until you or (if you are a parent borrower) the student graduate or otherwise leave school, you must notify the school's financial aid office if:

- You change your address or telephone number;
- You change your name (for example, maiden name to married name);
- You or (if you are a parent borrower) the student –
  - Do not enroll at least half time for the loan period certified by the school, or
  - Do not enroll at the school that determined you were eligible to receive the loan;

## William D. Ford Federal Direct Loan Program
## Direct PLUS Loan Borrower's Rights and Responsibilities Statement

- You or (if you are a parent borrower) the student stop attending school or drop below half-time enrollment;
- You or (if you are a parent borrower) the student transfer from one school to another school; or
- You or (if you are a parent borrower) the student graduate.

You must also notify your servicer if any of the above events occur at any time after you receive your loan. In addition, you must notify your servicer if you:

- Change your employer, or your employer's address or telephone number changes; or
- Have any other change in status that would affect your loan (for example, if you receive a deferment while you are unemployed, but you find a job and therefore no longer meet the eligibility requirements for the deferment).

*Note to Endorser* You must notify your servicer if you change your address, telephone number, name, or employer, or if your employer's address or telephone number changes.

**8.** **Amount you may borrow.** For each academic year, you may borrow up to – but not more than – the amount of your estimated cost of attendance (if you are a graduate or professional student borrower) or the student's estimated cost of attendance (if you are a parent borrower), minus the amount of any other financial aid received for that academic year. The school determines the cost of attendance using federal guidelines. It is important not to borrow more than you can afford to repay, even if you are eligible to borrow more.

**9.** **Interest rate.** The interest rate on a Direct PLUS Loan is a fixed rate of 7.9%. If you qualify under the Servicemembers Civil Relief Act, the interest rate on your loans obtained prior to military service may be limited to 6% during your military service. To receive this benefit, you must contact your servicer for information about the documentation you must provide to show that you qualify.

*Note to Endorser:* You are eligible for the reduced interest rate described above based on the borrower's military service or your own military service, but only for a Direct PLUS Loan for which you signed an Endorser Addendum prior to the earlier of the beginning date of the borrower's military service or the beginning date of your military service.

**10.** **Payment of interest.** Except as provided below for borrowers who serve in the military, interest accrues on each Direct PLUS Loan that you receive from the date the loan is first disbursed until it is repaid in full, including during periods of deferment or forbearance. If you do not pay the interest as it accrues (for example, during an in-school interval), we will add it to the unpaid principal amount of your loan. This is called "capitalization." Capitalization increases the unpaid principal balance of your loan, and interest then accrues on the increased principal

amount. We capitalize unpaid interest when you resume repayment after periods of deferment or forbearance. We may also capitalize unpaid interest that has accrued since the first disbursement of your loan when you enter repayment for the first time.

Under the no accrual of interest benefit for active duty service members, we do not charge interest on Direct Loan Program Loans first disbursed on or after October 1, 2008 during periods of qualifying active duty military service (for up to 60 months).

The chart that follows shows the difference in the total amount you would repay on a $15,000 Direct PLUS Loan if you pay the interest as it is charged during a 12-month deferment or forbearance period, compared to the amount you would repay if you do not pay the interest and it is capitalized. In this example, you would pay $15 less per month and $1,718 less altogether if you pay the interest as it is charged during a 12-month deferment or forbearance period.

|  | If you pay the interest as it is charged... | If you do not pay the interest and it is capitalized... |
|---|---|---|
| Loan Amount | $15,000 | $15,000 |
| Capitalized Interest for 12 Months (at the rate of 7.9%) | $0 | $1,185 |
| Principal to be Repaid | $15,000 | $16,185 |
| Monthly Payment (Standard Repayment Plan) | $181 | $196 |
| Number of Payments | 120 | 120 |
| Total Amount Repaid | $21,744 | $23,462 |

You may be able to claim a federal income tax deduction for interest payments you make on Direct Loans. For further information, refer to IRS Publication 970, which is available at http://www.irs.ustreas.gov.

**11.** **Loan fee.** We charge a loan fee of 4% of the principal amount of each loan you receive. This fee will be subtracted proportionately from each disbursement of your loan. The loan fee will be shown on a disclosure statement that we send to you.

**12.** **Repayment Incentive programs.** A repayment incentive is a benefit that we offer to encourage you to repay your loan on time. Under a repayment incentive program, the interest rate we charge on your loan may be reduced. Some repayment incentive programs require you to make a certain number of payments on time to keep the reduced interest rate. The two repayment incentive programs described below may be available to you. Your servicer can provide you with more information on other

repayment incentive programs that may be available.

*(1) Interest Rate Reduction for Automatic Withdrawal of Payments*

Under the automatic withdrawal option, your bank automatically deducts your monthly loan payment from your checking or savings account and sends it to us. Automatic withdrawal helps to ensure that your payments are made on time. In addition, you receive a 0.25% interest rate reduction while you repay under the automatic withdrawal option. We will include information about the automatic withdrawal option in your first bill. You can also get the information on your servicer's web site, or by calling your servicer. Your servicer's web site address and toll-free telephone number are provided on all correspondence that your servicer sends you.

*(2) Up-Front Interest Rebate*

You may receive an up-front interest rebate on your Direct PLUS Loan. The rebate is equal to a percentage of the loan amount that you borrow. This is the same amount that would result if the interest rate on your loan were lowered by a specific percentage, but you receive the rebate up front. The correspondence that you receive about your loan will tell you if you received an up-front interest rebate.

To keep an up-front interest rebate that you receive on your loan, you must make all of your first 12 required monthly payments on time when your loan enters repayment. "On time" means that we must receive each payment no later than 6 days after the due date.

You will lose the rebate if you do not make all of your first 12 required monthly payments on time. If you lose the rebate, we will add the rebate amount back to the principal balance on your loan account. This will increase the amount that you must repay.

**13.** **Disbursement (how your loan money will be paid out).** Generally, the school will disburse (pay out) your loan money in more than one installment, usually at the beginning of each academic term (for example, at the beginning of each semester or quarter). If the school does not use academic terms or does not have academic terms that meet certain requirements, it will generally disburse your loan in at least two installments, one at the beginning of the period of study for which you are receiving the loan, and one at the midpoint of that period of study.

The school may disburse some or all of your loan money by crediting it to your account at the school (if you are a graduate or professional student borrower) or to the student's account at the school (if you are a parent borrower), or may give it to you directly by check or other means. Your servicer will notify you in writing each time the school disburses part of your loan money.

If you are a graduate or professional student and have not previously received a Direct PLUS Loan or a Federal PLUS Loan under the Federal Family Education Loan (FFEL) Program, you must

## William D. Ford Federal Direct Loan Program
## Direct PLUS Loan Borrower's Rights and Responsibilities Statement

receive entrance counseling before your school can make the first disbursement of your loan.

If the school credits your loan money to your or the student's account and the amount credited is more than the amount of the tuition and fees, room and board, and other authorized charges, the excess amount is called a credit balance.

Unless you authorize the school to hold the credit balance for you, the school must pay you the credit balance within the following timeframes:

- If the credit balance occurs after the first day of class of a payment period (the school can tell you this date), the school must pay you the credit balance no later than 14 days after the date the balance occurs.
- If the credit balance occurs on or before the first day of class of a payment period, the school must pay you the credit balance no later than 14 days after the first day of class of the payment period.

If you are a parent borrower, you may authorize the school to pay the credit balance to the student.

**14. Canceling your loan.** Before your loan money is disbursed, you may cancel all or part of your loan at any time by notifying the school. After your loan money is disbursed, there are two ways to cancel all or part of your loan:

- If the school obtains your written confirmation of the types and amounts of Title IV loans that you want to receive for an award year before crediting loan money to your or the student's account at the school, you may tell the school that you want to cancel all or part of that loan within 14 days after the date the school notifies you of your right to cancel all or part of the loan, or by the first day of the school's payment period, whichever is later (the school can tell you the first day of the payment period). If the school does not obtain your written confirmation of the types and amounts of loans you want to receive before crediting the loan money to your or the student's account, you may cancel all or part of that loan by informing the school within 30 days of the date the school notifies you of your right to cancel all or part of the loan. In either case, the school will return the canceled loan amount to us.

If you ask the school to cancel all or part of your loan outside the timeframes described above, the school may process your cancellation request, but it is not required to do so.

- Within 120 days of the date the school disburses your loan money (by crediting the loan money to your or the student's account at the school, by paying it directly to you, or both), you may return all or part of your loan to us. Contact your servicer for guidance on how and where to return your loan money.

You do not have to pay interest or the loan fee on the part of your loan that is cancelled or returned within the timeframes described above, and if you received an up-front interest rebate, the rebate

does not apply. Your loan will be adjusted to eliminate any interest, loan fee, and rebate amount that applies to the amount of the loan that is cancelled or returned.

**15. Repaying your loan.** The repayment period for each Direct PLUS Loan made under this MPN begins on the date of the final disbursement for that loan. This means that the repayment period for each loan you receive under this MPN will begin on a different date. Unless you receive a deferment or forbearance (see Item 21), your first payment on each loan will be due within 60 days of the final disbursement of that loan. Your servicer will notify you of the date your first payment is due.

You must make payments on your loan even if you do not receive a bill or repayment notice.

Unless otherwise restricted by loan type, you must repay all of your Direct Loans under the same repayment plan. You may choose one of the following repayment plans to repay your Direct PLUS Loan:

- **Standard Repayment Plan** – Under this plan, you will make fixed monthly payments and repay your loan in full within 10 years (not including periods of deferment or forbearance) from the date the loan entered repayment. Your payments must be at least $50 a month ($600 a year) and will be more, if necessary, to repay the loan within the required time period.

- **Graduated Repayment Plan** – Under this plan, you will usually make lower payments at first, and your payments will gradually increase over time. You will repay your loan in full within 10 years (not including periods of deferment or forbearance) from the date the loan entered repayment. No single payment will be more than three times greater than any other payment.

- **Extended Repayment Plan** – Under this plan, you will repay your loan in full over a period not to exceed 25 years (not including periods of deferment or forbearance) from the date the loan entered repayment. You may choose to make fixed monthly payments or graduated monthly payments that start out lower and gradually increase over time. Your payments must be at least $50 a month ($600 a year) and will be more, if necessary, to repay the loan within the required time period. You are eligible for this repayment plan only if (1) you had no outstanding balance on a Direct Loan Program loan as of October 7, 1998 or on the date you obtained a Direct Loan Program loan after October 7, 1998, and (2) you have an outstanding balance on Direct Loan Program loans that exceeds $30,000.

The chart at the end of this Borrower's Rights and Responsibilities Statement ("Repaying Your Loans") allows you to estimate the monthly and total amounts you would repay under the Standard, Graduated, and Extended Repayment Plans for various initial loan amounts.

The following additional repayment plans are available to graduate and professional student Direct PLUS Loan borrowers (parent Direct PLUS Loan borrowers may not repay their loans under these plans):

- **Income Contingent Repayment (ICR) Plan** – Under this plan, your monthly payment amount will be based on your annual income (and that of your spouse if you are married), your family size, and the total amount of your Direct Loans. Until we obtain the information needed to calculate your monthly payment amount, your payment will equal the amount of interest that has accrued on your loan unless you request forbearance. As your income changes, your payments may change. If you do not repay your loan after 25 years under this plan, the unpaid portion will be forgiven. You may have to pay income tax on any amount forgiven. An ICR Plan calculator is available at www.direct.ed.gov. The calculator estimates your initial ICR Plan payment amount and the total amount you would repay under the ICR Plan. The calculator is for informational purposes only. Your servicer will make the official determination of your payment amount.

- **Income-Based Repayment (IBR) Plan** – Under this plan, your required monthly payment amount will be based on your income during any period when you have a partial financial hardship. Your monthly payment amount may be adjusted annually. The maximum repayment period under this plan may exceed 10 years. If your loan is not repaid in full after you have made the equivalent of 25 years of qualifying monthly payments and at least 25 years have elapsed, you may qualify for cancellation of any outstanding balance on your loans. To initially qualify for this plan and to continue to make income-based payments, you must have a partial financial hardship. An IBR Plan calculator is available at www.direct.ed.gov. The calculator evaluates your eligibility for the IBR Plan and estimates your initial IBR Plan payment amount. The calculator is for informational purposes only. Your servicer will make the official determination of your eligibility and payment amount.

If you are a graduate or professional student, these repayment plans will be explained in more detail during your exit counseling session.

Under each plan, the number or amount of payments may need to be adjusted to reflect capitalized interest and/or new loans made to you.

If you can show to our satisfaction that the terms and conditions of the above repayment plans are not adequate to meet your exceptional circumstances, we may provide you with an alternative repayment plan.

If you do not choose a repayment plan, we will place you on the Standard Repayment Plan.

## William D. Ford Federal Direct Loan Program
## Direct PLUS Loan Borrower's Rights and Responsibilities Statement

You may change repayment plans at any time after you have begun repaying your loan. However, you may not change to a different repayment plan that has a maximum repayment period of less than the number of years your loan has already been in repayment, except that you may change to the ICR Plan or the IBR Plan at any time. If you wish to leave the ISR Plan, you must repay under the Standard Repayment Plan. There is no penalty if you make loan payments before they are due, or pay more than the amount due each month.

> **Note to Endorser:** If you are making payments on the borrower's Direct PLUS Loan, you may request a change of repayment plans by contacting your servicer.

Except for payments made under the IBR Plan, we apply your payments and prepayments in the following order: (1) late charges and collection costs, (2) outstanding interest, and (3) outstanding principal. For payments made under the IBR Plan, we apply your payments in the following order: (1) outstanding interest, (2) late charges and collection costs, and (3) outstanding principal.

When you have repaid a loan in full, your servicer will send you a notice telling you that you have paid off your loan. You should keep this notice in a safe place.

**16. Transfer of loan.** ED may transfer one or all of your loans to another servicer without your consent. If the address to which you must send payments or direct communications changes, you will be notified of the new servicer's name, address and telephone number, the effective date of the transfer, and the date when you must begin sending payments or directing communications to that servicer. Transfer of a loan to a different servicer does not affect your rights and responsibilities under that loan.

**17. Late charges and collection costs.** If you do not make any part of a payment within 30 days after it is due, we may require you to pay a late charge. This charge will not be more than six cents for each dollar of each late payment. If you do not make payments as scheduled, we may also require you to pay other charges and fees involved in collecting your loan.

**18. Demand for immediate repayment.** The entire unpaid amount of your loan becomes due and payable (this is called "acceleration") if you:

- Receive loan money, but you or the student for whom you obtained the loan do not enroll at least half time at the school that determined you were eligible to receive the loan;
- Use your loan money to pay for anything other than expenses related to your or the student's education at the school that determined you were eligible to receive the loan;
- Make a false statement that causes you to receive a loan that you are not eligible to receive; or
- Default on your loan.

**19. Defaulting on your loan.** Default (failing to repay your loan) is defined in detail in the Terms and Conditions section of your MPN. If you default:

- We will require you to immediately repay the entire unpaid amount of your loan.
- We may sue you, take all or part of your federal tax refund or other federal payments, and/or garnish your wages so that your employer is required to send us part of your salary to pay off your loan.
- We will require you to pay reasonable collection fees and costs, plus court costs and attorney fees.
- You will lose eligibility for other federal student aid and assistance under most federal benefit programs.
- You will lose eligibility for loan deferments.

> **Note to Endorser:** If the borrower defaults on the loan, and you do not make payments on the loan, you may also be subject to the actions described above.

- We will also report your default to national consumer reporting agencies (see item 20, "Consumer reporting agency notification").

**20. Consumer reporting agency notification.** We will report information about your loan to national consumer reporting agencies on a regular basis. This information will include the disbursement dates, amount, and repayment status of your loan (for example, whether you are current or delinquent in making payments). Your loan will be identified as an education loan.

If you default on a loan, we will also report this to national consumer reporting agencies. We will notify you at least 30 days in advance that we plan to report default information to a consumer reporting agency unless you resume making payments on the loan within 30 days of the date of the notice. You will be given a chance to ask for a review of the debt before we report it.

If a consumer reporting agency contacts us regarding objections you have raised about the accuracy or completeness of any information we have reported, we are required to provide the agency with a prompt response.

> **Note to Endorser:** If the borrower of a Direct PLUS Loan becomes delinquent in making payments or defaults on the loan, we may also report your name to consumer reporting agencies in connection with the delinquent or defaulted loan.

**21. Deferment and forbearance** (postponing payments). If you meet certain requirements, you may receive a deferment that allows you to temporarily stop making payments on your loan. If you cannot make your scheduled loan payments, but do not qualify for a deferment, we may give you a forbearance. A forbearance allows you to temporarily stop making payments on your loan, temporarily make smaller payments, or extend the time for making payments.

**Deferment**

You may receive a deferment: -

- While you are enrolled at least half time at an eligible school;
- During the 6-month period after you cease to be enrolled at least half time;
- While the student for whom you obtained a Direct PLUS Loan is enrolled at least half time at an eligible school;
- During the 6-month period after the student for whom you obtained a loan ceases to be enrolled at least half time;
- While you are in a full-time course of study in a graduate fellowship program;
- While you are in an approved full-time rehabilitation program for individuals with disabilities;
- While you are unemployed (for a maximum of three years; you must be diligently seeking, but unable to find, full-time employment);
- While you are experiencing an economic hardship (including Peace Corps service) as determined under the Act (for a maximum of three years);
- While you are serving on active duty during a war or other military operation or national emergency or performing qualifying National Guard duty during a war or other military operation or national emergency and, if you were serving on or after October 1, 2007, for an additional 180-day period following the demobilization date for your qualifying service; or
- If you are a member of the National Guard or other reserve component of the U.S. Armed Forces (current or retired) and you are called or ordered to active duty while you are enrolled at least half time at an eligible school or within 6 months of having been enrolled at least half time, during the 13 months following the conclusion of your active duty service, or until you return to enrolled student status on at least a half-time basis, whichever is earlier.

You may be eligible to receive additional deferments if, at the time you received your first Direct Loan, you had an outstanding balance on a loan made under the FFEL Program before July 1, 1993. If you meet this requirement, contact your servicer for information about additional deferments that may be available.

You may receive a deferment while you are enrolled in school on at least a half-time basis (and, if you are a graduate or professional student, during the 6-month period after you cease to be enrolled at least half time) if (1) you submit a deferment request form to your servicer along with documentation of your eligibility for the deferment, or (2) your servicer receives information from the school you are attending that indicates you are enrolled at least half time. If your servicer processes a deferment based on information received from your school, you will be notified of the deferment and will have the option of cancelling the deferment and continuing to make payments on your loan.

For all other deferments, you (or, for a deferment based on active military duty or qualifying National Guard duty during a war or other military operation

**William D. Ford Federal Direct Loan Program**
**Direct PLUS Loan Borrower's Rights and Responsibilities Statement**

or national emergency, your representative) must submit a deferment request form to your servicer, along with documentation of your eligibility for the deferment. In certain circumstances, you may not be required to provide documentation of your eligibility if your servicer confirms that you have been granted the same deferment for the same time period on a FFEL Program loan. Your servicer can provide you with a deferment request form that explains the eligibility and documentation requirements for the type of deferment you are requesting. You may also obtain deferment request forms and information on deferment eligibility requirements from your servicer's web site.

If you are in default on your loan, you are not eligible for a deferment.

You are responsible for paying the interest on a Direct PLUS Loan during a period of deferment.

> **Note to Endorser:** You are not eligible for a deferment.

**Forbearance**

We may give you a forbearance if you are temporarily unable to make your scheduled loan payments for reasons including, but not limited to, financial hardship and illness.

We will give you a forbearance if:

- You are serving in a medical or dental internship or residency program, and you meet specific requirements;
- The total amount you owe each month for all of the student loans you received under Title IV of the Act is 20% or more of your total monthly gross income (for a maximum of three years);
- You are serving in a national service position for which you receive a national service award under the National and Community Service Trust Act of 1993. In some cases, the interest that accrues on a qualified loan during the service period will be paid by the Corporation for National and Community Service;
- You qualify for partial repayment of your loans under the Student Loan Repayment Program, as administered by the Department of Defense; or
- You are called to active duty in the U.S. Armed Forces.

To request a forbearance, contact your servicer. Your servicer can provide you with a forbearance request form that explains the eligibility and documentation requirements for the type of forbearance you are requesting. You may also obtain forbearance request forms and information on forbearance eligibility requirements from your servicer's web site.

Under certain circumstances, we may also give you a forbearance without requiring you to submit a request or documentation. These circumstances include, but are not limited to, the following:

- Periods necessary for us to determine your eligibility for a loan discharge;

- A period of up to 60 days in order for us to collect and process documentation related to your request for a deferment, forbearance, change in repayment plan, or consolidation loan (we do not capitalize the interest that is charged during this period);
- Periods when you are involved in a military mobilization, or a local or national emergency; or
- Periods necessary to align repayment of Direct PLUS Loans that do not qualify for a 6-month post-enrollment deferment with other Direct PLUS Loans that qualify for this deferment, or with Direct Subsidized Loans and Direct Unsubsidized Loans that have a grace period. Contact your servicer for more information.

You are responsible for paying the interest on a Direct PLUS Loan during a period of forbearance.

> **Note to Endorser:** Although you are not eligible to receive a deferment, you may receive a forbearance.

**22. Discharge** (having your loan forgiven). We will discharge (forgive) your loan if:

- You die, or the student for whom you borrowed a Direct PLUS Loan dies. Your servicer must receive acceptable documentation of your or the student's death.
- Your loan is discharged in bankruptcy. However, federal student loans are not automatically discharged if you file for bankruptcy. In order to have your loan discharged in bankruptcy, you must prove to the bankruptcy court that repaying the loan would cause undue hardship.
- You become totally and permanently disabled (as defined in the Act) and meet certain other requirements.

In certain cases, we may also discharge all or a portion of your loan if:

- You (or the student) could not complete a program of study because the school closed;
- Your loan eligibility was falsely certified by the school;
- A loan in your name was falsely certified as a result of a crime of identity theft; or
- The school did not pay a refund of your loan money that it was required to pay under federal regulations.

A public service loan forgiveness program is also available. Under this program, the remaining balance due on your eligible Direct Loan Program loans may be cancelled after you have made 120 payments on those loans (after October 1, 2007) under certain repayment plans while you are employed in certain public service jobs.

The Act may provide for certain loan forgiveness or repayment benefits on your loans in addition to the benefits described above. If other forgiveness or repayment options become available, your servicer will provide information about these benefits.

To request loan discharge or forgiveness based on one of the conditions described above (except

for discharge due to death or bankruptcy), you must complete an application that you may obtain from your servicer.

In some cases you may assert, as a defense against collection of your loan, that the school did something wrong or failed to do something that it should have done. You can make such a defense against repayment only if the school's act or omission directly relates to your loan or to the educational services that the loan was intended to pay for, and if what the school did or did not do would give rise to a legal cause of action against the school under applicable state law. If you believe that you have a defense against repayment of your loan, contact your servicer.

We do not guarantee the quality of the academic programs provided by schools that participate in federal student financial aid programs. You must repay your loan even if you or (if you are a parent borrower) the student do not complete the education paid for with the loan, are unable to obtain employment in the field of study for which the school provided training, or are dissatisfied with, or do not receive, the education paid for with the loan.

> **Note to Endorser:** If we discharge the full amount of the borrower's loan for any of the conditions described above, you are no longer obligated to make any payments on the loan. However, if a loan is reinstated after a discharge, you will again be obligated to make payments on the loan if the borrower does not make payments.

**23. Loan consolidation.** A Direct Consolidation Loan Program is available that allows you to consolidate one or more of your eligible federal education loans into a new loan with a single monthly payment, and may allow you to extend the period of time that you have to repay your loans. This may make it easier for you to repay your loans. However, you will pay more interest if you extend your repayment period through consolidation, since you will be making payments for a longer period of time. Contact your servicer for more information about loan consolidation.

> **Note to Endorser:** You are not eligible to apply for a Direct Consolidation Loan to repay a Direct PLUS Loan for which you are the endorser.

**24. Department of Defense and other federal agency loan repayment.** Under certain circumstances, military personnel may have their federal education loans repaid by the Secretary of Defense. This benefit is offered as part of a recruitment program that does not apply to individuals based on their previous military service or to those who are not eligible for enlistment in the U.S. Armed Forces. For more information, contact your local military service recruitment office.

Other agencies of the federal government may also offer student loan repayment programs as an incentive to recruit and retain employees. Contact the agency's human resources department for more information.

*Page 9 of 10*

## William D. Ford Federal Direct Loan Program
### Direct PLUS Loan Borrower's Rights and Responsibilities Statement

#### Repaying Your Loans[1]

| Initial Debt When You Enter Repayment | Standard | | Graduated | | Extended[3] | |
|---|---|---|---|---|---|---|
| | Per Month | Total | Per Month[2] | Total | Per Month | Total |
| $2,500 | 50 | 3,042 | 25 | 3,746 | Not Available | Not Available |
| $5,000 | 60 | 7,248 | 42 | 7,694 | Not Available | Not Available |
| $7,500 | 91 | 10,872 | 63 | 11,543 | Not Available | Not Available |
| $10,000 | 121 | 14,496 | 84 | 15,388 | Not Available | Not Available |
| $15,000 | 181 | 21,744 | 127 | 23,083 | Not Available | Not Available |
| $20,000 | 242 | 28,992 | 169 | 30,778 | Not Available | Not Available |
| $25,000 | 302 | 36,240 | 211 | 38,472 | Not Available | Not Available |
| $30,000 | 362 | 43,488 | 253 | 46,166 | Not Available | Not Available |
| $35,000 | 423 | 50,736 | 295 | 53,859 | 288 | 80,346 |
| $40,000 | 483 | 57,984 | 338 | 61,554 | 306 | 91,824 |
| $45,000 | 544 | 65,232 | 380 | 69,248 | 344 | 103,302 |
| $50,000 | 604 | 72,480 | 422 | 76,942 | 383 | 114,761 |
| $55,000 | 664 | 79,708 | 464 | 84,636 | 421 | 126,259 |
| $60,000 | 725 | 86,976 | 507 | 92,330 | 459 | 137,737 |
| $65,000 | 785 | 94,224 | 549 | 100,023 | 497 | 149,215 |
| $70,000 | 846 | 101,472 | 591 | 107,718 | 536 | 160,693 |
| $75,000 | 906 | 108,720 | 633 | 115,413 | 574 | 172,171 |
| $80,000 | 966 | 115,968 | 675 | 123,107 | 612 | 183,649 |
| $90,000 | 1,087 | 130,464 | 760 | 138,496 | 689 | 206,605 |
| $100,000 | 1,208 | 144,960 | 844 | 153,882 | 765 | 229,561 |
| $110,000 | 1,329 | 159,456 | 929 | 169,270 | 842 | 252,517 |
| $120,000 | 1,450 | 173,952 | 1,013 | 184,661 | 918 | 275,473 |
| $130,000 | 1,570 | 188,448 | 1,097 | 200,047 | 995 | 298,429 |
| $140,000 | 1,691 | 202,944 | 1,182 | 215,435 | 1,071 | 321,385 |
| $150,000 | 1,812 | 217,440 | 1,266 | 230,824 | 1,148 | 344,342 |

[1] These are estimated payments calculated using the interest rate for Direct PLUS Loan borrowers, 7.9%

[2] This is your estimated beginning payment, which may increase.

[3] You may choose the Extended Repayment Plan only if (1) you had no outstanding balance on a Direct Loan Program loan as of October 7, 1998 or on the date you obtained a Direct Loan Program loan after October 7, 1998, and (2) you have an outstanding balance on Direct Loan Program loans that exceeds $30,000. Under the Extended Repayment Plan, you may choose to make fixed or graduated monthly payments. This example shows fixed monthly payments.

**TRANSACTION HISTORY**

| | |
|---|---|
| Your identity was confirmed by the PIN Web site on | April 26 2012, 10:28:17 AM |
| You agreed to use an electronic MPN on | April 26 2012, 10:32:29 AM |
| You reviewed your draft MPN and confirmed that you read, understood, and agreed to the Borrower Request, Certifications, Authorizations, and Understandings, Promise to Pay, MPN Terms and Conditions, Important Notices and Borrower's Rights and Responsibilities Statement on | April 26 2012, 10:36:51 AM |
| You signed your MPN on | April 26 2012, 10:37 07 AM |
| You reviewed your signed MPN on | April 26 2012, 10:37:08 AM |
| You confirmed your acceptance of the terms and conditions of this MPN and submitted it to us on | April 26 2012, 10 37:53 AM |

# EXHIBIT B

1  Ben-Thomas Hamilton (SBN 222601)
   Kristine Stcynske (SBN 306622)
2  HAMILTON & ASSOCIATES, APC
   3110 Camino del Rio South, Suite 203
3  San Diego, California 92108

4  Telephone: (619) 299-4877
   Facsimile:  (619) 299-4787
5
   Attorneys for Plaintiff, JOHN G. PETROU
6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **COUNTY OF SAN DIEGO – CENTRAL DIVISION**

10

11  JOHN G. PETROU, an individual,          Case No. 37-2016-00040243-CU-CO-CTL

12              Plaintiff,                   **FIRST AMENDED COMPLAINT FOR:**

13          v.                              1)  **FRAUD**

14                                          2)  **VIOLATION OF THE FAIR CREDIT**
                                                **REPORTING ACT; AND**
15  NAVIENT CORPORATION, a Delaware
    corporation; SALLIE MAE                 3)  **DECLARATORY RELIEF**
16  CORPORATION, a Delaware corporation;
    SELAINA A. PETROU an individual; and
17  DOES 1 through 50, inclusive,

18              Defendants.

19

20

21          **COMES NOW** Plaintiff, JOHN G. PETROU (hereinafter "PLAINTIFF") and alleges against

22  Defendants NAVIENT CORPORATION (hereinafter "NAVIENT"), SALLIE MAE CORPORATION

23  (hereinafter "SALLIE MAE"), SELAINA A. PETROU (hereinafter "SELAINA"), and DOES 1 through

24  50, inclusive, (collectively "DEFENDANTS")  as follows:

25  ///

26  ///

27  ///

28  ///

**PRELIMINARY ALLEGATIONS**

1.    PLAINTIFF was, and at all times mentioned herein, a resident of the County of San Diego, State of California.

2.    PLAINTIFF is informed and believes and thereon alleges that Defendant NAVIENT is a Delaware corporation doing business in and under the laws of the State of California in the City of San Diego, California with a principal place of business in Wilmington, Delaware.

3.    PLAINTIFF is informed and believes and thereon alleges that Defendant SALLIE MAE is a Delaware corporation doing business in and under the laws of the State of California in the City of San Diego, California with a principal place of business in Newark, Delaware.

4.    PLAINTIFF is informed and believes and thereon alleges that Defendant SELAINA is presently a resident of the County of San Diego, in the State of California.

5.    Defendants DOES 1 through 50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to PLAINTIFF. When the true names and capacities are ascertained, PLAINTIFF will amend this complaint by inserting their true names and capacities herein. PLAINTIFF is informed and believes, and thereon alleges that each of the fictitiously named defendants is liable as hereinafter mentioned.

6.    PLAINTIFF is further informed and believes, and thereon alleges, that each of the defendants is, and at all material times was, the agent, servant, or employee representative, independent contractor, partner, joint venturer, subsidiary, alter ego and/or employee of each or some of the other named defendants, and in doing the acts herein alleged and referred to, was acting within the course and scope of his, her, or its authority as such agent, servant, representative, independent contractor, partner, joint venturer, subsidiary, alter ego and/or employee with the express and/or implied approval, permission, knowledge, consent and ratification of all other named defendants, and in some manner are responsible for the occurrences hereinafter alleged, and such defendants are jointly and severally liable for the injuries and damages hereinafter described.

///

///

///

**GENERAL ALLEGATIONS**

7.     SELAINA is PLAINTIFF'S daughter. In 2011, SELAINA began her undergraduate education at American University in Washington D.C. On or around May 2011, PLAINTIFF told SELAINA, before her curriculum even started, that he could not pay for her tuition or help her with tuition.

8.     On or about April 2012, SELAINA contacted PLAINTIFF by phone and informed him she was applying for and filling out a student loan application for herself. At that time, SELAINA stated she needed PLAINTIFF'S personal information for her loan because he is her father. PLAINTIFF confirmed his driver's license number and social security number which he believes SELAINA already had.

9.     On or about April 26, 2012, SELAINA electronically signed PLAINTIFF'S name to a Master Promissory Note for a Federal Direct PLUS Loan. ("hereafter "Master Promissory Note"). (See Exhibit A). The Master Promissory Note is a loan specifically made for the parents of undergraduate students. In the Master Promissory Note, SELAINA filled in her father's information and listed herself as the recipient of the loans. Additionally, SELAINA used her own cell phone number in place of PLAINTIFF'S, ensuring SELAINA, and not PLAINTIFF, was contacted about the Master Promissory Note.

10.     At all times, PLAINTIFF understood and believed SELAINA was applying for a student loan under her own name. At no time did SELAINA indicate she was applying for a Master Promissory Note under PLAINTIFF'S name. At no time did PLAINTIFF consent to SELAINA filling out the Master Promissory Note for him or in his name.

11.     On or about April 30, 2012, SALLIE MAE distributed $9,762.00 to American University as a Parent Plus Loan under the Master Promissory Note for the benefit of SELAINA.

12.     PLAINTIFF was unaware at this time that a loan had been taken out in his name.

///

///

///

///

1    13. ⸍   On or about May 2013, SELAINA again contacted PLAINTIFF by phone. SELAINA
2  was in a panic because her student loan did not fund. SELAINA stated the Financial Aid Department
3  of American University needed additional paperwork from PLAINTIFF before the loan could be
4  processed.  PLAINTIFF faxed his home loan information to American University as SELAINA
5  requested.

6    14.    Again, at all times, PLAINTIFF understood and believed SELAINA was applying for a
7  student loan under her own name and that she only needed PLAINTIFF'S information because he is her
8  father and she had referenced him in the application. At no time did SELAINA indicate she had filled
9  out the Master Promissory Note to apply for loans under PLAINTIFF'S name.  At no time did
10  PLAINTIFF consent to SELAINA filling out the Master Promissory Note for him or in his name.

11    15.    On or about May 7, 2013, SALLIE MAE distributed $40,253.00 to American University
12  as a Parent Plus Loan under the Master Promissory Note for the benefit of SELAINA.

13    16.    On or about January 8, 2014, SELAINA attempted to take out a third loan in
14  PLAINTIFF'S name for $13,000.00. PLAINTIFF was made aware of this loan and immediately called
15  American University to cancel the loan. This loan was cancelled and never distributed to American
16  University or SELAINA.

17    17.    On or about December 18, 2014, PLAINTIFF received a letter from NAVIENT, as the
18  loan management subsidiary of SALLIE MAE, regarding payment of the two Parent Plus loans.
19  PLAINTIFF attempted to contact NAVIENT regarding the Parent Plus Loans to determine how the loans
20  were authorized without his consent.

21    18.    On our about May 15, 2015, PLAINTIFF sent a letter to NAVIENT disputing the
22  legitimacy of the Master Promissory Note, and requesting the original Master Promissory Note as well
23  as any information pertaining to the execution of the Master Promissory Note.

24    19.    On or about May 19, 2015, NAVIENT informed PLAINTIFF that before NAVIENT
25  could investigate the legitimacy of the Parent Plus Loans, PLAINTIFF had to fill out an Identity Theft
26  Affidavit and file an Identity Theft Report with the San Diego police department.   Thereafter,
27  PLAINTIFF filed a police report for identity theft.

28  ///

1      20.  ·   On or about October 5, 2015, PLAINTIFF sent NAVIENT the Identity Theft Affidavit
2  and all related documentation for NAVIENT to open an investigation.

3      21.     On or about November 12, 2015, NAVIENT sent a letter to PLAINTIFF informing him
4  that NAVIENT could not confirm his claim of identity theft and, therefore, closed the investigation.
5  However, NAVIENT'S investigation only consisted of a few unsuccessful attempts to contact
6  SELAINA. As NAVIENT was unable to contact SELAINA, NAVIENT states PLAINTIFF'S claim of
7  identity theft can not be confirmed.  NAVIENT closed the investigation after only one month and
8  minimal effort.

9      22.     Despite the foregoing, NAVIENT is now attempting to collect payment on the two Parent
10  Plus Loans from PLAINTIFF in the amount of $50,015.00 before interest.  This debt is now listed on
11  PLAINTIFF'S credit report and affecting PLAINTIFF'S credit score.  Moreover, it is believed and
12  thereon alleged, that PLAINTIFF has notified the credit reporting agency of this error. However, to date,
13  nothing has been corrected.

14      23.     PLAINTIFF did not apply for the Master Promissory Note, he did not execute the Master
15  Promissory Note, and he did not give SELAINA consent to do so on his behalf.  PLAINTIFF was
16  unaware these loans were being taken out in his name, because SELAINA represented that she was
17  applying for student loans in her name.  Now these loans appear on PLAINTIFF'S credit report and will
18  continue to jeopardize PLAINTIFF'S credit rating as he attempts to rectify the situation.

19      24.     Further, PLAINTIFF has exhausted his internal remedies with NAVIENT to try to resolve
20  this matter.

21                          **FIRST CAUSE OF ACTION**
22                      **(Fraud – Against SELAINA and DOES)**

23      25.     PLAINTIFF hereby re-alleges and incorporates herein by this reference, paragraphs 1
24  through 24, as though fully set forth herein.

25      26.     As set forth above, SELAINA willfully and unlawfully used PLAINTIFF'S name,
26  address, driver's license number, and social security number on the Master Promissory Note in order to
27  apply for Parent Plus Loans.

28  / / /

Petrou v. Navient, et. al                                    Case No. 37-2016-00040243-CU-CO-CTL
First Amended Complaint                    5

1    27.  SELAINA fraudulently misrepresented to PLAINTIFF that she was filling out student
2 loan applications for herself and only needed PLAINTIFF'S information because he is her father.
3 PLAINTIFF unknowingly gave his daughter information he believed he needed in order for SELAINA
4 to apply for a loan in her name.

5    28.    SELAINA then electronically signed PLAINTIFF'S name on the Master Promissory Note
6 without PLAINTIFF'S knowledge or consent.

7    29.    At no time did SELAINA have PLAINTIFF'S authorization or consent to use his personal
8 identifying information or his signature to obtain these loans.

9    30.    In conducting the aforementioned activity, SELAINA made fraudulent misrepresentations
10 to SALLIE MAE and/or NAVIENT, namely, forging PLAINTIFF'S electronic signature on the Master
11 Promissory Note regarding her reason for needing PLAINTIFF'S information.  The identity theft
12 protections put in place by SALLIE MAE and/or NAVIENT, if any, to verify electronic signatures was
13 clearly substandard.

14    31.    In conducting the aforementioned activity, SELAINA made fraudulent misrepresentations
15 to PLAINTIFF and attempted to illegally enter into a contract with SALLIE MAE and/or NAVIENT on
16 behalf of PLAINTIFF.

17    32.    As a result of the actions of SELAINA, the total amount of loans fraudulently taken out
18 in PLAINTIFF'S name is $50,015.00 before interest.

19    33.    As a result of the actions of SELAINA, PLAINTIFF has been damaged in the sum of
20 $50,015.00, plus interest, the exact amount to be determined at the time of trial.

21    34.    The aforementioned conduct of SELAINA was an intentional misrepresentation, deceit,
22 and/or concealment of material facts known made with the intention on the part of SELAINA of
23 depriving PLAINTIFF of property and legal rights or otherwise causing injury, and was despicable
24 conduct that subjected PLAINTIFF to a cruel and unjust hardship in conscious disregard of
25 PLAINTIFF'S rights, so as to justify and award of exemplary and/or punitive damages.

26 ///

27 ///

28 ///

**SECOND CAUSE OF ACTION**

**(Violation of the Fair Credit Reporting Act**

**Against SALLIE MAE, NAVIENT and DOES)**

35.     PLAINTIFF hereby re-alleges and incorporates herein by this reference, paragraphs 1 through 34, as though fully set forth herein.

36.     As set forth above, SELAINA willfully and unlawfully used PLAINTIFF'S name, address, driver's license number, and social security number to apply for and receive two Parent Plus Loans which were put toward SELAINA'S college tuition.  SELAINA also electronically signed PLAINTIFF'S name on the Master Promissory Note in order to obtain these loans.  At no time did SELAINA have PLAINTIFF'S authorization or consent to use PLAINTIFF'S personal identifying information or his signature to obtain these loans.  As such, PLAINTIFF is a victim of identity theft perpetrated by SELAINA.

37.     Due to SELAINA'S unlawful actions, a debt in the total amount of $50,015.00 is now in PLAINTIFF'S name.

38.     On our about May 15, 2015, PLAINTIFF sent a letter to NAVIENT disputing the legitimacy of the Master Promissory Note, and requesting the original Master Promissory Note as well as any information pertaining to the execution of the Master Promissory Note.

39.     On or about May 19, 2015, NAVIENT informed PLAINTIFF that before NAVIENT could investigate the legitimacy of the Parent Plus Loans, PLAINTIFF had to fill out an Identity Theft Affidavit and file an Identity Theft Report with the San Diego police department.  Thereafter, PLAINTIFF filed a police report for identity theft.

40.     On or about October 5, 2015, PLAINTIFF sent NAVIENT the Identity Theft Affidavit and all related documentation for NAVIENT to open an investigation.

41.     On or about November 12, 2015, NAVIENT sent a letter to PLAINTIFF informing him that NAVIENT could not confirm his claim of identity theft and, therefore, closed the investigation.  It is believed and thereon alleged that NAVIENT made minimal effort in investigating PLAINTIFF'S claim.  In fact, despite the documentation and declaration provided by PLAINTIFF, NAVIENT closed the investigation merely because, after only a few attempts, it failed to contact or speak to SELAINA.

1    42. ·   The purpose of the Fair Credit Reporting Act ("FCRA") is to "ensure fair and

2 accurate credit reporting, promote efficiency in the banking system, and protect consumer

3 privacy. (*Safeco Ins. Of Am. v. Burr* (2007) 551 U.S. 47, 52.) Private individuals may use 15

4 U.S.C. § 1681s-2(b) to recover damages, caused by a furnisher of information. (*Id.*).

5    43.     Under section (b), the furnishers of credit information must also conduct an

6 investigation upon receiving notice from a consumer credit reporting agency regarding a dispute

7 about the accuracy or completeness of information previously provided to the consumer

8 reporting agency.   (15 U.S.C. § 1681s-2(b).).   It is about the lack of investigation, not the

9 reporting of credit information. ((*Pirouzian v. SLM Corp.* (2005) 396 F.Supp.2d 1124 1127.)

10    44.     Here, PLAINTIFF provided NAVIENT with the necessary documentation and

11 declaration to investigate SELAINA'S fraudulent actions. Moreover, it is believed and thereon

12 alleged, that PLAINTIFF notified the credit reporting agency that these loans were fraudulently obtained.

13 However, despite the evidence and claims made by PLAINTIFF, NAVIENT closed the

14 investigation after a few unsuccessful attempts to contact SELAINA.  To date, NAVIENT has refused

15 to conduct any further investigation and demands that PLAINTIFF simply proceed with legal action

16 against SELAINA. The loans in the total amount of $50,015.00 remain on PLAINTIFF'S credit report

17 in error.

18    45.     The first time PLAINTIFF was made aware of his injury under FCRA section (b)

19 occurred after NAVIENT sent a letter on or about November 12, 2015 notifying PLAINTIFF'S attorney

20 that the investigation was closed and NAVIENT would continue to seek payment under the loans.

21 NAVIENT was further made aware of PLAINTIFF'S injury under FCRA section (b) when PLAINTIFF

22 filed this lawsuit herein and thereafter continued to ask NAVIENT to investigate this matter and confirm

23 the fraudulent acts of SELAINA.

24    46.     NAVIENT has failed to diligently investigate PLAINTIFF'S claim of identity theft and

25 continues to pursue PLAINTIFF for payment. This loan is now listed on PLAINTIFF'S credit report

26 and affecting PLAINTIFF'S credit score.  By reason of the aforementioned conduct, PLAINTIFF is

27 entitled to damages, the exact amount to be determined at the time of trial.

28    ///

1    47.    Moreover, PLAINTIFF has incurred attorneys' fees and costs, and will continue to do so,
2    the exact amount to be determined at the time of trial.

3                                    **THIRD CAUSE OF ACTION**

4                          **(Declaratory Relief – Against all DEFENDANTS)**

5    48.    PLAINTIFF hereby re-alleges and incorporates herein by this reference, paragraphs 1
6    through 47, as though fully set forth herein.

7    49.    An actual controversy has arisen and now exists between PLAINTIFF and
8    DEFENDANTS relating to the unlawful execution of a Master Promissory Note on April 26, 2012, the
9    issuance by SALLIE MAE of two Parent Plus Loans on April 30, 2012 and May 7, 2013 for the benefit
10   of SELAINA, the failure of NAVIENT to diligently investigate the claim of identity theft, and
11   NAVIENT'S continued pursuit of the claim against PLAINTIFF for repayment of the loans.

12   50.    PLAINTIFF desires a judicial determination as to the aforementioned issues.

13   51.    These declarations are necessary and appropriate at this time so PLAINTIFF may
14   ascertain his rights and duties with respect to DEFENDANTS and determine whether DEFENDANTS
15   must pay for PLAINTIFF'S losses as described herein.

16                                    **PRAYER FOR RELIEF**

17   WHEREFORE, PLAINTIFF prays as follows:

18   **FIRST CAUSE OF ACTION** (Fraud)

19   1.    For damages of $50,015.00, plus interest, the exact amount to be determined at the time
20   of trial;

21   2.    For punitive damages, the exact amount to be determined at the time of trial;

22   3.    For costs of suit herein incurred; and

23   4.    For such other and further relief as the Court may deem proper.

24   **SECOND CAUSE OF ACTION** (Violation of the Fair Credit Reporting Act)

25   1.    For damages of up to $30,000.00, the exact amount to be determined at the time of trial;

26   2.    For costs of suit herein incurred;

27   3.    For reasonable attorneys' fees; and

28   4.    For such other and further relief as the Court may deem proper.

1  **THIRD CAUSE OF ACTION (Declaratory Relief):**

2        1.     That this Court determine the Master Promissory Note was fraudulently executed;

3        2.     That this Court determine the Master Promissory Note is void and must be delivered and

4                cancelled;

5        3.     That this Court determine that PLAINTIFF is not obligated to DEFENDANTS for

6                repayment of the Parent Plus Loans;

7        4.     For costs of the suit herein incurred;

8        5.     For reasonable attorney's fees; and

9        6.     For such other and further relief as this Court may deem proper

10  Dated: September 25, 2017            HAMILTON & ASSOCIATES, APC

11

12                             By:      _____

13                                   Ben-Thomas Hamilton, Attorneys for
                                 Plaintiff, JOHN G. PETROU

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  K:\Clients\Petrou\Pleadings\FAC.wpd

1  Ben-Thomas Hamilton (SBN 222601)
   Kristine Steynske (SBN 306622)
2  HAMILTON & ASSOCIATES, APC
   3110 Camino del Rio South, Suite 203
3  San Diego, California 92108

4  Telephone: (619) 299-4877
   Facsimile:  (619) 299-4787
5
   Attorneys for Plaintiff, JOHN G. PETROU
6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **COUNTY OF SAN DIEGO – CENTRAL DIVISION**

10

11  JOHN G. PETROU, an individual,          Case No. 37-2016-00040243-CU-CO-CTL

12              Plaintiff,                   **PROOF OF SERVICE**

13         v.

14
    NAVIENT CORPORATION, a Delaware
15  corporation; SALLIE MAE
    CORPORATION, a Delaware corporation;
16  SELAINA A. PETROU an individual; and
17  DOES 1 through 50, inclusive,

18              Defendants.

19

20

21         I, Michelle L. Musgrove, declare under penalty of perjury that I am, and was at the time of
    service of the papers herein referred to, over the age of eighteen years of age and not a party to the
22  action; that I am employed or reside in the County of San Diego, State of California, in which county
    the within mentioned occurred.  My business address is: 3110 Camino del Rio South, Suite 203, San
23  Diego, California 92108.

24         I caused the following documents to be served:

25         **FIRST AMENDED COMPLAINT**

26  ____   by sending via overnight mail next day delivery.

27  ///

28  ///

Petrou v. Navient, et. al                     1          Case No. 37-2016-00040243-CU-CO-CTL
Proof of Service

<u>XXX</u>   by placing a copy in a separate envelope, with postage fully prepaid, for each address named below for collection and mailing on the day indicated below in the ordinary business practices at HAMILTON & ASSOCIATES, APC, 3110 Camino del Rio South, Suite 203, San Diego, California 92108. I further declare that I am familiar with the ordinary business practices of HAMILTON & ASSOCIATES, APC with regard to collection for mailing with the United States Postal Service and that the correspondence shall be deposited with the United States Postal Service this same day.

_____   by sending a copy via facsimile transmission to the telefax number(s) indicated below. The transmission report was reported as complete and without error. A transmission report was properly issued by the transmitting facsimile machine and a copy of said transmission report is attached to the original proof of service indicating the time of transmission.

Robert R. Yap
Dennis N. Lueck, Jr.
AKERMAN, LLP
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017

John A. Schena
SMALL & SCHENA, LLP
1350 Columbus Street, Suite 700
San Diego, CA 92101

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Diego, California on September 25, 2017.

_____
Michelle L. Musgrove

K:\Clients\Petrou\Pleadings\pos-amdcomplaint.wpd

Petrou v. Navient, et. al                                    Case No. 37-2016-00040243-CU-CO-CTL
Proof of Service                          2

# EXHIBIT C

**Yap, Robert (Assoc-Lax)**

| | |
|---|---|
| **From:** | William Small <will@smallschena.com> |
| **Sent:** | Tuesday, October 3, 2017 10:00 AM |
| **To:** | Yap, Robert (Assoc-Lax) |
| **Cc:** | Balser, Justin (Ptnr-Den) |
| **Subject:** | Re: Petrou v. Navient Corporation et al. |

Robert,

Please allow this email to confirm that our client, defendant Selaina Petrou, consents to removal of this case to
the U.S. District Court.

If you have any questions or wish to discuss further, please let me know.

Regards,

Will Small



**William Small**

S M A L L & S C H E N A

Attorney
Direct: (619) 430-4796
1350 Columbia St., Ste. 700
San Diego, CA 92101
www.smallschena.com

On Fri, Sep 29, 2017 at 9:53 AM, <robert.yap@akerman.com> wrote:

Dear Will,


It was great speaking with you.


As we discussed, defendant Navient Solutions, LLC wishes to remove the case to U.S. District Court based on federal
question.  Plaintiff's amended complaint alleges a new cause of action for violation of the Fair Credit Reporting Act.


We would like to confirm whether your client, co-defendant Selaina Petrou, consents to our removal.

Best regards,


**Robert Yap**
Associate
Akerman LLP | 601 West Fifth Street, Suite 300 | Los Angeles, CA 90017
D: 213 533 5917
robert.yap@akerman.com


vCard | Profile |

# akerman

650+ Lawyers

24 Offices

akerman.com

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.


This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

# EXHIBIT D

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

~~P~~ ~~INESS OFFICE~~ ~~~~
CENTRAL DIVISION

2016 NOV 16  PM 1: 46

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NAVIENT CORPORATION, a Delaware corporation; SALLIE MAE CORPORATION, a Delaware corporation; SELAINA A. PETROU an individual; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
John G. Petrou, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| (El nombre y dirección de la corte es): | (Número del Caso): |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>330 West Broadway<br>San Diego, California 92101<br>Central Division | 37-2016-00040243-CU-CO-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ben-Thomas Hamilton (SBN 222601)    (619) 299-4877    (619) 299-4787
Kristine E. Stcynske (SBN 306622)
HAMILTON & McINNIS, L.L.P.
3110 Camino del Rio South, Suite 203, San Diego, California 92108

| DATE: NOV 16 2016 | Clerk, by K. O'Keefe | , Deputy |
|---|---|---|
| (Fecha) | (Secretario) | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

COPY

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):
3. [X] on behalf of (specify): navient corporation, a delaware corporation
   under: [X] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
   [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
℞ Plus

Code of Civil Procedure §§ 412.20, 465

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ben-Thomas Hamilton (SBN 222601)<br>Kristine E. Stcynske (SBN 306622)<br>HAMILTON & McINNIS, LLP<br>3110 Camino Del Rio South, Suite 203<br>San Diego, California 92108<br>TELEPHONE NO.: (619) 299-4877    FAX NO.: (619) 299-4787<br>ATTORNEY FOR *(Name):* John G. Petrou | FILED<br>BUSINESS OFFICE 21<br>CENTRAL DIVISION<br><br>2016 NOV 16  PM 1: 46<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN DIEGO**
STREET ADDRESS: **330 West Broadway**
MAILING ADDRESS: **Same as above**
CITY AND ZIP CODE: **San Diego, California 92101**
BRANCH NAME: **Central Division**

CASE NAME:    **Petro v. Navient Corporation, et al.**

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **37-2016-00040243-CU-CO-CTL** |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400-3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [X] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2.  This case [ ] is  [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3.  Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4.  Number of causes of action *(specify):* Five
5.  This case [ ] is  [X] is not   a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 11/16/2016

Ben-Thomas Hamilton                           ▶
_____                 _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal<br>Solutions<br>Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

| Attorney or Party without Attorney: | For Court Use Only |
|---|---|
| BEN-THOMAS HAMILTON, ESQ. SBN: 222601<br>HAMILTON & MCINNIS, LLP<br>3110 CAMINO DEL RIO SOUTH<br>SUITE 203<br>SAN DIEGO, CA  92108<br>*Telephone No:* 619-299-4877 | 2016 DEC 15 P 3: 00 |

| Attorney for: Plaintiff | Ref. No. or File No.: Petr-134 |
|---|---|

*Insert name of Court, and Judicial District and Branch Court:*
SAN DIEGO COUNTY SUPERIOR COURT, CENTRAL DIVISION

*Plaintiff:* JOHN G. PETROU, an individual

*Defendant:* NAVIENT CORPORATION, a Delaware corporation

| PROOF OF SERVICE<br>SUMMONS & COMPLAINT | Hearing Date:<br>05/17/17 | Time:<br>9:50 am | Dept/Div:<br>C-70 | Case Number:<br>37-2016-00040243-CU-CO-CTL |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION; STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (BLANK); NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE; NOTICE OF ELIGIBILITY TO EFILE AND ASSIGNMENT TO IMAGING DEPARTMENT.

3. *a. Party served:*            NAVIENT CORPORATION, a Delaware corporation
   *b. Person served:*        BECKY DEGEORGE, CSC LAWYERS INCORPORATING SERVICE, REGISTERED AGENT

4. *Address where the party was served:*        2710 GATEWAY OAKS DRIVE
                                                SUITE 150N
                                                SACRAMENTO, CA  95833

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Wed., Dec. 07, 2016 (2) at: 11:00AM

6. *The "Notice to the Person Served" (on the Summons) was completed as follows:*
   *on behalf of:* NAVIENT CORPORATION, a Delaware corporation
   Under CCP 416.10 (corporation)

7. *Person Who Served Papers:*
   a. Michael Morris

         **First Legal**
         1814 "I" Street
         Sacramento, CA 95814
         Telephone    (916) 444-5111
         Fax              (916) 443-3111
         www.firstlegalnetwork.com

Recoverable Cost Per CCP 1033.5(a)(4)(B)
d. *The Fee for Service was:* $105.73
e. I am: (3) registered California process server
     *(i)*   Independent Contractor
     *(ii)*   *Registration No.:*    2012-33
     *(iii)*   *County:*            Sacramento

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   *Date:* Fri, Dec. 09, 2016

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF SERVICE**
**SUMMONS & COMPLAINT**

(Michael Morris)

*706300;vs.hammc.859577*



1   **AKERMAN LLP**
    ROBERT R. YAP (SBN 263763)
2   Email: robert.yap@akerman.com
    725 South Figueroa Street, 38th Floor
3   Los Angeles, California 90017-5433
    Telephone: (213) 688-9500
4   Facsimile: (213) 627-6342

5   **AKERMAN LLP**
    DENNIS N. LUECK, JR. (SBN 292414)
6   Email: dennis.lueck@akerman.com
    1900 Sixteenth Street, Suite 1700
7   Denver, Colorado 80202
    Telephone: (303) 260-7712
8   Facsimile: (303) 260-7714

9   Attorneys for Defendant
    NAVIENT SOLUTIONS, INC.
10  *erroneously named as "Navient Corporation"*
    *and "Sallie Mae Corporation"*

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                  **FOR THE COUNTY OF SAN DIEGO**

13

14  John G. Petrou, an individual,              Case No. 37-2016-00040243-CU-CO-CTL

15              Plaintiff,                       **DEFENDANT NAVIENT SOLUTIONS,
                                                 INC.'S NOTICE OF REMOVAL OF
16                                               ACTION TO FEDERAL COURT**

17  v.                                           Complaint filed:   November 16, 2016

18  NAVIENT CORPORATION, a Delaware
    corporation; SALLIE MAE
19  CORPORATION, a Delaware corporation;
    SELAINA A. PETROU an individual; and
20  Does 1 through 50, inclusive,

21              Defendants.

22

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///
    {40387025;1}                        1        CASE NO. 56-2016-00488178-CU-BT-VTA
    **DEFENDANT NAVIENT SOLUTIONS, INC.'S NOTICE OF REMOVAL
    OF ACTION TO FEDERAL COURT**

*Left margin:* AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   TO THE HONORABLE COURT, TO ALL PARTIES HEREIN, AND TO THEIR

2   RESPECTIVE ATTORNEYS OF RECORD:

3       PLEASE TAKE NOTICE that on January 6, 2017, defendant Navient Solutions, Inc.,

4   *erroneously named as* "Navient Corporation" and "Sallie Mae Corporation,"[1] filed a notice of removal

5   of the above-captioned action. Attached hereto as Exhibit "A" is a true and accurate copy of the

6   notice of removal filed with the United States District Court for the Southern District of California.

7       Pursuant to 28 U.S.C. § 1446(d), Plaintiff John G. Petrou's action is now removed to the

8   United States District Court for the Southern District of California.

9   Dated: January 6, 2017

                                         AKERMAN LLP

11                                          By: _____

12                                          Dennis N. Lueck, Jr.

                                        Robert K. Yap

13                                          Attorneys for Defendant

                                        NAVIENT SOLUTIONS, INC.

14                                          *erroneously named as* "Navient Corporation"

                                        *and "Sallie Mae Corporation"*

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

---

27  [1] "Sallie Mae Corporation" is not an entity and does not exist. Navient Corporation is the corporate parent of Navient Solutions, Inc., formerly known as Sallie Mae, Inc. Navient Corporation does not engage in the
28  business of student loan origination or servicing.

{40387025;1}                 2           CASE NO. 56-2016-00488178-CU-BT-VTA

# EXHIBIT A

Case 3:17-cv-00030-BTM-JLB   Document 1   Filed 01/06/17   Page 1 of 44

**AKERMAN LLP**
ROBERT R. YAP (SBN 263763)
Email: robert.yap@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone:  (213) 688-9500
Facsimile:   (213) 627-6342

**AKERMAN LLP**
DENNIS N. LUECK, JR. (SBN 292414)
Email: dennis.lueck@akerman.com
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714

Attorneys for Defendant
NAVIENT SOLUTIONS, INC.
*erroneously named as "Navient Corporation"*
*and "Sallie Mae Corporation"*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN G. PETROU, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NAVIENT CORPORATION, a Delaware corpoation; SALLIE MAE CORPORATION, a Delaware corporation; SELAINA A. PETROU an individual; and Does 1 through 50, inclusive,<br><br>Defendants. | Case No.   **'17 CV 0030 BTM JLB**<br><br>[Superior Court of California, San Diego County Case No. 37-2016-00040243-CU-CO-CTL]<br><br>**DEFENDANT NAVIENT SOLUTIONS, INC. NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1367, AND 1446**<br><br>Complaint filed: November 16, 2016 |

///
///
///
///
///

{40373240;4}                                    1                              CASE No. TBD
**DEFENDANT NAVIENT SOLUTIONS, INC.'S NOTICE OF REMOVAL OF ACTION**

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX (213) 627-6342

1  **TO THE HONORABLE COURT, ALL PARTIES HEREIN, AND THEIR**
2  **RESPECTIVE ATTORNEYS OF RECORD:**

3      PLEASE TAKE NOTICE that defendant Navient Solutions, Inc., *erroneously*
4  *named as* "Navient Corporation" and "Sallie Mae Corporation" (**NSI**)[1] removes this
5  action from the Superior Court of the State of California for the County of San Diego to
6  the United States District Court for the Southern District of California.

**I.**

**STATEMENT OF THE CASE**

9      1.      On November 16, 2016, Plaintiff John G. Petrou commenced a civil action
10  in the San Diego County Superior Court styled *Petrou v. Navient Corporation et al.,*
11  Case No. 37-2016-00040243-CU-CO-CTL.

12      2.      Plaintiff's entire action, and all claims for relief therein, arise from and
13  relate to federal student loans, which Plaintiff admits were obtained in his name in April
14  2012 pursuant to a Federal Direct PLUS Loan Application and Master Promissory Note.
15  (Complaint, ¶ 9, attached hereto as Exhibit "A.")

**II.**

**FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION**

18      3.      This Court has original jurisdiction over this civil action pursuant to 28
19  U.S.C. § 1331, which provides: "[t]he district courts shall have original jurisdiction of
20  all civil actions arising under the Constitution, laws, or treaties of the United States."

21      4.      Federally owned and guaranteed student loans are exclusively governed by
22  the Higher Education Act (**HEA**) of 1965, 20 U.S.C. §§ 1070, *et seq.* and the
23  regulations issued by the United States Department of Education. *See* 34 C.F.R. § 682,
24  *et seq.*

25      5.      In 1965, Congress passed the HEA in order to "keep the college door open
26  to all students of ability, regardless of socioeconomic background." *Pelfrey v. Educ.*

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL: (213) 688-9500 – FAX: (213) 627-6342
AKERMAN LLP

---

[1] "Sallie Mae Corporation" is not an entity and does not exist. Navient Corporation is the corporate parent of Navient Solutions, Inc., formerly known as Sallie Mae, Inc. Navient Corporation does not engage in the business of student loan origination or servicing.

{40373240;4}                                   2                                   CASE NO. TBD

**DEFENDANT NAVIENT SOLUTIONS, INC.'S NOTICE OF REMOVAL OF ACTION**

1   *Credit Mgmt. Corp.*, 71 F. Supp. 2d 1161, 1163 (N.D. Ala. 1999).   At the time of

2   enactment, the HEA allowed eligible lenders to make federally guaranteed student loans

3   on favorable terms to students or parents to help finance education.   Congress has

4   amended the HEA over the years, and in 2010, the Health Care and Education

5   Reconciliation Act was signed into law, which transitioned all new loans under the

6   William D. Ford Federal Direct Loan Program as of July 1, 2010.  *See* Health Care and

7   Education Reconciliation Act of 2010, Pub. L. No. 111-152; 20 U.S.C. §§ 1087a–1087j.

8        6.   Direct Loans, including Plaintiff's Federal Direct PLUS loan(s) at issue in

9   this action, are subject to the same terms, conditions, and benefits as Federal Family

10   Education Loan Program (**FFELP**) loans.  20 U.S.C. § 1087e(a)(1) ("Loans made to

11   borrowers under this part shall have the same terms, conditions, and benefits, and be

12   available in the same amounts, as loans made to borrowers, and first disbursed on June

13   30, 2010, under sections 1078, 1078-2, 1078-3, and 1078-8 of this title"); *see also Hunt*

14   *v. Sallie Mae, Inc.*, 2014 WL 793075, Case No. 6:13–cv–00500–AA, (D. Or. Feb. 23,

15   2014).

16        7.   The HEA and regulations issued by the United States Department of

17   Education provide the exclusive legal remedy for claims relating to federal student

18   loans made thereunder, such as Direct Loans, and completely preempt conflicting State

19   law theories of liability.  Consequently, given that Plaintiff's claims relate to his Federal

20   Direct PLUS loan, they necessarily arise under federal law and are subject to this

21   Court's original jurisdiction.  *See Chae v. SLM Corp.*, 593 F.3d 936 (9th Cir. 2010),

22   cert. denied, 131 S. Ct. 458, 178 L. Ed. 2d 287 (U.S. 2010) (State law claims are

23   preempted by the HEA).  NSI is entitled to remove Plaintiff's action to this Court

24   pursuant to 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State

25   court of which the district courts of the United States have original jurisdiction, may be

26   removed by the defendant or the defendants, to the district court of the United States for

27   the district and division embracing the place where such action is pending."

28   ///

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANT NAVIENT SOLUTIONS, INC.'S NOTICE OF REMOVAL OF ACTION**

8.     To the extent Plaintiff's other claims are not preempted by the HEA, this Court has supplemental jurisdiction over these other causes of action pursuant to 28 U.S.C. § 1367(a), which provides:   "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

### III.

### JOINDER BY ALL DEFENDANTS WHO HAVE BEEN SERVED OR APPEARED

9.     "All defendants who have been 'properly ... served in the action' must join a petition for removal." *Destifino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011).  This requirement for consent applies "only to defendants properly joined and served in the action." *Emrich v. Touche Ross & Co.*, 846 F. 2d 1190, 1193 fn.1 (9th Cir. 1988).  The register of actions maintained by the San Diego County Superior Court does not show that any other defendant has appeared in this action or that Plaintiff has filed any proof of service as to any defendant.  (*See* Exhibit "B" attached hereto.)  In the event another defendant in this action appears or is served, NSI intends to obtain its/her/their joinder and consent to this removal. *See Destifino*, 630 F.3d at 957 ("[T]he district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants **prior to the entry of judgment**" (emphasis added)).

10.     In addition, only defendants to the removable federal claim are required to join or consent to the removal, while defendants to the non-federal claim do not.  *See Moscovitch v. Danbury Hosp.*, 25 F.Supp.2d 74, 78 (D CT 1999).   To the extent plaintiff's fraud and declaratory relief claims against Defendant Selaina A. Petrou, which are the only causes of action alleged against her, are not preempted by the HEA, Ms. Petrou's joinder and consent to removal are not required.

///

///

///

**DEFENDANT NAVIENT SOLUTIONS, INC.'S NOTICE OF REMOVAL OF ACTION**

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**IV.**

**ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

11.     Under 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant...of a copy of the initial pleading...or within thirty days after the service of summons upon the defendant." This thirty-day period begins to run from when the removing defendant is served and not from when the first defendant is served. *Destifino*, 630 F.3d at 956. Plaintiff filed a proof of service alleging he served NSI on December 7, 2016. (*See* Exhibit "C" attached hereto.) NSI timely files this notice of removal within thirty days of Plaintiff's purported service.

12.     True and accurate copies of the summons and all process and pleadings received by NSI are attached hereto as Exhibit "D."

13.     Removal of this action to this Court is proper as the San Diego County Superior Court where this action commenced is located within this Court's jurisdiction.

14.     Pursuant to 28 U.S.C. § 1446(d), NSI shall promptly file a notice of its removal of this action with the clerk of the San Diego County Superior Court, and NSI shall promptly serve Plaintiff and any party who has appeared with this notice of removal as well as the notice to be filed in the Superior Court.

**V.**

**CONCLUSION**

15.     By this notice of removal and the associated attachments, NSI does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action. NSI does not intend any admission of fact, law or liability by this notice, and expressly reserves all defenses, motions, and/or pleas.

///

///

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANT NAVIENT SOLUTIONS, INC.'S NOTICE OF REMOVAL OF ACTION**

1    NSI prays that Plaintiff's action be removed to the United States District Court,

2    that all further proceedings in the California Superior Court be stayed, and that NSI

3    receives all relief to which it is entitled.

4    Dated: January 6, 2017          **AKERMAN LLP**

6    By: */s/ Robert R. Yap*
                 Dennis N. Lueck, Jr.

7                 Robert R. Yap
               Attorneys for Defendant

8               NAVIENT SOLUTIONS, INC.
               *erroneously named as "Navient*

9               *Corporation" and "Sallie Mae*
               *Corporation"*

{40373240;4}               6               CASE NO. TBD

**DEFENDANT NAVIENT SOLUTIONS, INC.'S NOTICE OF REMOVAL OF ACTION**

# EXHIBIT A

1   Ben-Thomas Hamilton (SBN 222601)
    Kristine Steynske (SBN 306622)
2   HAMILTON & McINNIS, L.L.P.
    3110 Camino del Rio South, Suite 203
3   San Diego, California 92108

4   Telephone:  (619) 299-4877
    Facsimile:  (619) 299-4787
5
    Attorneys for Plaintiff, JOHN G. PETROU
6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF SAN DIEGO – CENTRAL DIVISION

10

11   JOHN G. PETROU, an individual,          Case No.  37-2016-00040243-CU-CO-CTL

12               Plaintiff,                   COMPLAINT FOR:

13          v.                               1)  FRAUD
                                             2)  CANCELLATION/RESCISSION OF
14                                               MASTER PROMISSORY NOTE
     NAVIENT CORPORATION, a Delaware         3)  VIOLATION OF THE CALIFORNIA
15   corporation; SALLIE MAE                     IDENTITY THEFT ACT;
     CORPORATION, a Delaware corporation;    4)  VIOLATION OF THE CALIFORNIA
16   SELANIA A. PETROU an individual; and        CONSUMER CREDIT REPORTING
     DOES 1 through 50, inclusive,               AGENCIES ACT; AND
17                                           5)  DECLARATORY RELIEF

18               Defendants.

19

20

21          COMES NOW Plaintiff, JOHN G. PETROU (hereinafter "PLAINTIFF") and alleges against

22   Defendants NAVIENT CORPORATION (hereinafter "NAVIENT"), SALLIE MAE CORPORATION

23   (hereinafter "SALLIE MAE"), SELAINA A. PETROU (hereinafter "SELAINA"), and DOES 1 through

24   50, inclusive, (collectively "DEFENDANTS")  as follows:

25   ///

26   ///

27   ///

28   ///

## PRELIMINARY ALLEGATIONS

1.   PLAINTIFF was, and at all times mentioned herein, a resident of the County of San Diego, State of California.

2.   PLAINTIFF is informed and believes and thereon alleges that Defendant NAVIENT is a Delaware corporation doing business in and under the laws of the State of California in the City of San Diego, California with a principal place of business in Wilmington, Delaware.

3.   PLAINTIFF is informed and believes and thereon alleges that Defendant SALLIE MAE is a Delaware corporation doing business in and under the laws of the State of California in the City of San Diego, California with a principal place of business in Newark, Delaware.

4.   PLAINTIFF is informed and believes and thereon alleges that Defendant SELAINA is presently a resident of the County of San Diego, in the State of California.

5.   Defendants DOES 1 through 50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to PLAINTIFF. When the true names and capacities are ascertained, PLAINTIFF will amend this complaint by inserting their true names and capacities herein. PLAINTIFF is informed and believes, and thereon alleges that each of the fictitiously named defendants is liable as hereinafter mentioned.

6.   PLAINTIFF is further informed and believes, and thereon alleges, that each of the defendants is, and at all material times was, the agent, servant, or employee representative, independent contractor, partner, joint venturer, subsidiary, alter ego and/or employee of each or some of the other named defendants, and in doing the acts herein alleged and referred to, was acting within the course and scope of his, her, or its authority as such agent, servant, representative, independent contractor, partner, joint venturer, subsidiary, alter ego and/or employee with the express and/or implied approval, permission, knowledge, consent and ratification of all other named defendants, and in some manner are responsible for the occurrences hereinafter alleged, and such defendants are jointly and severally liable for the injuries and damages hereinafter described.

/ / /

/ / /

/ / /

## GENERAL ALLEGATIONS

7.    SELAINA is PLAINTIFF'S daughter.  In 2011, SELAINA began her undergraduate education at American University in Washington D.C.  On or around May 2011, PLAINTIFF told SELAINA, before her curriculum even started, that he could not pay for her tuition or help her with tuition.

8.    On or about April 2012, SELAINA contacted PLAINTIFF by phone and informed him she was applying for and filling out a student loan application for herself.  At that time, SELAINA stated she needed PLAINTIFF'S personal information for her loan because he is her father.  PLAINTIFF confirmed his driver's license number and social security number which he believes SELAINA already had.

9.    On or about April 26, 2012, SELAINA electronically signed PLAINTIFF'S name to a Master Promissory Note for a Federal Direct PLUS Loan. ("hereafter "Master Promissory Note"). (See Exhibit A).  The Master Promissory Note is a loan specifically made for the parents of undergraduate students.  In the Master Promissory Note, SELAINA filled in her father's information and listed herself as the recipient of the loans.  Additionally, SELAINA used her own cell phone number in place of PLAINTIFF'S, ensuring SELAINA, and not PLAINTIFF, was contacted about the Master Promissory Note.

10.   At all times, PLAINTIFF understood and believed SELAINA was applying for a student loan under her own name.  At no time did SELAINA indicate she was applying for a Master Promissory Note under PLAINTIFF'S name.  At no time did PLAINTIFF consent to SELAINA filling out the Master Promissory Note for him or in his name.

11.   On or about April 30, 2012, SALLIE MAE distributed $9,762.00 to American University as a Parent Plus Loan under the Master Promissory Note for the benefit of SELAINA.

12.   PLAINTIFF was unaware at this time that a loan had been taken out in his name.

///
///
///
///

---

Petrou v. Navient, et. al
Complaint                                    3                      Case No.

1       13.    On or about May 2013, SELAINA again contacted PLAINTIFF by phone. SELAINA

2  was in a panic because her student loan did not fund. SELAINA stated the Financial Aid Department

3  of American University needed additional paperwork from PLAINTIFF before the loan could be

4  processed. PLAINTIFF faxed his home loan information to American University as SELAINA

5  requested.

6       14.    Again, at all times, PLAINTIFF understood and believed SELAINA was applying for a

7  student loan under her own name and that she only needed PLAINTIFF'S information because he is her

8  father and she had referenced him in the application. At no time did SELAINA indicate she had filled

9  out the Master Promissory Note to apply for loans under PLAINTIFF'S name. At no time did

10  PLAINTIFF consent to SELAINA filling out the Master Promissory Note for him or in his name.

11       15.    On or about May 7, 2013, SALLIE MAE distributed $40,253.00 to American University

12  as a Parent Plus Loan under the Master Promissory Note for the benefit of SELAINA.

13       16.    On or about January 8, 2014, SELAINA attempted to take out a third loan in

14  PLAINTIFF'S name for $13,000.00. PLAINTIFF was made aware of this loan and immediately called

15  American University to cancel the loan. This loan was cancelled and never distributed to American

16  University or SELAINA.

17       17.    On or about December 18, 2014, PLAINTIFF received a letter from NAVIENT, as the

18  loan management subsidiary of SALLIE MAE, regarding payment of the two Parent Plus loans.

19  PLAINTIFF attempted to contact NAVIENT regarding the Parent Plus Loans to determine how the loans

20  were authorized without his consent.

21       18.    On our about May 15, 2015, PLAINTIFF sent a letter to NAVIENT disputing the

22  legitimacy of the Master Promissory Note, and requesting the original Master Promissory Note as well

23  as any information pertaining to the execution of the Master Promissory Note.

24       19.    On or about May 19, 2015, NAVIENT informed PLAINTIFF that before NAVIENT

25  could investigate the legitimacy of the Parent Plus Loans, PLAINTIFF had to fill out an Identity Theft

26  Affidavit and file an Identity Theft Report with the San Diego police department.   Thereafter,

27  PLAINTIFF filed a police report for identity theft.

28  ///

Petrou v. Navient, et. al
Complaint                                    4                        Case No.

1    20.    On or about October 5, 2015, PLAINTIFF sent NAVIENT the Identity Theft Affidavit

2    and all related documentation for NAVIENT to open an investigation.

3    21.    On or about November 12, 2015, NAVIENT sent a letter to PLAINTIFF informing him

4    that NAVIENT could not confirm his claim of identity theft and, therefore, closed the investigation.

5    However, NAVIENT'S investigation only consisted of a few unsuccessful attempts to contact

6    SELAINA. As NAVIENT was unable to contact SELAINA, NAVIENT states PLAINTIFF'S claim of

7    identity theft can not be confirmed. NAVIENT closed the investigation after only one month and

8    minimal effort.

9    22.    Despite the foregoing, NAVIENT is now attempting to collect payment on the two Parent

10    Plus Loans from PLAINTIFF in the amount of $50,015.00 before interest. The first payment is due

11    November 16, 2016.

12    23.    PLAINTIFF did not apply for the Master Promissory Note, he did not execute the Master

13    Promissory Note, and he did not give SELAINA consent to do so on his behalf. PLAINTIFF was

14    unaware these loans were being taken out in his name, because SELAINA represented that she was

15    applying for student loans in her name. Now these loans appear on PLAINTIFF'S credit report and will

16    continue to jeopardize PLAINTIFF'S credit rating as he attempts to rectify the situation.

17    24.    Further, PLAINTIFF has exhausted his internal remedies with NAVIENT to try to resolve

18    this matter.

19    **FIRST CAUSE OF ACTION**

20    **(Fraud – Against SELAINA and DOES)**

21    25.    PLAINTIFF hereby re-alleges and incorporates herein by this reference, paragraphs 1

22    through 24, as though fully set forth herein.

23    26.    As set forth above, SELAINA willfully and unlawfully used PLAINTIFF'S name,

24    address, driver's license number, and social security number on the Master Promissory Note in order to

25    apply for Parent Plus Loans.

26    ///

27    ///

28    ///

1       27.    SELAINA fraudulently misrepresented to PLAINTIFF that she was filling out student

2  loan applications for herself and only needed PLAINTIFF'S information because he is her father.

3  PLAINTIFF unknowingly gave his daughter information he believed she needed in order for SELAINA

4  to apply for a loan in her name.

5       28.    SELAINA then electronically signed PLAINTIFF'S name on the Master Promissory Note

6  without PLAINTIFF'S knowledge or consent.

7       29.    At no time did SELAINA have PLAINTIFF'S authorization or consent to use his personal

8  identifying information or his signature to obtain these loans.

9       30.    In conducting the aforementioned activity, SELAINA made fraudulent misrepresentations

10  to SALLIE MAE and/or NAVIENT, namely, forging PLAINTIFF'S electronic signature on the Master

11  Promissory Note regarding her reason for needing PLAINTIFF'S information.  The identity theft

12  protections put in place by SALLIE MAE and/or NAVIENT, if any, to verify electronic signatures was

13  clearly substandard.

14       31.    In conducting the aforementioned activity, SELAINA made fraudulent misrepresentations

15  to PLAINTIFF and attempted to illegally enter into a contract with SALLIE MAE and/or NAVIENT on

16  behalf of PLAINTIFF.

17       32.    As a result of the actions of SELAINA, the total amount of loans fraudulently taken out

18  in PLAINTIFF'S name is $50,015.00 before interest.

19       33.    As a result of the actions of SELAINA, PLAINTIFF has been damaged in the sum of

20  $50,015.00, plus interest, the exact amount to be determined at the time of trial.

21       34.    The aforementioned conduct of SELAINA was an intentional misrepresentation, deceit,

22  and/or concealment of material facts known made with the intention on the part of SELAINA of

23  depriving PLAINTIFF of property and legal rights or otherwise causing injury, and was despicable

24  conduct that subjected PLAINTIFF to a cruel and unjust hardship in conscious disregard of

25  PLAINTIFF'S rights, so as to justify and award of exemplary and/or punitive damages.

26  ///

27  ///

28  ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### SECOND CAUSE OF ACTION

#### (Cancellation/Rescission of the Parent Plus Loans

#### Against SALLIE MAE, NAVIENT and DOES)

35.    PLAINTIFF hereby re-alleges and incorporates herein by this reference, paragraphs 1 through 34, as though fully set forth herein.

36.    As set forth above, on or about April 2012, SELAINA misrepresented her intention of applying for a student loan.  Thereafter, she obtained PLAINTIFF'S personal identifying information, including his driver's licence number and social security number, in order to complete a Master Promissory Note in PLAINTIFF'S name.

37.    On or about April 26, 2012, SELAINA executed, through a forged electronic signature, the Master Promissory Note without PLAINTIFF'S knowledge or consent.  As a result, two Parent Plus loans were obtained in the total amount of $50,015.00 in PLAINTIFF'S name.

38.    The Master Promissory Note is invalid because it is admittedly premised on a transaction with PLAINTIFF that does not exist.  The Master Promissory Note specifically states it is for obtaining one or more Federal Direct PLUS loans as the parent of an undergraduate.  As set forth herein, PLAINTIFF has not agreed to perform anything in relation to the Master Promissory Note and is not a party to the Master Promissory Note.  At all times he believed the information he was providing to SELAINA was so she could apply for a student loan in her name which she would be solely responsible for paying back.

39.    Given the above, PLAINTIFF is entitled to rescission and/or cancellation of the Master Promissory Note and an order from this Court nullifying and voiding the Master Promissory Note and any right of SALLIE MAE and/or NAVIENT on collection of the loan.

### THIRD CAUSE OF ACTION

#### (Violation of the California Identity Theft Act

#### Against SALLIE MAE, NAVIENT and DOES)

40.    PLAINTIFF hereby re-alleges and incorporates herein by this reference, paragraphs 1 through 39, as though fully set forth herein.

///

Petrou v. Navient, et. al
Complaint

7

Case No.

1   41.    As set forth above, SELAINA willfully and unlawfully used PLAINTIFF'S name,

2   address, driver's license number, and social security number to apply for and receive two Parent Plus

3   Loans which were put toward SELAINA'S college tuition.  SELAINA also electronically signed

4   PLAINTIFF'S name on the Master Promissory Note in order to obtain these loans.  At no time did

5   SELAINA have PLAINTIFF'S authorization or consent to use PLAINTIFF'S personal identifying

6   information or his signature to obtain these loans.  As such, PLAINTIFF is a victim of identity theft

7   perpetrated by SELAINA.

8   42.    SELAINA intentionally used her own cell phone number on the Master Promissory Note

9   instead of PLAINTIFF'S phone number, thereby ensuring any inquiries were directed to her.  At all

10   times, PLAINTIFF understood and believed SELAINA was applying for a student loan under her own

11   name and that she only needed PLAINTIFF'S information because he is her father and she had

12   referenced him in the application.

13   43.    NAVIENT, as a claimant, purports to have a claim for the money owed on these student

14   loans as the subsidiary of SALLIE MAE through which the Parent Plus Loans were made.  On or about

15   November 12, 2015, NAVIENT stated in a letter to PLAINTIFF that the investigation of PLAINTIFF'S

16   claim of identity theft was closed because NAVIENT could not confirm PLAINTIFF'S claim.  As such,

17   NAVIENT stated it would continue to consider PLAINTIFF responsible for the loan and pursue

18   collection.  NAVIENT has since sent PLAINTIFF updated statements regarding payment.

19   44.    Pursuant to California Civil Code § 1798.93(a) "a person may bring an action against a

20   claimant to establish that the person is a victim of identity theft in connection with the claimant's claim

21   against that person."

22   45.    Given the above, PLAINTIFF, as a victim of identity theft, and as such, is entitled to a

23   declaration that he is not obligated to NAVIENT and/or SALLIE MAE on its claim for repayment of the

24   Parent Plus Loans pursuant to California Civil Code § 1798.93(c)(1).

25   46.    Given the above, PLAINTIFF is entitled to an injunction restraining NAVIENT and/or

26   SALLIE MAE from collection or attempting to collect from PLAINTIFF pursuant to California Civil

27   Code § 1798.93(c)(3).

28   ///

1    47.    Given the above, PLAINTIFF has incurred actual damages, attorneys' fees and costs, and

2  will continue to do so, the exact amount to be determined at the time of trial.

3    48.    Further, NAVIENT was notified by PLAINTIFF on October 5, 2015, of the identity theft.

4  PLAINTIFF also provided NAVIENT with a copy of the identity theft report filled out by the San Diego

5  Police Department.  However, after only one month of investigation consisting of only a few attempts

6  to contact SELAINA, NAVIENT informed PLAINTIFF the claim of identity theft cannot be confirmed.

7  No additional actions were taken and no additional facts were discovered by NAVIENT in that month.

8  Thereafter, the investigation was promptly closed.

9    49.    As such, NAVIENT failed to diligently investigate PLAINTIFF'S claim of identity theft

10  and continues to pursue PLAINTIFF for the first payment due November 16, 2016.  By reason of the

11  aforementioned conduct, PLAINTIFF is entitled to damages as a civil penalty of up to $30,000.00, the

12  exact amount to be determined at the time of trial pursuant to California Civil Code § 1798.93(c)(6).

13                           **FOURTH CAUSE OF ACTION**

14          **(Violation of the California Consumer Credit Reporting Agencies Act**

15                   **Against NAVIENT, SALLIE MAE and DOES)**

16    50.    PLAINTIFF hereby re-alleges and incorporates herein by this reference, paragraphs 1

17  through 49, as though fully set forth herein.

18    51.    Pursuant to California Civil Code § 1785.25(a) "a person shall not furnish information

19  on a specific transaction or experience to any consumer credit reporting agency if the person knows or

20  should know the information is incomplete or inaccurate."  This places a responsibility on the furnisher,

21  NAVIENT, to reasonably investigate disputed information.  The California Consumer Credit Reporting

22  Agencies Act ("CCRAA") is substantially based on the Federal Fair Credit Reporting Act ("FCRA")

23  and, as such, the federal provisions are given substantial weight in interpreting the California provisions.

24  (*Olson v. Six Rivers Nat'l Bank* (2003) 111 Cal.App.4th 1, 3).  Further, Courts have recognized that

25  section 1785.25(a) is the only substantive provision under the CCRAA that is saved from preemption

26  by the Fair Credit Reporting Act.  (*Carvalho v. Equifax Information Services, LLC* (2010) 629 F.3d 876,

27  889).  Under the FCRA, a furnisher must conduct a reasonable investigation with respect to disputed

28  information, review all the relevant information provided, and correct any inaccuracies.  (*Nelson v.*

1 | *Chase Manhattan Mortg. Corp.* (9th Cir. 2002) 282 F.3d 1057,1059). As set forth above, NAVIENT

2 | has failed to conduct a reasonable investigation.

3 |      52.     SELAINA willfully and unlawfully used PLAINTIFF'S personal identifying information

4 | and electric signature to procure loans through SALLIE MAE. At no time did SELAINA have

5 | PLAINTIFF'S authorization or consent to use PLAINTIFF'S personal identifying information or his

6 | signature to obtain these loans. As such, PLAINTIFF is a victim of identity theft perpetrated by

7 | SELAINA.

8 |      53.     On or about May 15, 2015, PLAINTIFF contacted NAVIENT to inform them that

9 | PLAINTIFF did not sign the Master Promissory Note, nor did PLAINTIFF authorize or consent for

10 | SELAINA to sign on his behalf.

11 |      54.     On or about October 5, 2015 PLAINTIFF provided NAVIENT with all of the required

12 | documentation needed to investigate the claim of identity theft, including his detailed declaration and

13 | the identity theft report filled out by the San Diego Police Department.

14 |      55.     On or about November 12, 2015 NAVIENT informed PLAINTIFF that the claim of

15 | identity theft could not be confirmed and, therefore NAVIENT was closing the investigation. However,

16 | NAVIENT'S investigation lasted only one month and only included a few attempts to contact

17 | SELAINA. No additional actions were taken and no additional facts were discovered by NAVIENT in

18 | that month. Not surprising, as the alleged perpetrator of the identity theft, SELAINA made no effort to

19 | speak to NAVIENT about the loans. Despite being unable to confirm the validity of the Master

20 | Promissory Note or discovery any facts that would refute PLAINTIFF'S allegations made in his Identity

21 | Theft Affidavit, NAVIENT closed the investigation. NAVIENT did not reasonably investigate

22 | PLAINTIFF'S allegations of identity theft.

23 |      56.     Given the above, PLAINTIFF is entitled to an injunction restraining NAVIENT and/or

24 | SALLIE MAE from collection or attempting to collect from PLAINTIFF.

25 |      57.     Given the above, PLAINTIFF has been damaged in the sum of $50,015.00, plus interest,

26 | the exact amount to be determined at the time of trial.

27 |      58.     Given the above, PLAINTIFF has incurred attorneys' fees and costs, and will continue

28 | to do so, the exact amount to be determined at the time of trial.

**FIFTH CAUSE OF ACTION**

**(Declaratory Relief – Against all DEFENDANTS)**

59.    PLAINTIFF hereby re-alleges and incorporates herein by this reference, paragraphs 1 through 58, as though fully set forth herein.

60.    An actual controversy has arisen and now exists between PLAINTIFF and DEFENDANTS relating to the unlawful execution of a Master Promissory Note on April 26, 2012, the issuance by SALLIE MAE of two Parent Plus Loans on April 30, 2012 and May 7, 2013 for the benefit of SELAINA, the failure of NAVIENT to diligently investigate the claim of identity theft, and NAVIENT'S continued pursuit of the claim against PLAINTIFF for repayment of the loans.

61.    PLAINTIFF desires a judicial determination as to the aforementioned issues.

62.    These declarations are necessary and appropriate at this time so PLAINTIFF may ascertain his rights and duties with respect to DEFENDANTS and determine whether DEFENDANTS must pay for PLAINTIFF'S losses as described herein.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays as follows:

**FIRST CAUSE OF ACTION (Fraud)**

1.    For damages of $50,015.00, plus interest, the exact amount to be determined at the time of trial;

2.    For punitive damages, the exact amount to be determined at the time of trial;

3.    For costs of suit herein incurred; and

4.    For such other and further relief as the Court may deem proper.

**SECOND CAUSE OF ACTION (Cancellation/Rescission of the Parent Plus Loans)**

1.    For an order and judgment by this Court that the Master Promissory Note be void and must be delivered and cancelled;

2.    For an order and judgment by this Court that the Master Promissory Note be rescinded;

3.    For attorneys' fees incurred herein;

4.    For costs of suit incurred herein; and

5.    For such other and further relief as this Court may deem proper.

1   **THIRD CAUSE OF ACTION** (Violation of the California Identity Theft Act)

2       1.   For a declaration by this Court that PLAINTIFF is not obligated to DEFENDANTS for

3           repayment of the Parent Plus Loans;

4       2.   For an injunction restraining NAVIENT and/or SALLIE MAE from collection or

5           attempting to collect on the loans from PLAINTIFF;

6       3.   For damages of up to $30,000.00, the exact amount to be determined at the time of trial;

7       4.   For costs of suit herein incurred;

8       5.   For reasonable attorneys' fees; and

9       6.   For such other and further relief as the Court may deem proper.

10   **FOURTH CAUSE OF ACTION** (Violation of the California Consumer Credit Reporting Agencies

11   Act)

12       1.   For an injunction restraining NAVIENT and/or SALLIE MAE from collection or

13           attempting to collect on the loans from PLAINTIFF;

14       2.   For damages of $50,015.00, plus interest, the exact amount to be determined at the time

15           of trial;

16       3.   For costs of suit herein incurred;

17       4.   For reasonable attorneys' fees; and

18       5.   For such other and further relief as the Court may deem proper.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1  **FIFTH CAUSE OF ACTION (Declaratory Relief):**

2      1.    That this Court determine the Master Promissory Note was fraudulently executed;

3      2.    That this Court determine the Master Promissory Note is void and must be delivered and

4          cancelled;

5      3.    That this Court determine that PLAINTIFF is not obligated to DEFENDANTS for

6          repayment of the Parent Plus Loans;

7      4.    That this Court determine NAVIENT and/or SALLIE MAE is estopped from collection

8          or attempting to collect on the loans from PLAINTIFF;

9      5.    For costs of the suit herein incurred;

10      6.    For reasonable attorney's fees; and

11      7.    For such other and further relief as this Court may deem proper

12  Dated: November 16, 2016          HAMILTON & MCINNIS, L.L.P.

13

14                          By:

15                            Ben-Thomas Hamilton, Attorneys for
                          Plaintiff, JOHN G. PETROU

16

17

18

19

20

21

22

23

24

25

26

27

28  K:\Clients\Petrou\Pleadings\Complaint.wpd

Petrou v. Navient, et. al                13             Case No.
Complaint

# EXHIBIT A

# Direct Loans

William D. Ford Federal Direct Loan Program

## Federal Direct PLUS Loan
## Application and Master Promissory Note
## William D. Ford Federal Direct Loan Program

OMB No. 1845-0068
Form Approved
Exp. Date 11/30/2012

Warning: Any person who knowingly makes a false statement or misrepresentation on this form or any accompanying document is subject to penalties that may include fines, imprisonment, or both, under the U.S. Criminal Code and 20 U.S.C. 1097.

**SECTION A: BORROWER INFORMATION - TO BE COMPLETED BY ALL BORROWERS. READ THE INSTRUCTIONS IN SECTION G BEFORE COMPLETING THIS SECTION.**

CHECK ONE - I am a: [ ] Graduate or Professional Student [X] Parent of a Dependent Undergraduate Student

1. Driver's License State and No.
CA 22012356

2. Social Security No. 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

3. Date of Birth (mm-dd-yyyy) 12/05/1966

4. E-mail Address (optional)
johnpetrou777@hotmail.com

5. Name and Permanent Address (see instructions)
PETROU , JOHN G
6067 CASTLETON DRIVE
SAN DIEGO CA 92117
UNITED STATES

6. Area Code/Telephone No. 7608327854

7. Citizenship Status (to be completed by parent borrowers only – check one)
(1) [X] U.S. Citizen or National
(2) [ ] Permanent Resident/Other Eligible Non-Citizen
If (2), Alien Registration No.

8. Employer's Name and Address
Scripps Hospital
354 Santa Fe Drive
Encinitas , CA 92024 UNITED STATES

9. Work Area Code/Telephone No.
7608227054

10. References: List two persons with different U.S. addresses who do not live with you and who have known you for at least three years. If you are a parent borrower, do not list the student.

| | 1. | 2. |
|---|---|---|
| Name | Christine Petrou | Sandrine Phillipe |
| Permanent Street Address | 116 5th street | 6067 Castleton Drive |
| City, State, Zip Code | Encinitas , CA 92024 UNITED STATES | San Diego , CA 92117 UNITED STATES |
| E-Mail Address (optional) | selaine.p@gmail.com | |
| Area Code/Telephone No | 7608227054 | 8582461571 |
| Relationship to Borrower | MOTHER | Wife |

**SECTION B: SCHOOL INFORMATION - TO BE COMPLETED BY THE SCHOOL**

11. School Name and Address
AMERICAN UNIVERSITY
4400 MASSACHUSETTS AVENUE NW
WASHINGTON , DC 200168020

12. School Code/Branch
G01434

13. Identification No.
626666844N13G01434999

**SECTION C: DEPENDENT UNDERGRADUATE STUDENT INFORMATION - TO BE COMPLETED BY PARENT BORROWERS ONLY**

14. Dependent Undergraduate Student's Name (last, first, middle initial)
Petrou , Selaine A

15. Social Security No.
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

16. Date of Birth (mm-dd-yyyy)
02/20/1993

**SECTION D: BORROWER REQUEST, CERTIFICATIONS, AUTHORIZATIONS, AND UNDERSTANDINGS - ALL BORROWERS READ CAREFULLY BEFORE SIGNING BELOW**

17. This is an Application and Master Promissory Note (MPN) for one or more Federal Direct PLUS (Direct PLUS) Loans. I request a Direct PLUS Loan under this MPN in an amount not to exceed my or (if I am a parent borrower) the student's annual cost of attendance, minus other financial aid received for each academic year. For each loan, the school will notify me of the loan amount that I am eligible to borrow. I may cancel a loan or request a lower amount by contacting the school. Additional information about my right to cancel a loan or request a lower amount is included in the Borrower's Rights and Responsibilities Statement and in the disclosure statements that will be provided to me. If I have an adverse credit history and obtain an endorser so that I may receive a Direct PLUS Loan, only one loan may be made to me under this MPN.

18. Under penalty of perjury, I certify that:

A. The information I have provided on this MPN and as updated by me from time to time is true, complete, and correct to the best of my knowledge and belief and is made in good faith.

B. I am (1) a graduate or professional student, (2) the biological or adoptive parent of the student identified in Section C, or (3) the spouse of the parent and my income and assets were reported on the Free Application for Federal Student Aid (FAFSA), or would be reported if a FAFSA were filed.

C. The proceeds of loans made under this MPN will be used for authorized educational expenses incurred by me or, if I am a parent borrower, by the student. I will immediately repay any loan proceeds that cannot be attributed to educational expenses for attendance on at least a half-time basis at the school that certified my loan eligibility.

D. If I owe an overpayment on a Federal Perkins Loan, Federal Pell Grant, Federal Supplemental Educational Opportunity Grant, Academic Competitiveness Grant (ACG), National Science and Mathematics Access to Retain Talent (SMART) Grant, or Leveraging Educational Assistance Partnership Grant, I have made satisfactory arrangements to repay the amount owed.

E. If I am in default on any loan received under the Federal Perkins Loan Program (including National Direct Student Loans), the William D. Ford Federal Direct Loan (Direct Loan) Program, or the Federal Family Education Loan (FFEL) Program, I have made satisfactory repayment arrangements with the holder to repay the amount owed.

F. If I have been convicted of, or pled nolo contendere (no contest) or guilty to, a crime involving fraud in obtaining funds under Title IV of the Higher Education Act of 1965, as amended (HEA), I have completed the repayment of the funds to the U.S. Department of Education (ED) or to the loan holder in the case of a Title IV federal student loan. If I am a parent applying for a Direct PLUS Loan for a dependent undergraduate student, and if that student has been convicted of, or pled nolo contendere or guilty to, a crime involving fraud in obtaining funds under Title IV of the HEA, the student has completed the repayment of the funds to ED, or to the loan holder in the case of a Title IV federal student loan.

19. For each Direct PLUS Loan I receive under this MPN, I make the following authorizations:

A. I authorize the school to certify my eligibility for the loan.

B. For each loan that I receive under this MPN, I authorize ED to investigate my credit record and report information about my loan status to persons and organizations permitted by law to receive that information.

C. I authorize the school to credit my loan proceeds to my account at the school if I am a graduate or professional student borrower or to the student's account at the school if I am a parent borrower.

D. I authorize the school to pay to ED any refund that may be due up to the full amount of the loan.

E. Unless I notify ED differently, I authorize ED to defer repayment of principal on my loan if I enroll at least half time at an eligible school and, if I am a graduate or professional student, for the 6-month period after I cease to be enrolled at least half-time.

F. I authorize the school and ED to release information about my loan to the references on the loan and to members of my immediate family, unless I submit written directions otherwise.

G. I authorize the schools, ED, and their agents to release information about my loan to each other.

H. I authorize my schools, ED, and their respective agents and contractors to contact me regarding my loan request or my loan, including repayment of my loan, at the current or any future number that I provide for my cellular telephone or other wireless device using automated dialing equipment or artificial or prerecorded voice or text messages.

20. I will be given the opportunity to pay the interest that accrues during deferment, forbearance, and other periods as provided under the Act ("the Act" is defined in Section F under Governing Law), including during in-school deferment periods. Unless I pay the interest, I understand that ED may add unpaid interest that accrues on each loan made under this MPN to the principal balance of that loan (this is called "capitalization") at the end of the deferment, forbearance, or other period. Capitalization will increase the principal balance on my loan and the total amount of interest I must pay.

21. I understand that ED has the authority to verify information reported on this MPN with other federal agencies.

**SECTION E: PROMISE TO PAY - TO BE COMPLETED BY ALL BORROWERS**

22. I promise to pay to ED all loan amounts disbursed under the terms of this MPN, plus interest and other charges and fees that may become due as provided in this MPN. I understand that, if I qualify, more than one loan may be made to me under this MPN for myself or for the student identified in Section C. I understand that by accepting any disbursement issued at any time under this MPN, I agree to repay the loan associated with that disbursement. I understand that, within certain timeframes, I may cancel or reduce the amount of a loan by refusing to accept or by returning all or a portion of any disbursement that is issued. Unless I make interest payments, interest that accrues on my loan during deferment, forbearance, or other periods will be added to the principal balance of the loan as provided under the Act. If I do not make a payment on a loan made under this MPN when it is due, I will also pay reasonable collection costs, including but not limited to attorney fees, court costs, and other fees. I will not sign this MPN before reading the entire MPN, even if I am told not to read it, or told that I am not required to read it. I am entitled to an exact copy of this MPN and the Borrower's Rights and Responsibilities Statement. My signature certifies that I have read, understand, and agree to the terms and conditions of this MPN, including the Borrower Request, Certifications, Authorizations, and Understandings in Section D, the Notice About Subsequent Loans Made Under this MPN in Section F, and the terms and conditions described in Section F of this MPN and in the Borrower's Rights and Responsibilities Statement.

**I UNDERSTAND THAT I MAY RECEIVE ONE OR MORE LOANS UNDER THIS MPN, AND THAT I MUST REPAY ALL LOANS THAT I RECEIVE UNDER THIS MPN.**

23. Borrower's Signature John G Petrou

24. Today's Date (mm-dd-yyyy) 04/26/2012

# Direct PLUS Loan MPN (continued)

## SECTION F: MPN TERMS AND CONDITIONS

### GOVERNING LAW

The terms of this Application and Master Promissory Note (MPN) will be interpreted in accordance with the Higher Education Act of 1965, as amended (20 U.S.C. 1070 et seq.), the U.S. Department of Education's (ED's) regulations, as they may be amended in accordance with their effective date, and other applicable federal laws and regulations (collectively referred to as the "Act"). Applicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies, and defenses in addition to those stated in this MPN.

### DISCLOSURE OF LOAN TERMS

This MPN applies to Federal Direct PLUS (Direct PLUS) Loans. Under this MPN, the principal amount that I owe, and am required to repay, will be the sum of all disbursements that are made (unless I reduce or cancel any disbursements as explained below under Loan Cancellation), plus any unpaid interest that is capitalized and added to the principal amount.

At or before the time of the first disbursement of each loan, a disclosure statement will be sent to me identifying the amount of the loan and additional terms of the loan. Important additional information is also contained in the Borrower's Rights and Responsibilities Statement accompanying this MPN. The Borrower's Rights and Responsibilities Statement and any disclosure statement I receive in connection with any loan under this MPN are hereby incorporated into this MPN.

I may request additional funds to pay for my or the student's educational costs by contacting the school's financial aid office. The school will determine if I am eligible for any additional loan funds. I will be notified of any increase or other change in the amount of my loan.

I understand that each loan made under this MPN is separately enforceable based on a true and exact copy of this MPN. I understand that ED may use a servicer to handle billing and other communications related to my loan.

### LOAN CANCELLATION

I may pay back all or part of a disbursement within the timeframes set by the Act, as explained in the Borrower's Rights and Responsibilities Statement and in a disclosure statement that I will receive. If I return the full loan amount within these timeframes, I will not incur any loan fee or interest charges. If I return part of a disbursement within those timeframes, the loan fee and interest charges will be reduced in proportion to the amount returned.

### INTEREST

Unless ED notifies me in writing of a lower rate, the interest rate for any loan I receive under this MPN is 7.9%.

Interest accrues on the unpaid principal balance of each loan from the date of disbursement until the loan is paid in full. This includes interest that accrues during deferment, forbearance, or other periods. I agree to pay all interest charges on my loan. I will be given the opportunity to pay the interest that accrues during a period of authorized deferment or forbearance. If I do not pay the interest, I understand that ED may capitalize the interest at the end of the deferment or forbearance, as provided under the Act.

### LOAN FEE

A loan fee of 4% is charged for each Direct PLUS Loan as provided by the Act, and will be deducted proportionately from each disbursement of each of my loans. The loan fee will be shown on disclosure statements that will be issued to me. I understand the loan fee may be refundable only as permitted by the Act.

### LATE CHARGES AND COLLECTION COSTS

ED may collect from me: (1) a late charge of not more than six cents for each dollar of each late payment if I fail to make any part of a required installment payment within 30 days after it becomes due, and (2) any other charges and fees that are permitted by the Act related to the collection of my loans. If I default on my loans, I will pay reasonable collection costs, plus court costs and attorney fees.

### REPAYMENT

I must repay the full amount of the loans made under this MPN, plus accrued interest. I will repay each loan in monthly installments during a repayment period that begins on the day of the final disbursement of that loan. Payments made by me or on my behalf will be applied first to late charges and collection costs that are due, then to interest that has not been paid, and finally to the principal amount of the loan, except during periods of repayment under an Income-Based Repayment Plan, when payments will be applied first to interest that is due, then to fees that are due, and then to the principal amount.

ED will provide me with a choice of repayment plans. Information on these repayment plans is included in the Borrower's Rights and Responsibilities Statement.

ED will provide me with a repayment schedule that identifies my payment amounts and due dates. If I am unable to make my scheduled loan payments, ED may allow me to temporarily stop making payments, reduce my payment amount, or extend the time for making payments, as long as I intend to repay my loan. Allowing me to temporarily delay or reduce loan payments is called forbearance.

ED may adjust payment dates on my loans or may grant me forbearance to eliminate a delinquency that remains even though I am making scheduled installment payments.

I may prepay all or part of the unpaid balance on my loans at any time without penalty. If I do not specify which loans I am prepaying, ED will determine how to apply the prepayment in accordance with this MPN. If I have repaid in full a loan made under this MPN, ED will send me a notice telling me that I have paid off my loan.

### ACCELERATION AND DEFAULT

At ED's option, the entire unpaid balance of a loan made under this MPN will become immediately due and payable (this is called "acceleration") if any one of the following events occurs: (1) I (or the student) do not enroll as at least a half-time student at the school that certified my loan eligibility; (2) I do not use the proceeds of the loan solely for my or the student's educational expenses; (3) I make a false representation that results in my receiving a loan for which I am not eligible; or (4) I default on the loan.

The following events will constitute a default on my loan: (1) I do not pay the entire unpaid balance of the loan after ED has exercised its option under these (1), (2), and (3) in the preceding paragraph; (2) I do not make installment payments when due, provided

my failure has persisted for at least 270 days; or (3) I do not comply with other terms of the loan, and ED reasonably concludes that I no longer intend to honor my repayment obligation. If I default, ED may capitalize all outstanding interest, increasing the principal balance, and the full amount of the loan, including the new principal balance and collection costs, will become immediately due and payable.

If I default, the default will be reported to national consumer reporting agencies and will significantly and adversely affect my credit history. I understand that a default will have additional adverse consequences to me as disclosed in the Borrower's Rights and Responsibilities Statement. Following default, I may be required to repay the loan (including potential collection of amounts in excess of the principal and interest) under the Income-Based Repayment plan or Income contingent repayment plan in accordance with the Act.

### LEGAL NOTICES

Any notice required to be given to me will be effective if sent by first class mail to the most recent address I have provided, or by any other method of notification permitted or required by applicable statute or regulation. I will immediately notify ED of a change of contact information or status as specified in the Borrower's Rights and Responsibilities Statement.

If ED fails to enforce or insist on compliance with any term of this MPN, this does not waive any right of ED. No provision of this MPN may be modified or waived except in writing by ED. If any provision of this MPN is determined to be unenforceable, the remaining provisions will remain in force.

Information about my loans will be submitted to the National Student Loan Data System (NSLDS). Information in NSLDS is accessible to schools, lenders, and guarantors for specific purposes as authorized by ED.

### NOTICE ABOUT SUBSEQUENT LOANS MADE UNDER THIS MPN

This MPN authorizes ED to disburse multiple loans to me to pay my educational expenses or, if I am a parent borrower, the educational expenses of the student identified in Section C during the multi-year term of this MPN, upon my request and upon the school's annual certification of my loan eligibility. If I have an adverse credit history and obtain an endorser to receive a Direct PLUS Loan, only one loan may be made under this MPN.

At schools that are authorized to use the multi-year feature of the MPN and choose to do so, subsequent loans may be made under this MPN for subsequent academic years. At any school, subsequent loans may be made under this MPN for the same academic year.

I understand that no subsequent loans will be made under this MPN after the earliest of the following dates: (1) the date ED or the school receives my written notice that no further loans may be made; (2) one year after the date I sign the MPN or the date ED receives the MPN if no disbursements are made under the MPN, or (3) ten years after the date I sign the MPN or the date ED receives the MPN.

Any change to the Act applies to loans in accordance with the effective date of the change.

## Direct PLUS Loan MPN *(continued)*

**SECTION G. INSTRUCTIONS FOR COMPLETING THE MPN**

*This is a Master Promissory Note (MPN) under which you may receive multiple Direct PLUS Loans for yourself or for the dependent undergraduate student identified in Section D over a maximum ten-year period. ("Dependent" is defined in the Act and is different from the definition used by the Internal Revenue Service.)*

*ED will perform a credit check with a national consumer reporting agency before approving each loan. If you have an adverse credit history, you may not borrow a Direct PLUS Loan unless you (1) document to ED's satisfaction that there are extenuating circumstances related to the adverse credit history, or (2) obtain an endorser who does not have an adverse credit history. An endorser is someone who agrees to repay the loan if you do not do so. If you are a parent borrower, the endorser may not be the student for whom you are borrowing the loan.*

*Print using a blue or black ink ballpoint pen or type. Do not use pencil. Report all dates as month-day-year (mm-dd-yyyy). Use only numbers. Example: June 24, 1982 = 06-24-1982.*

*Some of the items in Sections A and D may have been completed for you. If so, review these items carefully to make sure that the information is correct. Cross out any information that is incorrect and enter the correct information. Put your initials next to any information that you change.*

**SECTION A. BORROWER INFORMATION**

*IMPORTANT: Check the appropriate box to indicate whether you are a Graduate or Professional Student or a Parent of a Dependent Undergraduate Student before completing the Borrower Information section.*

**Item 1.** Enter the two-letter abbreviation for the state that issued your current driver's license, followed by your driver's license number. If you do not have a driver's license, enter N/A.

**Item 2.** Enter your nine-digit Social Security Number.

**Item 3.** Enter your date of birth.

**Item 4.** Enter your preferred e-mail address for receiving communications. You are not required to provide this information. If you do, we may use your e-mail address to communicate with you. If you do not have an e-mail address or do not wish to provide one, enter N/A.

**Item 5.** Enter your last name, then your first name and middle initial. Enter your permanent address (number, street, apartment number, or rural route number and box number, then city, state, zip code). If your mailing address is a post office box or general delivery, you must list both your street address and your mailing address. If you do not have a permanent street address or rural route number and box number, provide the physical location of your residence. A temporary school address is not acceptable.

**Item 6.** Enter the area code and telephone number at which you can most easily be reached. (Do not list your work telephone number here.) If you do not have a telephone, enter N/A.

**Item 7.** Complete this item only if you are a parent borrower. Place a check in the box that corresponds to your citizenship status. If you check box (2), enter your Alien Registration Number.

(1) "U.S. Citizen" includes citizens of the 50 states, the District of Columbia, Puerto Rico, the U.S. Virgin Islands, Guam, and the Northern Mariana Islands. "National" includes not only all U.S. citizens, but also citizens of American Samoa and Swain's Island.

(2) "Permanent Resident" means someone who can provide documentation of this status from the U.S. Citizenship and Immigration Services (USCIS). "Other Eligible Non-Citizen" includes individuals who can provide documentation from the USCIS that they are in the United States for a purpose that is not temporary, with the intention of becoming a citizen or permanent resident. This category includes refugees, persons granted asylum, Cuban-Haitian entrants, temporary residents under the Immigration Reform and Control Act of 1986, and others.

NOTE: If your citizenship status is not one of the categories described above, you are not eligible to receive a Direct PLUS Loan.

**Item 8.** Enter your employer's name and address (street, city, state, zip code). If you are self-employed, enter the name and address of your business. If you are not employed, enter N/A.

**Item 9.** Enter your work area code and telephone number. If you are self-employed, enter the area code and telephone number of your business.

**Item 10.** Enter the requested information for two adults with different U.S. addresses who do not live with you and who have known you for at least three years. If you are a parent borrower, do not list the student for whom you are borrowing as a reference. References who live outside the United States are not acceptable. If a reference does not have a telephone number or e-mail address, or does not wish to provide an e-mail address, enter N/A. If you provide an e-mail address for a reference, ED may use it to communicate with that reference.

**SECTION B. SCHOOL INFORMATION**

This section will be completed by the school that certifies your loan eligibility.

**SECTION C. DEPENDENT UNDERGRADUATE STUDENT INFORMATION**

*Complete this section only if you are a parent borrowing for a dependent undergraduate student.*

**Item 14.** Enter the student's last name, then first name and middle initial.

**Item 15.** Enter the student's nine-digit Social Security Number.

**Item 16.** Enter the student's date of birth.

**SECTION D. BORROWER REQUEST, CERTIFICATIONS, AUTHORIZATIONS, AND UNDERSTANDINGS**

Items 17, 18, 19, 20, and 21. Read these items carefully.

**SECTION E. PROMISE TO PAY**

**Item 22.** Read this item carefully.

Items 23 and 24. Sign your full legal name, in blue or black ink, and enter the date you signed this MPN.

By signing this MPN, you:

(1) Acknowledge that you have read, understand, and agree to the terms and conditions of the MPN, including the Borrower Request, Certifications, Authorizations, and Understandings in Section D and the accompanying Borrower's Rights and Responsibilities Statement.

(2) Agree to repay in full all loans made under this MPN according to the terms and conditions of the MPN.

## Direct PLUS Loan MPN *(continued)*

### SECTION D. IMPORTANT NOTICES

#### GRAMM-LEACH-BLILEY ACT NOTICE

In 1999, Congress enacted the Gramm-Leach-Bliley Act (Public Law 106-102). This Act requires that lenders provide certain information to their customers regarding the collection and use of nonpublic personal information.

We disclose nonpublic personal information to third parties only as necessary to process and service your loan and as permitted by the Privacy Act of 1974. See the Privacy Act Notice below. We do not sell or otherwise make available any information about you to any third parties for marketing purposes.

We protect the security and confidentiality of nonpublic personal information by implementing the following policies and practices. All physical access to the sites where nonpublic personal information is maintained is controlled and monitored by security personnel. Our computer systems offer a high degree of resistance to tampering and circumvention. These systems limit data access to our staff and contract staff on a "need-to-know" basis, and control individual users' ability to access and alter records within the systems. All users of these systems are given a unique user ID with personal identifiers. All interactions by individual users with the systems are recorded.

#### PRIVACY ACT NOTICE

The Privacy Act of 1974 (5 U.S.C. 552a) requires that the following notice be provided to you:

The authority for collecting the requested information from and about you is §451 et seq. of the Higher Education Act (HEA) of 1965, as amended (20 U.S.C. 1087a et seq.) and the authorities for collecting and using your Social Security Number (SSN) are §§428B(f) and 484(a)(4) of the HEA (20 U.S.C. 1078-2(f) and 1091(a)(4)) and 31 U.S.C. 7701(b). Participating in the William D. Ford Federal Direct Loan (Direct Loan) Program and giving us your SSN are voluntary, but you must provide the requested information, including your SSN, to participate.

The principal purposes for collecting the information on this form, including your SSN, are to verify your identity, to determine your eligibility to receive a loan or a benefit on a loan (such as a deferment, forbearance, discharge, or forgiveness) under the Direct Loan Program, to permit the servicing of your loan(s), and, if it becomes necessary, to locate you and to collect and report on your loan(s) if your loan(s) become delinquent or in default. We also use your SSN as an account identifier and to permit you to access your account information electronically.

The information in your file may be disclosed, on a case by case basis or under a computer matching program, to third parties as authorized under routine uses in the appropriate systems of records notices. The routine uses of this information include, but are not limited to, its disclosure to federal, state, or local agencies, to private parties such as relatives, present and former employers, business and personal associates, to consumer reporting agencies, to financial and educational institutions, and to guaranty agencies in order to verify your identity, to determine your eligibility to receive a loan or a benefit on a loan, to permit the servicing or collection of your loan(s), to enforce the terms of the loan(s), to investigate possible fraud and to verify compliance with federal student financial aid program regulations, or to locate you if you become delinquent in your loan payments or if you default. To provide default rate calculations, disclosures may be made to guaranty agencies, to financial and educational institutions, or to state agencies. To provide financial aid history information, disclosures may be made to educational institutions. To assist program administrators with tracking refunds and cancellations, disclosures may be made to guaranty agencies, to financial and educational institutions, or to federal or state agencies. To provide a standardized method for educational institutions to efficiently submit student enrollment status, disclosures may be made to guaranty agencies or to financial and educational institutions. To counsel you in repayment efforts, disclosures may be made to guaranty agencies, to financial and educational institutions, or to federal, state, or local agencies.

In the event of litigation, we may send records to the Department of Justice, a court, adjudicative body, counsel, party, or witness if the disclosure is relevant and necessary to the litigation. If this information, either alone or with other information, indicates a potential violation of law, we may send it to the appropriate authority for action. We may send information to members of Congress if you ask them to help you with federal student aid questions. In circumstances involving employment complaints, grievances, or disciplinary actions, we may disclose relevant records to adjudicate or investigate the issues. If provided for by a collective bargaining agreement, we may disclose records to a labor organization recognized under 5 U.S.C. Chapter 71. Disclosures may be made to our contractors for the purpose of performing any programmatic function that requires disclosure of records. Before making any such

disclosure, we will require the contractor to maintain Privacy Act safeguards. Disclosures may also be made to qualified researchers under Privacy Act safeguards.

#### FINANCIAL PRIVACY ACT NOTICE

Under the Right to Financial Privacy Act of 1978 (12 U.S.C. 3401-3421), ED will have access to financial records in your student loan file maintained in compliance with the administration of the Direct Loan Program.

#### PAPERWORK REDUCTION NOTICE

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a currently valid OMB control number. The valid OMB control number for this information collection is 1845-0068. The time required to complete this information collection is estimated to average 0.5 hours (30 minutes) per response, including the time to review instructions, search existing data sources, gather and maintain the data needed, and complete and review the information. If you have any comments concerning the accuracy of the time estimate(s) or suggestions for improving this form, please write to: U.S. Department of Education, Washington, DC 20202-4537. If you have any comments or concerns regarding the status of your individual submission of this form, write directly to:

U.S. Department of Education
Common Origination and Disbursement School Relations Center
Attn: Applicant Services
PO Box 9002
Niagara Falls, NY 14302

## William D. Ford Federal Direct Loan Program
## Direct PLUS Loan Borrower's Rights and Responsibilities Statement

*Important Notice: This Borrower's Rights and Responsibilities Statement provides additional information about the terms and conditions of the loans you receive under the accompanying Federal Direct PLUS Loan (Direct PLUS Loan) Application and Master Promissory Note (MPN). Please keep this Borrower's Rights and Responsibilities Statement for your records. You may request another copy of this Borrower's Rights and Responsibilities Statement at any time by contacting your servicer.*

*Throughout this Borrower's Rights and Responsibilities Statement, the words "we," "us," and "our" refer to the U.S. Department of Education. The word "loan" refers to one or more loans made under the Direct PLUS Loan MPN.*

(Note to endorser: An endorser is someone who agrees to repay a Direct PLUS Loan if the borrower does not repay the loan. If you are the endorser of a Direct PLUS Loan, you are not entitled to all of the same benefits as a Direct PLUS Loan borrower, and not all of the terms and conditions of a Direct PLUS Loan apply to you. However, you should read this entire Borrower's Rights and Responsibilities Statement. We have highlighted important information that applies to you as an endorser.

**1. The William D. Ford Federal Direct Loan Program.** The William D. Ford Federal Direct Loan (Direct Loan) Program includes the following types of loans, known collectively as "Direct Loans":

- Federal Direct Stafford/Ford Loans (Direct Subsidized Loans)
- Federal Direct Unsubsidized Stafford/Ford Loans (Direct Unsubsidized Loans)
- Federal Direct PLUS Loans (Direct PLUS Loans)
- Federal Direct Consolidation Loans (Direct Consolidation Loans)

The Direct Loan Program is authorized by Title IV, Part D, of the Higher Education Act of 1965, as amended, 20 U.S.C. 1070 et seq (HEA).

Direct Loans are made by the U.S. Department of Education. We contract with servicers to service, answer questions about, and process payments on Direct Loans. We will provide you with the address and telephone number of your servicer after the school notifies us that the first disbursement of your loan has been made.

**2. Laws that apply to this MPN.** The terms and conditions of loans made under this MPN are determined by the HEA and other applicable federal laws and regulations. These laws and regulations are referred to as "the Act" throughout this Borrower's Rights and Responsibilities Statement. State law, unless it is preempted by federal law, may provide you with certain rights, remedies, and defenses in addition to those stated in the MPN and this Borrower's Rights and Responsibilities Statement.

NOTE: Any change to the Act applies to loans in accordance with the effective date of the change.

**3. Direct PLUS Loans.** Direct PLUS Loans are loans made to graduate or professional students or to parents of dependent undergraduate students to help pay for the cost of education beyond high school. To be eligible for a Direct PLUS Loan:

- You must be a graduate or professional student or the biological or adoptive parent of the dependent undergraduate student for whom you are borrowing. If you are the spouse of the dependent undergraduate student's parent, you may borrow a Direct PLUS Loan if your income and assets were reported on the Free Application for Federal Student Aid (FAFSA), or would be reported if a FAFSA were filed.
- You, and if you are a parent borrower your child, must be a U.S. citizen or national, a permanent resident of the United States, or an otherwise eligible non-citizen.
- You, and if you are a parent borrower your child, must not be in default on a federal education loan or owe an overpayment on a federal education grant, and must not have been convicted of, or pled nolo contendere (no contest) or guilty to, a crime involving fraud in obtaining funds under the Act.
- You must not have an adverse credit history (unless you meet certain other requirements – see below).
- You, or if you are a parent borrower your child, must be enrolled at least half time at a school that participates in the Direct PLUS Loan Program.

We will check your credit history each time you request a Direct PLUS Loan. If you have an adverse credit history, you may not borrow a Direct PLUS Loan unless you (1) document to our satisfaction that there are extenuating circumstances related to the adverse credit history, or (2) obtain an endorser who does not have an adverse credit history. An endorser is someone who agrees to repay the Direct PLUS Loan if you do not do so. If you are a parent borrower, the endorser of a Direct PLUS Loan may not be the student for whom you are borrowing the loan.

If you are a graduate or professional student, you must complete a Free Application for Federal Student Aid (FAFSA) and your school must determine your eligibility for the maximum annual Direct Subsidized Loan and Direct Unsubsidized Loan amounts before you apply for a Direct PLUS Loan.

If you have questions about your eligibility for a Direct PLUS Loan, contact the financial aid office at the school you or, if you are a parent borrower, the student attend or are planning to attend.

**4. About the MPN.** You may receive more than one loan under this MPN over a period of up to 10 years to pay for your educational costs (if you are a graduate or professional student borrower) or for the educational costs of the student identified in Section C of the MPN (if you are a parent borrower), as long as the school is authorized to use the multi-year feature of the MPN and chooses to do so.

*Page 5 of 10*

- If the school is not authorized to use the multi-year feature of the MPN or chooses not to do so, or if you do not want to receive more than one loan under this MPN, you must sign a new MPN for each loan that you receive. If you do not want to receive more than one loan under this MPN, you must notify the school or your servicer in writing.

If we determine that you have an adverse credit history and you obtain an endorser (see Item 3, "Direct PLUS Loans"), you may receive only one loan under this MPN. If you later want to receive another Direct PLUS Loan, you must sign a new MPN. If you receive a loan under this MPN without an endorser, but are later determined to have an adverse credit history and obtain an endorser for a future Direct PLUS Loan, you will have to sign a new MPN for that loan.

**5. Direct PLUS Loans and eligibility for other financial aid.** If you borrow a Direct PLUS Loan, this may affect your eligibility for other financial aid. Therefore, we suggest that you contact the school's financial aid office to determine eligibility for grants, work-study funds, or other forms of federal, state and private student aid that do not have to be repaid before you apply for a Direct PLUS Loan.

**6. Use of your loan money.** You may use the loan money you receive only to pay for your authorized educational expenses or, if you are a parent borrower, for the student's authorized educational expenses for attendance at the school that determined you were eligible to receive the loan. Authorized expenses include the following:

- Tuition
- Room
- Board
- Institutional fees
- Books
- Supplies
- Equipment
- Dependent child care expenses
- Transportation
- Commuting expenses
- Rental or purchase of a personal computer
- Loan fees
- Other documented, authorized costs

**7. Information you must report to us after you receive your loan.** You must notify your servicer and/or the financial aid office at the school about certain changes.

Until you or (if you are a parent borrower) the student graduate or otherwise leave school, you must notify the school's financial aid office if:

- You change your address or telephone number;
- You change your name (for example, maiden name to married name);
- You or (if you are a parent borrower) the student –
  - Do not enroll at least half time for the loan period certified by the school, or
  - Do not enroll at the school that determined you were eligible to receive the loan;

## William D. Ford Federal Direct Loan Program
### Direct PLUS Loan Borrower's Rights and Responsibilities Statement

- You or (if you are a parent borrower) the student stop attending school or drop below half-time enrollment;
- You or (if you are a parent borrower) the student transfer from one school to another school; or
- You or (if you are a parent borrower) the student graduate.

You must also notify your servicer if any of the above events occur at any time after you receive your loan. In addition, you must notify your servicer if you:

- Change your employer, or your employer's address or telephone number changes; or
- Have any other change in status that would affect your loan (for example, if you receive a deferment while you are unemployed, but you find a job and therefore no longer meet the eligibility requirements for the deferment).

*Note to Endorser: You must notify your servicer if you change your address, telephone number, name, or employer, or if your employer's address or telephone number changes.*

**8.   Amount you may borrow.**  For each academic year, you may borrow up to – but not more than – the amount of your estimated cost of attendance (if you are a graduate or professional student borrower) or the student's estimated cost of attendance (if you are a parent borrower), minus the amount of any other financial aid received for that academic year.  The school determines the cost of attendance using federal guidelines. It is important not to borrow more than you can afford to repay, even if you are eligible to borrow more.

**9.   Interest rate.**  The interest rate on a Direct PLUS Loan is a fixed rate of 7.9%, if you qualify under the Servicemembers Civil Relief Act, the interest rate on your loans obtained prior to military service may be limited to 6% during your military service.  To receive this benefit, you must contact your servicer for information about the documentation you must provide to show that you qualify.

*Note to Endorser: You are eligible for the reduced interest rate described above based on the borrower's military service of your own military service, but only for a Direct PLUS Loan for which you signed an Endorser Addendum prior to the earlier of the beginning date of the borrower's military service or the beginning date of your military service.*

**10.   Payment of interest.**  Except as provided below for borrowers who serve in the military, interest accrues on each Direct PLUS Loan that you receive from the date the loan is first disbursed until it is repaid in full, including during periods of deferment or forbearance. If you do not pay the interest as it accrues (for example, during an in-school deferment), we will add it to the unpaid principal amount of your loan. This is called "capitalization." Capitalization increases the unpaid principal balance of your loan, and interest then accrues on the increased principal

amount. We capitalize unpaid interest when you resume repayment after periods of deferment or forbearance.  We may also capitalize unpaid interest that has accrued since the first disbursement of your loan when you enter repayment for the first time.

Under the no accrual of interest benefit for active duty service members, we do not charge interest on Direct Loan Program Loans first disbursed on or after October 1, 2008 during periods of qualifying active duty military service (for up to 60 months).

The chart that follows shows the difference in the total amount you would repay on a $16,000 Direct PLUS Loan if you pay the interest as it is charged during a 12-month deferment or forbearance period, compared to the amount you would repay if you do not pay the interest and it is capitalized. In this example, you would pay $15 less per month and $1,716 less altogether if you pay the interest as it is charged during a 12-month deferment or forbearance period.

| | If you pay the interest as it is charged... | If you do not pay the interest and it is capitalized... |
|---|---|---|
| Loan Amount | $16,000 | $16,000 |
| Capitalized Interest for 12 Months (at the rate of 7.9%) | $0 | $1,166 |
| Principal to be Repaid | $16,000 | $16,166 |
| Monthly Payment (Standard Repayment Plan) | $181 | $196 |
| Number of Payments | 120 | 120 |
| Total Amount Repaid | $21,744 | $23,462 |

You may be able to claim a federal income tax deduction for interest payments you make on Direct Loans.  For further information, refer to IRS Publication 970, which is available at http://www.irs.ustreas.gov.

**11.   Loan fee.**  We charge a loan fee of 4% of the principal amount of each loan you receive. This fee will be subtracted proportionally from each disbursement of your loan.  The loan fee will be shown on a disclosure statement that we send to you.

**12.   Repayment incentive programs.**  A repayment incentive is a benefit that we offer to encourage you to repay your loan on time.  Under a repayment incentive program, the interest rate we charge on your loan may be reduced.  Some repayment incentive programs require you to make a certain number of payments on time to keep the reduced interest rate.  The two repayment incentive programs described below may be available to you.  Your servicer can provide you with more information on other

repayment incentive programs that may be available.

*(1)  Interest Rate Reduction for Automatic Withdrawal of Payments*

Under the automatic withdrawal option, your bank automatically deducts your monthly loan payment from your checking or savings account and sends it to us.  Automatic withdrawal helps to ensure that your payments are made on time.  In addition, you receive a 0.25% interest rate reduction while you repay under the automatic withdrawal option.  We will include information about the automatic withdrawal option in your first bill.  You can also get the information on your servicer's web site, or by calling your servicer.  Your servicer's web site address and toll-free telephone number are provided on all correspondence that your servicer sends you.

*(2) Up-Front Interest Rebate*

You may receive an up-front interest rebate on your Direct PLUS Loan.  The rebate is equal to a percentage of the loan amount that you borrow.  This is the same amount that would result if the interest rate on your loan were lowered by a specific percentage, but you receive the rebate up front.  The correspondence that you receive about your loan will tell you if you received an up-front interest rebate.

To keep an up-front interest rebate that you receive on your loan, you must make all of your first 12 required monthly payments on time when your loan enters repayment.  "On time" means that we must receive each payment no later than 6 days after the due date.

You will lose the rebate if you do not make all of your first 12 required monthly payments on time.  If you lose the rebate, we will add the rebate amount back to the principal balance on your loan account.  This will increase the amount that you must repay.

**13.   Disbursement** (how your loan money will be paid out).  Generally, the school will disburse (pay out) your loan money in more than one installment, usually at the beginning of each academic term (for example, at the beginning of each semester or quarter).  If the school does not use academic terms or does not have academic terms that must contain requirements, it will generally disburse your loan in at least two installments, one at the beginning of the period of study for which you are receiving the loan, and one at the midpoint of that period of study.

The school may disburse some or all of your loan money by crediting it to your account at the school (if you are a graduate or professional student borrower) or to the student's account at the school (if you are a parent borrower), or may give it to you directly by check or other means.  Your servicer will notify you in writing each time the school disburses part of your loan money.

If you are a graduate or professional student and have not previously received a Direct PLUS Loan or a Federal PLUS Loan under the Federal Family Education Loan (FFEL) Program, you must

Page 6 of 10

## William D. Ford Federal Direct Loan Program
### Direct PLUS Loan Borrower's Rights and Responsibilities Statement

receive entrance counseling before your school can make the first disbursement of your loan.

If the school credits your loan money to your or the student's account and the amount credited is more than the amount of the tuition and fees, room and board, and other authorized charges, the excess amount is called a credit balance.

Unless you authorize the school to hold the credit balance for you, the school must pay you the credit balance within the following timeframes:

- If the credit balance occurs after the first day of class of a payment period (the school can tell you this date), the school must pay you the credit balance no later than 14 days after the date the balance occurs.

- If the credit balance occurs on or before the first day of class of a payment period, the school must pay you the credit balance no later than 14 days after the first day of class of the payment period.

If you are a parent borrower, you may authorize the school to pay the credit balance to the student.

14. Cancelling your loan. Before your loan money is disbursed, you may cancel all or part of your loan at any time by notifying the school. After your loan money is disbursed, there are two ways to cancel all or part of your loan:

- If the school obtains your written confirmation of the types and amounts of Title IV loans that you want to receive for an award year before crediting loan money to your or the student's account at the school, you may tell the school that you want to cancel all or part of that loan within 14 days after the date the school notifies you of your right to cancel all or part of the loan, or by the first day of the school's payment period, whichever is later (the school can tell you the first day of the payment period). If the school does not obtain your written confirmation of the types and amounts of loans you want to receive before crediting the loan money to your or the student's account, you may cancel all or part of that loan by informing the school within 30 days of the date the school notifies you of your right to cancel all or part of the loan. In either case, the school will return the cancelled loan amount to us.

If you ask the school to cancel all or part of your loan outside the timeframes described above, the school may process your cancellation request, but it is not required to do so.

- Within 120 days of the date the school disburses your loan money (by crediting the loan money to your or the student's account at the school, by paying it directly to you, or both), you may return all or part of your loan to us. Contact your servicer for guidance on how and where to return your loan money.

You do not have to pay interest or the loan fee on the part of your loan that is cancelled or returned within the timeframes described above, and if you received an up-front interest rebate, the rebate

does not apply. Your loan will be adjusted to eliminate any interest, loan fee, and rebate amount that applies to the amount of the loan that is cancelled or returned.

15. Repaying your loan. The repayment period for each Direct PLUS Loan made under this MPN begins on the date of the final disbursement for that loan. This means that the repayment period for each loan you receive under this MPN will begin on a different date. Unless you receive a deferment or forbearance (see item 21), your first payment on each loan will be due within 60 days of the final disbursement of that loan. Your servicer will notify you of the date your first payment is due.

You must make payments on your loan even if you do not receive a bill or repayment notice.

Unless otherwise restricted by loan type, you must repay all of your Direct Loans under the same repayment plan. You may choose one of the following repayment plans to repay your Direct PLUS Loan:

- **Standard Repayment Plan** – Under this plan, you will make fixed monthly payments and repay your loan in full within 10 years (not including periods of deferment or forbearance) from the date the loan entered repayment. Your payments must be at least $50 a month ($600 a year) and will be more, if necessary, to repay the loan within the required time period.

- **Graduated Repayment Plan** – Under this plan, you will usually make lower payments at first, and your payments will gradually increase over time. You will repay your loan in full within 10 years (not including periods of deferment or forbearance) from the date the loan entered repayment. No single payment will be more than three times greater than any other payment.

- **Extended Repayment Plan** – Under this plan, you will repay your loan in full over a period not to exceed 25 years (not including periods of deferment or forbearance) from the date the loan entered repayment. You may choose to make fixed monthly payments or graduated monthly payments that start out lower and gradually increase over time. Your payments must be at least $50 a month ($600 a year) and will be more, if necessary, to repay the loan within the required time period. You are eligible for this repayment plan only if (1) you had no outstanding balance on a Direct Loan Program loan as of October 7, 1998 or on the date you obtained a Direct Loan Program loan after October 7, 1998, and (2) you have an outstanding balance on Direct Loan Program loans that exceeds $30,000.

The chart at the end of this Borrower's Rights and Responsibilities Statement ("Repaying Your Loans") allows you to estimate the monthly and total amounts you would repay under the Standard, Graduated, and Extended Repayment Plans for various initial loan amounts.

The following additional repayment plans are available to graduate and professional student Direct PLUS Loan borrowers (parent Direct PLUS Loan borrowers may not repay their loans under these plans):

- **Income Contingent Repayment (ICR) Plan** – Under this plan, your monthly payment amount will be based on your annual income (and that of your spouse if you are married), your family size, and the total amount of your Direct Loans. Until we obtain the information needed to calculate your monthly payment amount, your payment will equal the amount of interest that has accrued on your loan unless you request forbearance. As your income changes, your payments may change. If you do not repay your loan after 25 years under this plan, the unpaid portion will be forgiven. You may have to pay income tax on any amount forgiven. An ICR Plan calculator is available at www.direct.ed.gov. The calculator estimates your initial ICR Plan payment amount and the total amount you would repay under the ICR Plan. The calculator is for informational purposes only. Your servicer will make the official determination of your payment amount.

- **Income-Based Repayment (IBR) Plan** – Under this plan, your required monthly payment amount will be based on your income during any period when you have a partial financial hardship. Your monthly payment amount may be adjusted annually. The maximum repayment period under this plan may exceed 10 years. If your loan is not repaid in full after you have made the equivalent of 25 years of qualifying monthly payments and at least 25 years have elapsed, you may qualify for cancellation of any outstanding balance on your loans. To initially qualify for this plan and to continue to make income-based payments, you must have a partial financial hardship. An IBR Plan calculator is available at www.direct.ed.gov. The calculator evaluates your eligibility for the IBR Plan and estimates your initial IBR Plan payment amount. The calculator is for informational purposes only. Your servicer will make the official determination of your eligibility and payment amount.

If you are a graduate or professional student, these repayment plans will be explained in more detail during your exit counseling session.

Under each plan, the number or amount of payments may need to be adjusted to reflect capitalized interest and/or new loans made to you.

If you can show to our satisfaction that the terms and conditions of the above repayment plans are not adequate to meet your exceptional circumstances, we may provide you with an alternative repayment plan.

If you do not choose a repayment plan, we will place you on the Standard Repayment Plan.

## William D. Ford Federal Direct Loan Program
### Direct PLUS Loan Borrower's Rights and Responsibilities Statement

You may change repayment plans at any time after you have begun repaying your loan. However, you may not change to a different repayment plan that has a maximum repayment period of less than the number of years your loan has already been in repayment, except that you may change to the IQR Plan or the IBR Plan at any time. If you wish to leave the IBR Plan, you must repay under the Standard Repayment Plan. There is no penalty if you make loan payments before they are due, or pay more than the amount due each month.

> *Note to Endorser:* If you are making payments on the borrower's Direct PLUS Loan, you may request a change of repayment plans by contacting your servicer.

Except for payments made under the IBR Plan, we apply your payments and prepayments in the following order: (1) late charges and collection costs, (2) outstanding interest, and (3) outstanding principal. For payments made under the IBR Plan, we apply your payments in the following order: (1) outstanding interest, (2) late charges and collection costs, and (3) outstanding principal.

When you have repaid a loan in full, your servicer will send you a notice telling you that you have paid off your loan. You should keep this notice in a safe place.

**16.** Transfer of loan. ED may transfer one or all of your loans to another servicer without your consent. If the address to which you must send payments or direct communications changes, you will be notified of the new servicer's name, address and telephone number, the effective date of the transfer, and the date when you must begin sending payments or directing communications to that servicer. Transfer of a loan to a different servicer does not affect your rights and responsibilities under that loan.

**17.** Late charges and collection costs. If you do not make any part of a payment within 30 days after it is due, we may require you to pay a late charge. This charge will not be more than six cents for each dollar of each late payment. If you do not make payments as scheduled, we may also require you to pay other charges and fees involved in collecting your loan.

**18.** Demand for immediate repayment. The entire unpaid amount of your loan becomes due and payable (this is called "acceleration") if you

- Receive loan money, but you or the student for whom you obtained the loan do not enroll at least half time at the school that determined you were eligible to receive the loan;
- Use your loan money to pay for anything other than expenses related to your or the student's education at the school that determined you were eligible to receive the loan;
- Make a false statement that causes you to receive a loan that you are not eligible to receive; or
- Default on your loan.

**19.** Defaulting on your loan. Default (failing to repay your loan) is defined in detail in the Terms and Conditions section of your MPN. If you default:

- We will require you to immediately repay the entire unpaid amount of your loan.
- We may sue you, take all or part of your federal tax refund or other federal payments, and/or garnish your wages so that your employer is required to send us part of your salary to pay off your loan.
- We will require you to pay reasonable collection fees and costs, plus court costs and attorney fees.
- You will lose eligibility for other federal student aid and assistance under most federal benefit programs.
- You will lose eligibility for loan deferments.

> *Note to Endorser:* If the borrower defaults on the loan, and you do not make payments on the loan, you may also be subject to the actions described above.

- We will also report your default to national consumer reporting agencies (see item 20, "Consumer reporting agency notification").

**20.** Consumer reporting agency notification. We will report information about your loan to national consumer reporting agencies on a regular basis. This information will include the disbursement dates, amount, and repayment status of your loan (for example, whether you are current or delinquent in making payments). Your loan will be identified as an education loan.

If you default on a loan, we will also report this to national consumer reporting agencies. We will notify you at least 30 days in advance that we plan to report default information to a consumer reporting agency unless you resume making payments on the loan within 30 days of the date of the notice. You will be given a chance to ask for a review of the debt before we report it.

If a consumer reporting agency contacts us regarding objections you have raised about the accuracy or completeness of any information we have reported, we are required to provide the agency with a prompt response.

> *Note to Endorser:* If the borrower or a Direct PLUS Loan becomes delinquent in making payments or defaults on the loan, we may also report your name to consumer reporting agencies in connection with the delinquent or defaulted loan.

**21.** Deferment and forbearance (postponing payments). If you meet certain requirements, you may receive a deferment that allows you to temporarily stop making payments on your loan. If you cannot make your scheduled loan payments, but do not qualify for a deferment, we may give you a forbearance. A forbearance allows you to temporarily stop making payments on your loan, temporarily make smaller payments, or extend the time for making payments.

**Deferment**

You may receive a deferment

- While you are enrolled at least half time at an eligible school;
- During the 6-month period after you cease to be enrolled at least half time;
- While the student for whom you obtained a Direct PLUS Loan is enrolled at least half time at an eligible school;
- During the 6-month period after the student for whom you obtained a loan ceases to be enrolled at least half time;
- While you are in a full-time course of study in a graduate fellowship program;
- While you are in an approved full-time rehabilitation program for individuals with disabilities;
- While you are unemployed (for a maximum of three years; you must be diligently seeking, but unable to find, full-time employment);
- While you are experiencing an economic hardship (including Peace Corps service), as determined under the Act (for a maximum of three years);
- While you are serving on active duty during a war or other military operation or national emergency or performing qualifying National Guard duty during a war or other military operation or national emergency and, if you were serving on or after October 1, 2007, for an additional 180-day period following the demobilization date for your qualifying service; or
- If you are a member of the National Guard or other reserve component of the U.S. Armed forces (current or retired) and you are called or ordered to active duty while you are enrolled at least half time at an eligible school or within 6 months of having been enrolled at least half time, during the 13 months following the conclusion of your active duty service, or until you return to enrolled student status on at least a half-time basis, whichever is earlier.

You may be eligible to receive additional deferments if, at the time you received your first Direct Loan, you had an outstanding balance on a loan made under the FFEL Program before July 1, 1993. If you meet this requirement, contact your servicer for information about additional deferments that may be available.

You may receive a deferment while you are enrolled in school on at least a half-time basis (and, if you are a graduate or professional student, during the 6-month period after you cease to be enrolled at least half time) if (1) you submit a deferment request form to your servicer along with documentation of your eligibility for the deferment, or (2) your servicer receives information from the school you are attending that indicates you are enrolled at least half time. If your servicer processes a deferment based on information received from your school, you will be notified of the deferment and will have the option of canceling the deferment and continuing to make payments on your loan.

For all other deferments, you (or, for a deferment based on active military duty or qualifying National Guard duty during a war or other military operation

*Page 8 of 10*

## William D. Ford Federal Direct Loan Program
### Direct PLUS Loan Borrower's Rights and Responsibilities Statement

or national emergency, your representative) must submit a deferment request form to your servicer, along with documentation of your eligibility for the deferment. In certain circumstances, you may not be required to provide documentation of your eligibility if your servicer confirms that you have been granted the same deferment for the same time period on a FFEL Program loan. Your servicer can provide you with a deferment request form that explains the eligibility and documentation requirements for the type of deferment you are requesting. You may also obtain deferment request forms and information on deferment eligibility requirements from your servicer's web site.

If you are in default on your loan, you are not eligible for a deferment.

You are responsible for paying the interest on a Direct PLUS Loan during a period of deferment.

> **Note to Endorser:** You are not eligible to receive a deferment.

### Forbearance

We may give you a forbearance if you are temporarily unable to make your scheduled loan payments for reasons including, but not limited to, financial hardship and illness.

We will give you a forbearance if:

- You are serving in a medical or dental internship or residency program, and you meet specific requirements;
- The total amount you owe each month for all of the student loans you received under Title IV of the Act is 20% or more of your total monthly gross income (for a maximum of three years);
- You are serving in a national service position for which you receive a national service award under the National and Community Service Trust Act of 1993. In some cases, the interest that accrues on a qualified loan during the service period will be paid by the Corporation for National and Community Service;
- You qualify for partial repayment of your loans under the Student Loan Repayment Program, as administered by the Department of Defense; or
- You are called to active duty in the U.S. Armed Forces.

To request a forbearance, contact your servicer. Your servicer can provide you with a forbearance request form that explains the eligibility and documentation requirements for the type of forbearance you are requesting. You may also obtain forbearance request forms and information on forbearance eligibility requirements from your servicer's web site.

Under certain circumstances, we may also give you a forbearance without requiring you to submit a request or documentation. These circumstances include, but are not limited to, the following:

- Periods necessary for us to determine your eligibility for a loan discharge;

- A period of up to 60 days in order for us to collect and process documentation related to your request for a deferment, forbearance, change in repayment plan, or consolidation loan (we do not capitalize the interest that is charged during this period);
- Periods when you are involved in a military mobilization, or a national emergency; or
- Periods necessary to align repayment of Direct PLUS Loans that do not qualify for a 6-month post-enrollment deferment with other Direct PLUS Loans that qualify for this deferment, or with Direct Subsidized Loans and Direct Unsubsidized Loans that have a grace period. Contact your servicer for more information.

You are responsible for paying the interest on a Direct PLUS Loan during a period of forbearance.

> **Note to Endorser:** Although you are not eligible to receive a deferment, you may receive a forbearance.

**22. Discharge** (having your loan forgiven). We will discharge (forgive) your loan if:

- You die, or the student for whom you borrowed a Direct PLUS Loan dies. Your servicer must receive acceptable documentation of your or the student's death.
- Your loan is discharged in bankruptcy. However, federal student loans are not automatically discharged if you file for bankruptcy. In order to have your loan discharged in bankruptcy, you must prove to the bankruptcy court that repaying the loan would cause undue hardship.
- You become totally and permanently disabled (as defined in the Act) and meet certain other requirements.

In certain cases, we may also discharge all or a portion of your loan if:

- You (or the student) could not complete a program of study because the school closed;
- Your loan eligibility was falsely certified by the school;
- A loan in your name was falsely certified as a result of a crime of identity theft; or
- The school did not pay a refund of your loan money that it was required to pay under federal regulations.

A public service loan forgiveness program is also available. Under this program, the remaining balance due on your eligible Direct Loan Program loans may be canceled after you have made 120 payments on those loans (after October 1, 2007) under certain repayment plans while you are employed in certain public service jobs.

The Act may provide for certain loan forgiveness or repayment benefits on your loans in addition to the benefits described above. If other forgiveness or repayment options become available, your servicer will provide information about these benefits.

To request loan discharge or forgiveness based on one of the conditions described above (except

for discharge due to death or bankruptcy), you must complete an application that you may obtain from your servicer.

In some cases you may assert, as a defense against collection of your loan, that the school did something wrong or failed to do something that it should have done. You can make such a defense against repayment only if the school's act or omission directly relates to your loan or to the educational services that the loan was intended to pay for, and if what the school did or did not do would give rise to a legal cause of action against the school under applicable state law. If you believe that you have a defense against repayment of your loan, contact your servicer.

We do not guarantee the quality of the academic programs provided by schools that participate in federal student financial aid programs. You must repay your loan even if you or (if you are a parent borrower) the student do not complete the education paid for with the loan, are unable to obtain employment in the field of study for which the school provided training, or are dissatisfied with, or do not receive, the education paid for with the loan.

> **Note to Endorser:** If we discharge the full amount of the borrower's loan for any of the conditions described above, you are no longer obligated to make any payments on the loan. However, if a loan is reinstated after a discharge, you will again be obligated to make payments on the loan if the borrower does not make payments.

**23. Loan consolidation.** A Direct Consolidation Loan Program is available that allows you to consolidate one or more of your eligible federal education loans into a new loan with a single monthly payment, and may allow you to extend the period of time that you have to repay your loans. This may make it easier for you to repay your loans. However, you will pay more interest if you extend your repayment period through consolidation, since you will be making payments for a longer period of time. Contact your servicer for more information about loan consolidation.

> **Note to Endorser:** You are not eligible to apply for a Direct Consolidation Loan to repay a Direct PLUS Loan for which you are the endorser.

**24. Department of Defense and other federal agency loan repayment.** Under certain circumstances, military personnel may have their federal education loans repaid by the Secretary of Defense. This benefit is offered as part of a recruitment program that does not apply to individuals based on their previous military service or to those who are not eligible for enlistment in the U.S. Armed Forces. For more information, contact your local military service recruitment office.

Other agencies of the federal government may also offer student loan repayment programs as an incentive to recruit and retain employees. Contact the agency's human resources department for more information.

## William D. Ford Federal Direct Loan Program
### Direct PLUS Loan Borrower's Rights and Responsibilities Statement

#### Repaying Your Loans[1]

| Initial Debt When You Enter Repayment | Standard | | Graduated | | Extended[3] | |
|---|---|---|---|---|---|---|
| | Per Month | Total | Per Month[2] | Total | Per Month | Total |
| $2,500 | 50 | 3,042 | 25 | 3,746 | Not Available | Not Available |
| $5,000 | 60 | 7,246 | 42 | 7,694 | Not Available | Not Available |
| $7,500 | 91 | 10,872 | 63 | 11,543 | Not Available | Not Available |
| $10,000 | 121 | 14,496 | 84 | 15,388 | Not Available | Not Available |
| $15,000 | 181 | 21,744 | 127 | 23,083 | Not Available | Not Available |
| $20,000 | 242 | 28,992 | 169 | 30,776 | Not Available | Not Available |
| $25,000 | 302 | 36,240 | 211 | 38,472 | Not Available | Not Available |
| $30,000 | 362 | 43,488 | 253 | 46,166 | Not Available | Not Available |
| $35,000 | 423 | 50,736 | 295 | 53,859 | 265 | 80,346 |
| $40,000 | 483 | 57,984 | 338 | 61,554 | 306 | 91,824 |
| $45,000 | 544 | 65,232 | 380 | 69,246 | 344 | 103,302 |
| $50,000 | 604 | 72,480 | 422 | 76,942 | 383 | 114,781 |
| $55,000 | 664 | 79,706 | 464 | 84,636 | 421 | 126,259 |
| $60,000 | 725 | 86,976 | 507 | 92,330 | 459 | 137,737 |
| $65,000 | 785 | 94,224 | 549 | 100,023 | 497 | 149,215 |
| $70,000 | 846 | 101,472 | 591 | 107,718 | 536 | 160,693 |
| $75,000 | 906 | 108,720 | 633 | 115,410 | 574 | 172,171 |
| $80,000 | 966 | 115,968 | 675 | 123,107 | 612 | 183,649 |
| $90,000 | 1,087 | 130,464 | 760 | 138,498 | 689 | 206,605 |
| $100,000 | 1,208 | 144,960 | 844 | 153,882 | 765 | 229,561 |
| $110,000 | 1,329 | 159,456 | 920 | 169,270 | 842 | 252,517 |
| $120,000 | 1,450 | 173,952 | 1,013 | 184,661 | 918 | 275,473 |
| $130,000 | 1,570 | 188,448 | 1,097 | 200,047 | 995 | 298,429 |
| $140,000 | 1,691 | 202,944 | 1,182 | 215,435 | 1,071 | 321,385 |
| $150,000 | 1,812 | 217,440 | 1,266 | 230,824 | 1,148 | 344,342 |

[1] These are estimated payments calculated using the interest rate for Direct PLUS Loan borrowers, 7.9%.

[2] This is your estimated beginning payment, which may increase.

[3] You may choose the Extended Repayment Plan only if (1) you had no outstanding balance on a Direct Loan Program loan as of October 7, 1998 or on the date you obtained a Direct Loan Program loan after October 7, 1998, and (2) you have an outstanding balance on Direct Loan Program loans that exceeds $30,000. Under the Extended Repayment Plan, you may choose to make fixed or graduated monthly payments. This example shows fixed monthly payments.

*TRANSACTION HISTORY*
Your identity was confirmed by the PIN Web site on ............................................................... April 26 2012, 10:28:17 AM
You agreed to use an electronic MPN on ................................................................................... April 26 2012, 10:32:29 AM
You reviewed your draft MPN and confirmed that you read, understood, and agreed to the Borrower Request,
    Certifications, Authorizations, and Understandings, Promise to Pay, MPN Terms and Conditions, Important Notices and
    Borrower's Rights and Responsibilities Statement on .......................................................... April 26 2012, 10:36:51 AM
You signed your MPN on ............................................................................................................ April 26 2012, 10:37:07 AM
You reviewed your signed MPN on ........................................................................................... April 26 2012, 10:37:08 AM
You confirmed your acceptance of the terms and conditions of this MPN and submitted it to us on ...... April 26 2012, 10:37:33 AM

# EXHIBIT B

**SUPERIOR COURT OF CALIFORNIA**
## County of SAN DIEGO

Register of Actions Notice

| | | | |
|---|---|---|---|
| Case Number: | 37-2016-00040243-CU-CO-CTL | Filing Date: | 11/16/2016 |
| Case Title: | Petrou vs. Navient Corporation [IMAGED] | Case Age: | 51 days |
| Case Status: | Pending | Location: | Central |
| Case Category: | Civil - Unlimited | Judicial Officer: | Randa Trapp |
| Case Type: | Contract - Other | Department: | C-70 |

### Future Events

| Date | Time | Department | Event |
|---|---|---|---|
| 05/12/2017 | 09:50 AM | C-70 | Civil Case Management Conference - Complaint |

### Participants

| Name | Role | Representation |
|---|---|---|
| Navient Corporation | Defendant | |
| Petrou, John G | Plaintiff | Hamilton, Ben-Thomas |
| Petrou, Selaina A | Defendant | |
| Sallie Mae Corporation | Defendant | |

### Representation

| Name | Address | Phone Number |
|---|---|---|
| HAMILTON, BEN-THOMAS | HAMILTON & MCINNIS LLP 3110 Camino del Rio South Suite 203 San Diego CA 92108 | (619) 299-4877 |

| ROA# | Entry Date | Short/Long Entry | Filed By |
|---|---|---|---|
| 1 | 11/16/2016 | Complaint filed by Petrou, John G. Refers to: Navient Corporation; Sallie Mae Corporation; Petrou, Selaina | Petrou, John G (Plaintiff) |
| 2 | 11/16/2016 | Original Summons filed by Petrou, John G. Refers to: Navient Corporation; Sallie Mae Corporation; Petrou, Selaina | Petrou, John G (Plaintiff) |
| 3 | 11/16/2016 | Civil Case Cover Sheet filed by Petrou, John G. Refers to: Navient Corporation; Sallie Mae Corporation; Petrou, Selaina | Petrou, John G (Plaintiff) |
| 4 | 11/16/2016 | Summons Issued. | |
| 5 | 11/16/2016 | Case assigned to Judicial Officer Trapp, Randa. | |
| 6 | 11/16/2016 | Civil Case Management Conference scheduled for 05/12/2017 at 09:50:00 AM at Central in C-70 Randa Trapp. | |
| 7 | 11/16/2016 | Case initiation form printed. | |
| 8 | 11/16/2016 | Case initiation form printed. | |
| 9 | 12/15/2016 | Proof of Service of 30-day Summons & Complaint - Personal filed by Petrou, John G. Refers to: Navient Corporation | Petrou, John G (Plaintiff) |

# EXHIBIT C

| Attorney or Party without Attorney:<br>BEN-THOMAS HAMILTON, ESQ. SBN: 222601<br>HAMILTON & MCINNIS, LLP<br>3110 CAMINO DEL RIO SOUTH<br>SUITE 203<br>SAN DIEGO, CA 92108<br>Telephone No: 619-299-4877 | For Court Use Only |
|---|---|
| Attorney for: Plaintiff | Ref. No. or File No.: Petr-134 |

Insert name of Court, and Judicial District and Branch Court:
SAN DIEGO COUNTY SUPERIOR COURT, CENTRAL DIVISION

Plaintiff: JOHN G. PETROU, an individual

Defendant: NAVIENT CORPORATION, a Delaware corporation

| PROOF OF SERVICE<br>SUMMONS & COMPLAINT | Hearing Date:<br>05/17/17 | Time:<br>9:50 am | Dept/Div:<br>C-70 | Case Number:<br>37-2016-00040243-CU-CO-CTL |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION; STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (BLANK); NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE; NOTICE OF ELIGIBILITY TO EFILE AND ASSIGNMENT TO IMAGING DEPARTMENT.

3. *a. Party served:*         NAVIENT CORPORATION, a Delaware corporation
    *b. Person served:*     BECKY DEGEORGE, CSC LAWYERS INCORPORATING SERVICE, REGISTERED AGENT

4. *Address where the party was served:*     2710 GATEWAY OAKS DRIVE
                                  SUITE 150N
                                  SACRAMENTO, CA 95833

5. *I served the party:*
    a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Wed., Dec. 07, 2016 (2) at: 11:00AM

6. *The "Notice to the Person Served" (on the Summons) was completed as follows:*
    *on behalf of:* NAVIENT CORPORATION, a Delaware corporation
    Under CCP 416.10 (corporation)

7. *Person Who Served Papers:*
    a. Michael Morris



1814 "I" Street
Sacramento, CA 95814
Telephone    (916) 444-5111
Fax          (916) 443-3111
www.firstlegalnetwork.com

Recoverable Cost Per CCP 1033.5(a)(4)(B)

d. *The Fee for Service was:* $105.73

e. I am: (3) registered California process server
    *(i)*   Independent Contractor
    *(ii)*   *Registration No.:*    2012-33
    *(iii)*   *County:*           Sacramento

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

    Date: Fri, Dec. 09, 2016

                                        (Michael Morris)

Judicial Council Form POS-010            PROOF OF SERVICE
Rule 2.150.(a)&(b) Rev January 1, 2007      SUMMONS & COMPLAINT                       706300;vs .hamme.859577

# EXHIBIT D

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NAVIENT CORPORATION, a Delaware corporation; SALLIE MAE
CORPORATION, a Delaware corporation; SELAINA A. PETROU an
individual; and DOES 1 through 50, inclusive,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

BUSINESS OFFICE
CENTRAL DIVISION

2016 NOV 16  PM 12 45

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
John G. Petrou, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>330 West Broadway<br>San Diego, California 92101<br>Central Division | 37-2016-00040243-CU-CO-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ben-Thomas Hamilton (SBN 222601)      (619) 299-4877      (619) 299-4787
Kristine E. Stoynske (SBN 306622)
HAMILTON & McINNIS, L.L.P.
3110 Camino del Rio South, Suite 203, San Diego, California 92108

| DATE: *(Fecha)* | NOV 1 6 2016 | Clerk, by *(Secretario)* | K. O'Keefe | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]  COPY

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Navient Corporation, a delaware corporation

under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Legal
Solutions
La Plus

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):<br>Ben-Thomas Hamilton (SBN 222601)<br>Kristine E. Steynske (SBN 306622)<br>HAMILTON & McINNIS, L.L.P.<br>3110 Camino Del Rio South, Suite 203<br>San Diego, California 92108<br>TELEPHONE NO.: (619) 299-4877  FAX NO.: (619) 299-4787<br>ATTORNEY FOR (Name): John G. Petrou | **FOR COURT USE ONLY**<br>FILED<br>BUSINESS OFFICE #1<br>CENTRAL DIVISION<br><br>2016 NOV 16  PM 4 46<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: San Diego, California 92101
BRANCH NAME: Central Division

CASE NAME: Petro v. Navient Corporation, et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | **CASE NUMBER:** |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2016-00040243-CU-CO-CTL<br><br>JUDGE:<br><br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400-3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [X] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action (specify): Five
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: 11/16/2016

Ben-Thomas Hamilton                          ▶ [signature]
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET**<br>Legal<br>Solutions<br>Ca, Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |





**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2016-00040243-CU-CO-CTL   CASE TITLE: Petrou vs. Navient Corporation [IMAGED]

<u>NOTICE:</u> All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
      (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
      (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), <u>and</u>
      (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>Potential Advantages and Disadvantages of ADR</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not |
| • Saves money | resolve the dispute |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited |
| • Preserves or improves relationships | or unavailable |

<u>Most Common Types of ADR</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, Individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More Information about court-connected ADR:  Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:      330 West Broadway<br>MAILING ADDRESS:    330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827<br>BRANCH NAME:       Central | |

| PLAINTIFF(S):   John G Petrou |
|---|

| DEFENDANT(S): Navient Corporation et.al. |
|---|

| SHORT TITLE:   PETROU VS. NAVIENT CORPORATION [IMAGED] |
|---|

| STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2016-00040243-CU-CO-CTL |
|---|---|

Judge: Randa Trapp                                               Department: C-70

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                             ☐ Binding private arbitration

☐ Voluntary settlement conference (private)       ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                    ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

Name of Plaintiff                                  Name of Defendant

Signature                                          Signature

Name of Plaintiff's Attorney                       Name of Defendant's Attorney

Signature                                          Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 11/16/2016                                  _____
                                                   JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**                Page: 1

3

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>STREET ADDRESS:   330 W Broadway<br>MAILING ADDRESS:   330 W Broadway<br>CITY AND ZIP CODE:   San Diego, CA 92101-3827<br>BRANCH NAME:   Central<br>TELEPHONE NUMBER: (619) 450-7070 | |

PLAINTIFF(S) / PETITIONER(S):   John G Petrou

DEFENDANT(S) / RESPONDENT(S):   Navient Corporation et.al.

PETROU VS. NAVIENT CORPORATION [IMAGED]

| NOTICE OF CASE ASSIGNMENT<br>and CASE MANAGEMENT CONFERENCE | CASE NUMBER:   ·<br>37-2016-00040243-CU-CO-CTL |
|---|---|

**CASE ASSIGNMENT**

Judge:  Randa Trapp                                      Department: C-70

**COMPLAINT/PETITION FILED:** 11/16/2016

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 05/12/2017 | 09:50 am | C-70 | Randa Trapp |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 16 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)  ·

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See Local Rule 5.1.8

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

---

SDSC CIV-721 (Rev. 06-12)                                                                                                      Page: 1

**NOTICE OF CASE ASSIGNMENT**



# Superior Court of California
## County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order 051414 at www.sdcourt.ca.gov for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

# Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder

Page 2

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 725 South Figueroa Street, 38th Floor, Los Angeles, CA 90017.

     On January 9, 2017, I served the following document(s) described as:

**DEFENDANT NAVIENT SOLUTIONS, INC. NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1367, AND 1446**

on the persons below as follows:

Ben-Thomas Hamilton, Esq.
Kristine E. Stcynske, Esq.
HAMILTON & McINNIS, LLP
3110 Camino Del Rio South,
Suite 203
San Diego, CA 92108-3880
Tel:  619.299.4877
Fax: 619.299.4787

*Attorney for Plaintiff*
*JOHN G. PETROU*

☒    **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

☒   (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐   (Federal)   I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

     Executed on January 9, 2017, at Los Angeles, California.

_____
Helen E. Serrano
(Type or print name)

_____
(Signature)

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

{40373240;4}

1

PROOF OF SERVICE



1   **AKERMAN LLP**
    ROBERT R. YAP (SBN 263763)
2   Email: robert.yap@akerman.com
    725 South Figueroa Street, 38th Floor
3   Los Angeles, California 90017-5433
    Telephone: (213) 688-9500
4   Facsimile:  (213) 627-6342

5   **AKERMAN LLP**
    DENNIS N. LUECK, JR. (SBN 292414)
6   Email: dennis.lueck@akerman.com
    1900 Sixteenth Street, Suite 1700
7   Denver, Colorado 80202
    Telephone: (303) 260-7712
8   Facsimile:  (303) 260-7714

9   Attorneys for Defendant
    NAVIENT SOLUTIONS, LLC, f/k/a "NAVIENT
10  SOLUTIONS, INC.", *erroneously named as*
    *"Navient Corporation"and "Sallie Mae*
11  *Corporation"*

12              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                     **FOR THE COUNTY OF SAN DIEGO**

14  John G. Petrou, an individual,          Case No. 37-2016-00040243-CU-CO-CTL

15                                          **DEFENDANT NAVIENT SOLUTIONS,**
                Plaintiff,                  **LLC'S NOTICE OF NAME CHANGE**
16
                                            Complaint filed:   November 16, 2016
17  v.                                      Trial:             none set

18
    NAVIENT CORPORATION, a Delaware
19  corporation; SALLIE MAE
    CORPORATION, a Delaware corporation;
20  SELAINA A. PETROU an individual; and
    Does 1 through 50, inclusive,
21
                Defendants.
22

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

    {40759408;1}                      1                   CASE NO. 37-2016-00040243-CU-CO-CTL
    **DEFENDANT NAVIENT SOLUTIONS, LLC'S NOTICE OF NAME CHANGE**

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

COPY

FILED
...
2017 FEB 14  P 1: 10
...COURT
SAN DIEGO COUNTY, CA

1  **TO THE HONORABLE COURT, TO ALL PARTIES HEREIN, AND TO THEIR**

2  **RESPECTIVE ATTORNEYS OF RECORD:**

3      PLEASE TAKE NOTICE that in connection with an internal corporate reorganization,

4  Defendant Navient Solutions, Inc., *erroneously named as* "Navient Corporation" and "Sallie Mae

5  Corporation," has converted to a Delaware limited liability company, and has changed its name from

6  "Navient Solutions, Inc." to "Navient Solutions, LLC," effective as of January 31, 2017.

7  Dated: February 10, 2017          **AKERMAN LLP**

8

9                            By: _____

10                                Dennis N. Lueck, Jr.
                               Robert R. Yap
11                            Attorneys for Defendant
                           NAVIENT SOLUTIONS, LLC, f/k/a
12                            "NAVIENT SOLUTIONS, INC.",
                           *erroneously named as "Navient Corporation"*
13                            *and "Sallie Mae Corporation"*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**PROOF OF SERVICE**

1

2      STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3              I am employed in the County of Los Angeles, State of California; I am over the age of 18
years and not a party to this action. My business address is 725 South Figueroa Street, 38th Floor,
4      Los Angeles, CA 90017.

5              On **February 10, 2017**, I served the following document(s) described as:

6              **DEFENDANT NAVIENT SOLUTIONS, LLC'S NOTICE OF NAME CHANGE**

7      on the persons below as follows:

8              Ben-Thomas Hamilton, Esq.
        Kristine E. Steynske, Esq.
9              **HAMILTON & McINNIS, LLP**
        3110 Camino Del Rio South,
10             Suite 203
        San Diego, CA 92108-3880
11             Tel:    619.299.4877
        Fax:    619.299.4787
12             Email: ben@hm-lawyers.com

13

14             *Attorney for Plaintiff*
        *JOHN G. PETROU*

15

16      ☒      **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing
        correspondence for mailing with the United States Postal Service. Under that practice, it
17             would be deposited with the United States Postal Service that same day in the ordinary
        course of business. Such envelope(s) were placed for collection and mailing with postage
18             thereon fully prepaid at Los Angeles, California, on that same day following ordinary
        business practices. (C.C.P. § 1013 (a) and 1013a(3))

19

20      ☒      (State)         I declare under penalty of perjury under the laws of the State of California that
                                the above is true and correct.

21      ☐      (Federal)       I declare that I am employed in the office of a member of the Bar of this Court
                                at whose direction the service was made. I declare under penalty of perjury
22                              that the above is true and correct.under the laws of the United States of
                                America

23             Executed on **February 10, 2017**, at Los Angeles, California.

24

25

26      _____            _____
        Evelyn S. Duarte
27      (Type or print name)                    (Signature)

28

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**SUPERIOR COURT OF CALIFORNIA**
**SAN DIEGO**
**330 West Broadway**
**San Diego, CA 92101**
**(619) 450-7275**

**NOTICE TO FILING PARTY**

Petrou vs. Navient Corporation [IMAGED]

**Case Number: 37-2016-00040243-CU-CO-CTL**

## We are unable to process the attached <u>Amendment to Complaint</u> for the reasons indicated below:

Other:  Notice of Removal to Federal Court filed 01/09/2017.

Returned via: First Legal

Please enclose a self-addressed stamped envelope to expedite receipt of returned papers.

Papers returned to:  Selaina A Petrou

Date:  03/02/2017

Clerk of the Court,

A. Shirley

Deputy

---

**NOTICE TO FILING PARTY**                                                                                 **Page: 1**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| AKERMAN LLP<br>Dennis N. Lueck, Jr. (SBN 29241), Robert R. Yap (SBN 263763)<br>725 South Figueroa Street, 38th Floor, Los Angeles, California 90017<br>TELEPHONE NO.: (213) 688-9500     FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Navient Solutions Inc. | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**04/27/2017** at 04:42:00 PM<br>Clerk of the Superior Court<br>By Lee McAlister, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division

PLAINTIFF/PETITIONER: John G. Petrou

DEFENDANT/RESPONDENT: Navient Solutions, Inc. et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  ☑ **UNLIMITED CASE**          ☐ **LIMITED CASE**<br>            (Amount demanded            (Amount demanded is $25,000<br>            exceeds $25,000)            or less) | 37-2016-00040243-CU-CO-CTL |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: May 12, 2017          Time: 9:50 a.m.     Dept.: C-70     Div.:          Room:

Address of court (if different from the address above):

☑ Notice of Intent to Appear by Telephone, by (name): Robert R. Yap

---

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** (answer one):
   a. ☑ . This statement is submitted by party (name): Navient Solutions, LLC
   b. ☐   This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐   The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐   All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐   The following parties named in the complaint or cross-complaint
      (1) ☐   have not been served (specify names and explain why not):
      (2) ☐   have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐   have had a default entered against them (specify names):
   c. ☐   The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. **Description of case**
   a. Type of case in  ☑ complaint   ☐ cross-complaint     (Describe, including causes of action):
   Fraud, cancellation/rescission of master promissory note, violation of the California consumer credit reporting agencies act; and declaratory relief.

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]      **CASE MANAGEMENT STATEMENT**      Page 1 of 5
Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

**CM-110**

| PLAINTIFF/PETITIONER: John G. Petrou | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Navient Solutions, Inc. et al. | 37-2016-00040243-CU-CO-CTL |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiff disputes he co-signed on his daughter's student loan, and contends is not liable for repayment of the loan.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☐ a jury trial   ☑ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐   The trial has been set for *(date):*
b.   ☑   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☑   days *(specify number):* 2 days
b.   ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☑ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:
e.   E-mail address:
f.   Fax number:
g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.   **Alternative dispute resolution (ADR)**
a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1)   For parties represented by counsel: Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2)   For self-represented parties: Party ☐ has ☐ has not   reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available).
(1)   ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2)   ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3)   ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: John G. Petrou | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Navient Solutions, Inc. et al. | 37-2016-00040243-CU-CO-CTL |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☑ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☑ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

CM-110

| | | CASE NUMBER: |
|---|---|---|
| PLAINTIFF/PETITIONER: | John G. Petrou | 37-2016-00040243-CU-CO-CTL |
| DEFENDANT/RESPONDENT: | Navient Solutions, Inc. et al. | |

**11. Insurance**
  a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
  b. Reservation of rights: ☐ Yes ☐ No
  c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
  Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
    ☐ Bankruptcy ☐ Other *(specify):*
  Status:

**13. Related cases, consolidation, and coordination**
  a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
  b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of
    action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
    ☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
    Defendant intends to file a motion for summary judgment /summary adjudication if necessary and appropriate.

**16. Discovery**
  a. ☐ The party or parties have completed all discovery.
  b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant | Written Discovery | February 2018 |
| Defendant | Depositions | May 2018 |
| Defendant | Expert Discovery | Per Code |

  c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are
    anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| | | CASE NUMBER: |
|---|---|---|
| PLAINTIFF/PETITIONER: | John G. Petrou | 37-2016-00040243-CU-CO-CTL |
| DEFENDANT/RESPONDENT: | Navient Solutions, Inc. et al. | |

**17. Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):*    0

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: April 27, 2017

Robert R. Yap
_____
    (TYPE OR PRINT NAME)

▶ _____
    (SIGNATURE OF PARTY OR ATTORNEY)

_____
    (TYPE OR PRINT NAME)

▶ _____
    (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 725 South Figueroa Street, 38th Floor, Los Angeles, CA 90017.

    On **April 27, 2017**, I served the following document(s) described as:

**CASE MANAGEMENT STATEMENT**

on the persons below as follows:

> Ben-Thomas Hamilton, Esq.
> Kristine E. Steynske, Esq.
> **HAMILTON & McINNIS, LLP**
> 3110 Camino Del Rio South,
> Suite 203
> San Diego, CA 92108-3880
> Tel:   619.299.4877
> Fax:   619.299.4787
> Email: ben@hm-lawyers.com
>
> *Attorney for Plaintiff*
> *JOHN G. PETROU*

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☒ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal)   I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.under the laws of the United States of America

Executed on **April 27, 2017**, at Los Angeles, California.

_____
Evelyn S. Duarte
(Type or print name)

_____
(Signature)

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

<table>
<tr><td colspan="2">ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address):</td><td>FOR COURT USE ONLY</td></tr>
</table>

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address):
Ben-Thomas Hamilton (SBN 222601)
Kristine E. Stcynske (SBN 306622)
HAMILTON & McINNIS
3110 Camino Del Rio South, Suite 203
San Diego, California 92108
TELEPHONE NO.: (619) 299-4877   FAX NO (Optional): (619) 299-4787
ATTORNEY FOR (Name): John G. Petrou

FOR COURT USE ONLY

F I L E D
Clerk of the Superior Court
JUN 01 2017
By: Anthony Shirley, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
[X] CENTRAL DIVISION. HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101
EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020
NORTH COUNTY DIVISION, 325 S. MELROSE DR., SUITE 1000, VISTA, CA 92081
SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910

PLAINTIFF(S)  John G. Petrou, an individual

DEFENDANT(S) Navient Corporation, et al.

**AMENDMENT TO COMPLAINT**

JUDGE
Honorable Randa Trapp

DEPT
C-70

CASE NUMBER
37-2016-00040243-CU-CO-CTL

Under Code Civ. Proc. § 474:
FICTITIOUS NAME (Court order required once case is at issue)

Plaintiff(s), being ignorant of the true name of a defendant when the complaint in the above-named case was filed, and having designated defendant in the complaint by the fictitious name of

_____ ,

and having discovered the true name of defendant to be

_____ ,

amends the complaint by inserting such true name in place of such fictitious name wherever it appears in the complaint.

Date: _____          _____
Signature

Under Code Civ. Proc. § 473:
NAME - Add or Correct (Court order required)

Plaintiff(s), having designated  [X] defendant  [ ] plaintiff in the complaint by the name of
Navient Corporation ,
and having discovered  [X] name to be incorrect and the correct name is  [ ] defendant also uses the name of
Navient Solutions, LLC ,
amends the complaint by  [X] substituting  [ ] adding such name(s) wherever the name of
Navient Solutions, LLC ,
appears in the complaint.

Date: 5/31/2017          _____
Ben-Thomas Hamilton                Signature

The above amendment to the complaint is allowed.     **ORDER**

Date: June 6 2017          _____
Judge/Commissioner of the Superior Court
Honorable Randa Trapp

| ATTORNEY OR PARTY, WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Ben-Thomas Hamilton (SBN 222601)<br>Kristine E. Stoynske (SBN 306622)<br>HAMILTON & McINNIS<br>3110 Camino Del Rio South, Suite 203<br>San Diego, California 92108<br>TELEPHONE NO.: (619) 299-4877   FAX NO.(Optional): (619) 299-4787<br>ATTORNEY FOR (Name):  John G. Petrou | F I L E D<br>Clerk of the Superior Court<br>JUN 0 1 2017<br>By Anthony Shirley, Deputy<br>JUN  1 PM 2:55 |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO |
|---|
| [X] CENTRAL DIVISION. HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101<br>[ ] EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020<br>[ ] NORTH COUNTY DIVISION, 325 S. MELROSE DR., SUITE 1000, VISTA, CA 92081<br>[ ] SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910 |

| PLAINTIFF(S)  John G. Petrou, an individual | JUDGE<br>Honorable Randa Trapp |
|---|---|
| DEFENDANT(S)  Navient Corporation, et al. | DEPT<br>C-70 |
| AMENDMENT TO COMPLAINT | CASE NUMBER<br>37-2016-00040243-CU-CO-CTL |

Under Code Civ. Proc. § 474:
FICTITIOUS NAME (Court order required once case is at issue)

Plaintiff(s), being ignorant of the true name of a defendant when the complaint in the above-named case was filed, and having designated defendant in the complaint by the fictitious name of

_____ ,

and having discovered the true name of defendant to be

_____ ,

amends the complaint by inserting such true name in place of such fictitious name wherever it appears in the complaint.

Date: _____          _____
                                                                          Signature

Under Code Civ. Proc. § 473:
NAME - Add or Correct (Court order required)

Plaintiff(s), having designated   [X] defendant   [ ] plaintiff in the complaint by the name of

Navient Corporation _____ ,
and having discovered  [X] name to be incorrect and the correct name is   [ ] defendant also uses the name of
Navient Solutions, LLC _____ ,
amends the complaint by  [X] substituting   [ ] adding such name(s) wherever the name of
Navient Solutions, LLC _____ ,
appears in the complaint.

Date: 5/31/2017          _____
                                          Ben-Thomas Hamilton                      Signature

**ORDER**

The above amendment to the complaint is allowed.

Date: ____ JUN 0 6 2017 _____          RANDA TRAPP
                                                    _____
                                                    Judge/Commissioner of the Superior Court
                                                    Honorable Randa Trapp

1  Ben-Thomas Hamilton (SBN 222601)
   Kristine Stcynske (SBN 306622)
2  HAMILTON & ASSOCIATES, APC
   3110 Camino del Rio South, Suite 203
3  San Diego, California 92108

4  Telephone: (619) 299-4877
   Facsimile:  (619) 299-4787
5
   Attorneys for Plaintiff, JOHN G. PETROU
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF SAN DIEGO – CENTRAL DIVISION

10
                                    Case No. 37-2016-00040243-CU-CO-CTL
11  JOHN G. PETROU, an individual,
                                    PROOF OF SERVICE
12             Plaintiff,

13        v.

14
    NAVIENT CORPORATION, a Delaware
15  corporation; SALLIE MAE
    CORPORATION, a Delaware corporation;
16  SELAINA A. PETROU an individual; and
17  DOES 1 through 50, inclusive,

18             Defendants.

19

20

21        I, Michelle L. Musgrove, declare under penalty of perjury that I am, and was at the time of
    service of the papers herein referred to, over the age of eighteen years of age and not a party to the
22  action; that I am employed or reside in the County of San Diego, State of California, in which county
    the  within mentioned occurred.  My business address is: 3110 Camino del Rio South, Suite 203, San
23  Diego, California 92108.

24        I caused the following documents to be served:

25        **AMENDMENT TO COMPLAINT**

26  ____   by sending via overnight mail next day delivery.

27  / / /

28  / / /

    Petrou v. Navient, et. al
    Proof of Service                        1        Case No. 37-2016-00040243-CU-CO-CTL

1   <u>XXX</u>  by placing a copy in a separate envelope, with postage fully prepaid, for each address named below for collection and mailing on the day indicated below in the ordinary business practices

2     at HAMILTON & ASSOCIATES, APC, 3110 Camino del Rio South, Suite 203, San Diego, California 92108.  I further declare that I am familiar with the ordinary business practices of

3     HAMILTON & ASSOCIATES, APC with regard to collection for mailing with the United States Postal Service and that the correspondence shall be deposited with the United States Postal

4     Service this same day.

5

6   ____  by sending a copy via facsimile transmission to the telefax number(s) indicated below. The transmission report was reported as complete and without error. A transmission report was

7     properly issued by the transmitting facsimile machine and a copy of said transmission report is attached to the original proof of service indicating the time of transmission.

8

9 Robert R. Yap
Dennis N. Lueck, Jr.
AKERMAN, LLP

10 725 South Figueroa Street, 38th Floor
Los Angeles, California 90017

11

12 John A. Schena
SMALL & SCHENA, LLP

13 1350 Columbus Street, Suite 700
San Diego, CA 92101

14

15     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

16

17     Executed at San Diego, California on June 9, 2017.

18

19     Michelle L. Musgrove

20

21

22

23

24

25

26

27

28 K:\Clients\Petrou\Pleadings\pos-amendment (CC).wpd

1  **AKERMAN LLP**
   ROBERT R. YAP (SBN 263763)
2  Email: robert.yap@akerman.com
   601 West Fifth Street, Suite 300
3  Los Angeles, California 90071
   Telephone: (213) 688-9500
4  Facsimile: (213) 627-6342

5  **AKERMAN LLP**
   DENNIS N. LUECK, JR. (SBN 292414)
6  Email: dennis.lueck@akerman.com
   1900 Sixteenth Street, Suite 1700
7  Denver, Colorado 80202
   Telephone: (303) 260-7712
8  Facsimile: (303) 260-7714

9  Attorneys for Defendant
   NAVIENT SOLUTIONS, LLC, f/k/a "NAVIENT
10 SOLUTIONS, INC.", *erroneously named as*
   *"Navient Corporation"and "Sallie Mae*
11 *Corporation".*

                                    **ELECTRONICALLY FILED**
                                    Superior Court of California,
                                    County of San Diego
                                    **06/12/2017** at 09:18:00 AM
                                    Clerk of the Superior Court
                                    By Tamara Parra,Deputy Clerk

12        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13            **FOR THE COUNTY OF SAN DIEGO**

14

15  JOHN G. PETROU, an individual,          Case No. 37-2016-00040243-CU-CO-CTL

16              Plaintiff,                    **DEFENDANT NAVIENT SOLUTIONS,**
                                             **LLC'S NOTICE OF CHANGE OF**
17                                           **ADDRESS OF COUNSEL**

    v.                                       Complaint filed:  November 16, 2016
18                                           Trial:            none set

19  NAVIENT CORPORATION, a Delaware
    corporation; SALLIE MAE
20  CORPORATION, a Delaware corporation;
    SELAINA A. PETROU an individual; and
21  Does 1 through 50, inclusive,

22              Defendants.

23  **TO THE HONORABLE COURT, ALL PARTIES HEREIN, AND THEIR RESPECTIVE**

24  **ATTORNEYS OF RECORD:**

25        PLEASE TAKE NOTICE that as of June 2, 2017, the Los Angeles office of Akerman LLP,

26  attorneys of records of Defendant Navient Solutions, LLC, f/k/a Navient Solutions, Inc., *erroneously*

27  *named as "Navient Corporation"and "Sallie Mae Corporation"* (**defendant**) in the above-captioned

28  action, has moved to the following address:

{41829403;1}                          1                CASE No. 37-2016-00040243-CU-CO-CTL
        **DEFENDANT NAVIENT SOLUTIONS, LLC'S NOTICE OF CHANGE OF ADDRESS OF COUNSEL**

1
2
3
4
5

Robert R. Yap
robert.yap@akerman.com
Akerman LLP
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone:   (213) 688-9500
Facsimile:   (213) 627-6342

6   All further pleadings, filings, documents, and correspondence for defendant in this action

7   should be served or delivered to the above address.   The undersigned counsel for defendant

8   respectfully requests that Court and all parties herein update their records and proofs of service.

9   Dated:  June 9, 2017

AKERMAN LLP

By: _____
    Dennis N. Lueck, Jr.
    Robert R. Yap
Attorneys for Defendant
NAVIENT SOLUTIONS, LLC, f/k/a
"NAVIENT SOLUTIONS, INC.",
*erroneously named as "Navient Corporation"
and "Sallie Mae Corporation"*

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

{41829403;1}                                   2                    CASE NO. 37-2016-00040243-CU-CO-CTL

DEFENDANT NAVIENT SOLUTIONS, LLC'S NOTICE OF CHANGE OF ADDRESS OF COUNSEL

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 601 West Fifth Street, Suite 300, Los Angeles, CA 90071.

    On **June 9, 2017**, I served the following document(s) described as:

**DEFENDANT NAVIENT SOLUTIONS, LLC'S NOTICE OF CHANGE OF ADDRESS OF COUNSEL**

on the persons below as follows:

Ben-Thomas Hamilton, Esq.
Kristine E. Steynske, Esq.
**HAMILTON & McINNIS, LLP**
3110 Camino Del Rio South,
Suite 203
San Diego, CA 92108-3880
Tel:   619.299.4877
Fax:   619.299.4787
Email: <u>ben@hm-lawyers.com</u>

*Attorney for Plaintiff*
*JOHN G. PETROU*

☒   **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☒  (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐  (Federal)   I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.under the laws of the United States of America

Executed on **June 9, 2017**, at Los Angeles, California.

_____
Evelyn S. Duarte
(Type or print name)

_____
(Signature)

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL: (213) 688-9500 – FAX: (213) 627-6342

1    Ben-Thomas Hamilton (SBN 222601)
     Kristine Stcynske (SBN 306622)
2    HAMILTON & ASSOCIATES, APC
     3110 Camino del Rio South, Suite 203
3    San Diego, California 92108

4    Telephone: (619) 299-4877
     Facsimile: (619) 299-4787
5
     Attorneys for Plaintiff, JOHN G. PETROU
6

7

8             SUPERIOR COURT OF THE STATE OF CALIFORNIA

9             COUNTY OF SAN DIEGO – CENTRAL DIVISION

10

11   JOHN G. PETROU, an individual,              Case No. 37-2016-00040243-CU-CO-CTL

12            Plaintiff,                          **PROOF OF SERVICE**

13        v.

14
     NAVIENT CORPORATION, a Delaware
15   corporation; SALLIE MAE
     CORPORATION, a Delaware corporation;
16   SELAINA A. PETROU an individual; and
     DOES 1 through 50, inclusive,
17
18            Defendants.

19

20

21        I, Michelle L. Musgrove, declare under penalty of perjury that I am, and was at the time of
     service of the papers herein referred to, over the age of eighteen years of age and not a party to the
22   action; that I am employed or reside in the County of San Diego, State of California, in which county
     the within mentioned occurred.  My business address is: 3110 Camino del Rio South, Suite 203, San
23   Diego, California 92108.

24        I caused the following documents to be served:

25        **AMENDMENT TO COMPLAINT**

26   ____ by sending via overnight mail next day delivery.

27   / / /

28   / / /

     _____
     Petrou v. Navient, et. al                         Case No. 37-2016-00040243-CU-CO-CTL
     Proof of Service                      1

1   <u>XXX</u>   by placing a copy in a separate envelope, with postage fully prepaid, for each address named
below for collection and mailing on the day indicated below in the ordinary business practices
2        at HAMILTON & ASSOCIATES, APC, 3110 Camino del Rio South, Suite 203, San Diego,
California 92108.  I further declare that I am familiar with the ordinary business practices of
3        HAMILTON & ASSOCIATES, APC with regard to collection for mailing with the United States
Postal Service and that the correspondence shall be deposited with the United States Postal
4        Service this same day.

5

6      _____   by sending a copy via facsimile transmission to the telefax number(s) indicated below. The
transmission report was reported as complete and without error. A transmission report was
7        properly issued by the transmitting facsimile machine and a copy of said transmission report is
attached to the original proof of service indicating the time of transmission.

8

9   Robert R. Yap
Dennis N. Lueck, Jr.
10  AKERMAN, LLP
725 South Figueroa Street, 38th Floor
11  Los Angeles, California 90017

12  John A. Schena
SMALL & SCHENA, LLP
13  1350 Columbus Street, Suite 700
San Diego, CA 92101

14

15       I declare under penalty of perjury under the laws of the State of California that the foregoing is
true and correct.

16

17       Executed at San Diego, California on June 9, 2017.

18

19                     Michelle L. Musgrove

20

21

22

23

24

25

26

27

28  K:\Clients\Petrou\Pleadings\pos-amendment (CC).wpd

1   William F. Small (SBN 253443)
   John A. Schena (SBN 269597)
2   SMALL & SCHENA LLP
   1350 Columbia St., Suite 700
3   San Diego, California 92101
   Telephone:   (619) 430-4793
4   Facsimile:   (619) 664-4278

5   Attorneys for Defendant
   SELAINA A. PETROU

6

7

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/16/2017** at 10:29:00 AM

Clerk of the Superior Court
By Richard Day, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8   **COUNTY OF SAN DIEGO - CENTRAL**

9   **'17CV2033 MMAWVG**

| | |
|---|---|
| 10  JOHN G. PETROU, an individual, | Case No. 37-2016-00040243-CU-CO-CTL |
| 11      Plaintiff, | Assigned to Hon. Ronda A. Trapp, Dept. 70 |
| 12  v. | **DEFENDANT SELAINA A. PETROU'S ANSWER TO COMPLAINT** |
| 13  NAVIENT CORPORATION, a Delaware corporation; SALLIE MAE CORPORATION, a | |
| 14  Delaware corporation; SELAINA A. PETROU an individual; and Does 1 thorugh 50, inclusive, | Complaint Filed: 11/16/2016 |
| 15      Defendants. | No Trial Date Set |
| 16 | |

17

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27

28

1

DEFENDANT SELAINA A. PETROU'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Selaina A. Petrou ("Answering Defendant") for herself and no others, answers the unverified complaint ("Complaint") of plaintiff John G. Petrou ("Plaintiff") in the above-captioned matter as follows:

## GENERAL DENIAL

Pursuant to Section 431.30 of the Code of Civil Procedure, Answering Defendant denies each and every allegation and cause of action alleged in or arising from Plaintiff' Complaint, denies that Plaintiff sustained any damages as alleged, or at all, and denies that Plaintiff is entitled to recover any damages.

## AFFIRMATIVE DEFENSES

Without admitting that she carries the burden of proof as to any of the issues raised thereby, Answering Defendant asserts the following separate and distinct affirmative defenses to Plaintiff' Complaint and each purported cause of action therein, and prays for judgment as set forth below.

Answering Defendant also hereby gives notice that she intends to rely upon such other and further affirmative defenses as may become available during investigation and discovery in this action. Answering Defendant reserves the right to amend this Answer to assert any such defenses based on such investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE

### (Fails to State Facts Sufficient to State a Cause of Action)

1.     Plaintiff' Complaint, and each cause of action therein, fails to state facts sufficient to constitute causes of action against Answering Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

2.     Plaintiff is barred from seeking any of the requested relief because of the doctrine of unclean hands.

/ / /

/ / /

/ / /

2

DEFENDANT SELAINA A. PETROU'S ANSWER TO PLAINTIFF'S COMPLAINT

**THIRD AFFIRMATIVE DEFENSE**

**(Waiver and Estoppel)**

3.    Plaintiff' claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

**(Laches)**

4.    Plaintiff' claims are barred, in whole or in part, by the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

**(Consent)**

5.    Plaintiff' claims are barred, in whole or in part, by the doctrine of consent.

**SIXTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

6.    Plaintiff' claims are barred in whole or in part by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure § 338.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Standing)**

7.    Answering Defendant alleges that Plaintiff lacks standing to assert the claims presented in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

**(In Pari Delicto)**

8.    Answering Defendant is informed and believes and thereon alleges that any damages incurred by Plaintiff were the direct and proximate result of Plaintiff' own conduct and negligence; therefore, Plaintiff' claims are barred under the doctrine of *in pari delicto*.

**NINTH AFFIRMATIVE DEFENSE**

**(Ratification)**

9.    Answering Defendant alleges that Plaintiff is not entitled to any relief because the acts and conduct alleged, if proven, were consented to, accepted and ratified by Plaintiff.

/ / /

3

DEFENDANT SELAINA A. PETROU'S ANSWER TO PLAINTIFF'S COMPLAINT

**TENTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

10.     Answering Defendant alleges that Plaintiff' right to recover, if any, under the Complaint, is barred because Plaintiff would be unjustly enriched if permitted to recover against Answering Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

11.     Answering Defendant alleges that Plaintiff failed to mitigate damages that he contends he suffered, if any, and is therefore barred from recovery.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Justification)**

12.     All of the wrongful acts alleged in the Complaint were justified.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Equitable Indemnity)**

13.     Answering Defendant is informed and believe and thereon allege all the events relevant to the allegations of the Complaint were proximately caused and contributed to by the legal fault of persons or entities other than Answering Defendant and, if there is a verdict in favor of Plaintiff, there should be an apportionment of damages according to Plaintiff and each party's *pro rata* fault and, to this extent, each defendant is entitled to complete, partial and/or equitable indemnity from others on a comparative fault basis.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Right to Off-Set)**

14.     Answering Defendant alleges that if Cross-Complainant recovered or recovers compensation for its alleged damages, if any, from other parties, non-parties, insurers, and/or employers, Answering Defendant is entitled to an off-set, set-off and/or credit against any liability she may have, if any, so as to prevent Plaintiff from realizing an impermissible double recover in violation of California law.

/ / /

4

DEFENDANT SELAINA A. PETROU'S ANSWER TO PLAINTIFF'S COMPLAINT

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Join Indispensible Parties)**

15.     Answering Defendant is informed and believe and thereon allege that Plaintiff has failed to join indispensable real parties in interest, and therefore Answering Defendant would be prejudiced by this action because of the risk of inconsistent results and the cost of multiple adjudications.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Ambiguity)**

16.     Answering Defendant asserts that Cross-Complainant did not clearly state the amount or issues in this case making it difficult for Answering Defendant to respond.  Answering Defendant requests that the Court grant leave to amend this Answer to allow additional defenses once additional information is discovered that will allow any additional defenses to be known by Answering Defendant.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Satisfaction)**

17.     That prior to the commencement of this action, Answering Defendant duly performed, satisfied and discharged all duties and obligations she may have owed to the Plaintiff arising out of any and all agreements, representations or contracts made by them or on behalf of them.

**RESERVATION OF RIGHTS**

Answering Defendant has insufficient knowledge or information on which to form a belief as to whether she may have additional, as yet unstated, affirmative defenses available.  Answering Defendant reserves the right to assert additional defenses in the event that discovery indicates that any additional defenses would be appropriate.

**PRAYER**

WHEREFORE, Answering Defendant Selaina A. Petrou prays for judgment as follows:

1.     That Plaintiff' Complaint and each of the causes of action therein be dismissed with prejudice;

5

1    2.    That Plaintiff takes nothing and be denied any remedy in equity by his Complaint;

2    3.    That Answering Defendant be awarded her costs incurred herein, and reasonable

3    attorney fees; and

4    4.    That the Court orders such other and further relief for Answering Defendant as the

5    Court may deem just and proper.

6                                              Respectfully submitted,

7    Dated:  June 16, 2017                     SMALL & SCHENA LLP

8

9                                    By:  _____

10                                           William F. Small
                                            Attorneys for Defendant SELAINA A.
11                                           PETROU

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<div align="center">6</div>

DEFENDANT SELAINA A. PETROU'S ANSWER TO PLAINTIFF'S COMPLAINT

William F. Small III, Esq.
John A. Schena, Esq.
SMALL & SCHENA LLP
1350 Columbia St., Suite 700
San Diego, CA 92101
Telephone:  (619) 430-4793
Facsimile:  (619) 664-4278

## PROOF OF SERVICE

<u>SCV TUTORS, LLC V. JUDAH; C.A.R.E. LEARNING ACADEMIES, LLC, et al.</u>
Superior Court of the State of California, County of Los Angeles
Case No. VC066188

I, THE UNDERSIGNED DECLARE: That I am, and at the time of service of the papers herein referenced to, over the age of eighteen years, and not a party to the action; and I am employed in the County of San Diego, California in which county the within-mentioned mailing occurred. My business address is 1350 Columbia St., Suite 700, San Diego, California 92101. On June 16, 2017, I served the following documents:

- **DEFENDANT SELAINA A. PETROU'S ANSWER TO COMPLAINT**

on the parties in said action by placing a true copy thereof in a separate sealed envelope for each addressee named hereafter, addressed to each such addressee respectively as follows:

Ben-Thomas Hamilton, Esq.
Kristine E. Stcynske, Esq.
**HAMILTON & McINNIS, LLP**
3110 Camino Del Rio South, Suite 203
San Diego, CA 92108-3880
Tel: 619.299.4877
Fax: 619.299.4787
Attorneys for Plaintiff JOHN G. PETROU

Robert R. Yap
**AKERMAN LLP**
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile: (213) 627-6342
Attorneys for Defendant  NAVIENT SOLUTIONS, LLC

On June 16, 2017, I enclosed the documents in an envelope or package addressed to the addressees identified above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully

prepaid.

    I hereby certify under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on June 16, 2017, at San Diego, California.

William F. Small III

PROOF OF SERVICE

1    Ben-Thomas Hamilton (SBN 222601)
     Kristine E. Steynske (SBN 306622)
2    HAMILTON & ASSOCIATES, APC
     3110 Camino del Rio South, Suite 203
3    San Diego, California 92108

4    Telephone: (619) 299-4877
     Facsimile: (619) 299-4787
5
     Attorneys for Plaintiff MARINA PEGAS
6

7

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION

2017 JUN 26  P 12: 1⁴

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **COUNTY OF SAN DIEGO**

10

11    JOHN G. PETROU, an individual,

12          Plaintiff,

13           v.

14    NAVIENT CORPORATION, a Delaware
     corporation; SALLIE MAE
15    CORPORATION, a Delaware corporation;
     SELAINA A. PETROU an individual; and
16    DOES 1 through 50, inclusive,

17          Defendants.

Case No. 37-2016-00040243-CU-CO-CTL

**NOTICE OF CHANGE OF FIRM NAME**

18

19    **TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:**

20      **NOTICE IS HEREBY GIVEN** that the law firm of HAMILTON & McINNIS, L.L.P., attorney

21    of record for Plaintiff JOHN G. PETROU in the above-captioned action, has changed its name effective

22    June 1, 2017.

23      All future pleadings, correspondence, notices, or other matters pertaining to this action should be

24    sent to:

25                    HAMILTON & ASSOCIATES, APC

26                3110 Camino del Rio South, Suite 203

27                    San Diego, California 92108

28    / / /

---

Petro v. Navient, et al.                              Case No. 37-2016-00040243-CU-CO-CTL
Notice of Firm Name Change           1

1    The telephone and facsimile numbers for HAMILTON & ASSOCIATES, APC have not changed.

2    Dated: June 8, 2017                    HAMILTON & ASSOCIATES, APC

3

4                                   By:    _____

5                                          Ben-Thomas Hamilton, Attorneys for
                                           Plaintiff JOHN G. PETROU

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   K:\Clients\Petrou\Pleadings\notice - firm name.wpd

Petro v. Navient, et al.                    2          Case No.  37-2016-00040243-CU-CO-CTL
Notice of Firm Name Change

1    Ben-Thomas Hamilton (SBN 222601)
     Kristine Stcynske (SBN 306622)

2    HAMILTON & ASSOCIATES, APC
     3110 Camino del Rio South, Suite 203

3    San Diego, California 92108

4    Telephone:  (619) 299-4877
     Facsimile:   (619) 299-4787

5    Attorneys for Plaintiff, JOHN G. PETROU

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **COUNTY OF SAN DIEGO – CENTRAL DIVISION**

10

11    JOHN G. PETROU, an individual,       Case No. 37-2016-00040243-CU-CO-CTL

12               Plaintiff,              **PROOF OF SERVICE**

13             v.

14

15    NAVIENT CORPORATION, a Delaware
     corporation; SALLIE MAE

16    CORPORATION, a Delaware corporation;
     SELAINA A. PETROU an individual; and

17    DOES 1 through 50, inclusive,

18             Defendants.

19

20

21       I, Michelle L. Musgrove, declare under penalty of perjury that I am, and was at the time of
service of the papers herein referred to, over the age of eighteen years of age and not a party to the

22    action; that I am employed or reside in the County of San Diego, State of California, in which county
the within mentioned occurred.  My business address is: 3110 Camino del Rio South, Suite 203, San

23    Diego, California 92108.

24       I caused the following documents to be served:

25       **NOTICE OF CHANGE OF FIRM NAME**

26    _____ by sending via overnight mail next day delivery.

27    ///

28    ///

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION

2017 JUN 26  P 12: 12

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

1  <u>XXX</u>  by placing a copy in a separate envelope, with postage fully prepaid, for each address named below for collection and mailing on the day indicated below in the ordinary business practices at HAMILTON & ASSOCIATES, APC, 3110 Camino del Rio South, Suite 203, San Diego, California 92108.  I further declare that I am familiar with the ordinary business practices of HAMILTON & ASSOCIATES, APC with regard to collection for mailing with the United States Postal Service and that the correspondence shall be deposited with the United States Postal Service this same day.

2

3

4

5

6  ____  by sending a copy via facsimile transmission to the telefax number(s) indicated below. The transmission report was reported as complete and without error. A transmission report was properly issued by the transmitting facsimile machine and a copy of said transmission report is attached to the original proof of service indicating the time of transmission.

7

8

9  Robert R. Yap
Dennis N. Lueck, Jr.
AKERMAN, LLP
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017

10

11

12  John A. Schena
SMALL & SCHENA, LLP
1350 Columbus Street, Suite 700
San Diego, CA 92101

13

14

15  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

16

17  Executed at San Diego, California on June 20, 2017.

18

19  Michelle L. Musgrove

20

21

22

23

24

25

26

27

28  K:\Clients\Petrou\Pleadings\pos-notice.wpd

Petrou v. Navient, et. al                          Case No. 37-2016-00040243-CU-CO-CTL
Proof of Service                    2

1   Ben-Thomas Hamilton (SBN 222601)
    Kristine Steynske (SBN 306622)
2   HAMILTON & ASSOCIATES, APC
    3110 Camino del Rio South, Suite 203
3   San Diego, California 92108

4   Telephone:  (619) 299-4877
    Facsimile:  (619) 299-4787
5
    Attorneys for Plaintiff, JOHN G. PETROU
6

7

8                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                 **COUNTY OF SAN DIEGO – CENTRAL DIVISION**

10                                          Case No. 37-2016-00040243-CU-CO-CTL

11  JOHN G. PETROU, an individual,          **NOTICE OF MOTION TO STRIKE
                                            DEFENDANT SELAINA A. PETROU'S**
12                Plaintiff,                **PRAYER FOR ATTORNEYS' FEES**

13                v.

14  NAVIENT CORPORATION, a Delaware
    corporation; SALLIE MAE
15  CORPORATION, a Delaware corporation;
    SELAINA A. PETROU an individual; and
16  DOES 1 through 50, inclusive,           Date:    August 25, 2017
                                            Time:    11:00 a.m.
17                Defendants.               Dept:    C-70
                                            Judge:   Hon. Randa Trapp
18

19      **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

20      **PLEASE TAKE NOTICE** that on August 25, 2017 at 11:00 a.m., or as soon thereafter as

21  counsel may be heard in Department C-70 of the above-entitled Court located at 330 West Broadway,

22  San Diego, California 92101, Plaintiff, JOHN G. PETROU ("PLAINTIFF") will and does hereby move

23  this Court for an order striking Defendant, SELAINA A. PETROU'S ("DEFENDANT") prayer for

24  attorneys' fees set forth on page 6, lines 2-3 in her answer to PLAINTIFF'S complaint.

25  / / /

26  / / /

27  / / /

28  / / /

---

Petrou v. Navient, et. al.                    1                 Case No. 37-2016-00040243-CU-CO-CTL
Notice of Motion to Strike

1    This motion will be based upon this Notice, the attached Memorandum of Points and Authorities,

2    the attached Notice of Lodgment as well as the Court's file in this matter together with such oral and

3    documentary evidence as may be presented at the time of hearing.

4    Dated: July 3, 2017                          HAMILTON & ASSOCIATES, APC

5

6                                    By:   _____

7                                          Ben-Thomas Hamilton, Attorneys
                                           for Plaintiff, JOHN G. PETROU
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   K:\Clients\Petrou\Pleadings\MTS\Notice.wpd

1 Ben-Thomas Hamilton (SBN 222601)
  Kristine Steynske (SBN 306622)
2 HAMILTON & ASSOCIATES, APC
  3110 Camino del Rio South, Suite 203
3 San Diego, California 92108

4 Telephone: (619) 299-4877
  Facsimile:  (619) 299-4787
5
  Attorneys for Plaintiff, JOHN G. PETROU
6

7

8        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9        **COUNTY OF SAN DIEGO – CENTRAL DIVISION**

10 | Case No. 37-2016-00040243-CU-CO-CTL

11 JOHN G. PETROU, an individual, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE DEFENDANT SELAINA A. PETROU'S PRAYER FOR ATTORNEYS' FEES**

12       Plaintiff,

13       v.

14 NAVIENT CORPORATION, a Delaware corporation; SALLIE MAE
15 CORPORATION, a Delaware corporation; SELAINA A. PETROU an individual; and
16 DOES 1 through 50, inclusive,

17       Defendants. | Date:  August 25, 2017
18 | Time:  11:00 a.m.
   | Dept:  C-70
   | Judge: Hon. Randa Trapp

19     Plaintiff, JOHN G. PETROU ("PLAINTIFF") hereby submits the following memorandum of

20 points and authorities in support of his motion to strike Defendant, SELAINA A. PETROU'S

21 ("DEFENDANT") prayer for attorneys' fees in her answer to PLAINTIFF'S complaint.

22         **I.  INTRODUCTION**

23     This Court should strike DEFENDANT'S claim for attorneys' fees.  There is no legal or factual

24 basis that allows recovery of attorneys' fees for fraud.

25        **II.  STATEMENT OF FACTS**

26     PLAINTIFF filed a complaint on November 16, 2016 against multiple defendants ("Complaint").

27 (Notice of Lodgement ("NOL"): Exhibit A - Complaint).  The Complaint arises from allegations that

28 DEFENDANT willfully and unlawfully used PLAINTIFF'S name, address, driver's license number, and

---

1   social security number on a Promissory Note in order to apply for Parent Plus Loans. (Complaint, ¶ 26).

2   DEFENDANT then electronically signed PLAINTIFF'S name on the Promissory Note. (Complaint, ¶

3   28).

4        As a result, DEFENDANT obtained two Parent Plus Loans in PLAINTIFF'S name in the total

5   amount of $50,015.00 before interest. (Complaint, ¶ 32). PLAINTIFF is now liable for these loans.

6   (Complaint, ¶ 33).

7        PLAINTIFF'S Complaint alleges fraud against DEFENDANT and seeks damages in the sum of

8   $50,015.00, plus interest and punitive damages. (Complaint, ¶¶ 33-34).

9        On or about June 16, 2017, DEFENDANT filed an answer to PLAINTIFF'S Complaint

10  ("Answer"). The Answer on page 6, lines 2-3 prays for an award of "reasonable attorneys fees." (NOL -

11  Exhibit B, Answer).

12       In short, there is no legal or factual basis that allows recovery of attorneys' fees for fraud or any

13  other allegations. DEFENDANT has failed to provide authorization otherwise.

## III. ARGUMENT

15       Motions to strike can be used to reach defects or objections to pleadings that are not

16  challengeable by demurrer. (Cal. Civ. Proc. Code § 435). For the purposes of a motion to strike, the

17  term "pleading" includes a complaint, cross-complaint, answer or demurrer. (Cal. Civ. Proc. Code §

18  435). The grounds for a motion to strike must either appear on the face of the defective pleading or from

19  any matter of which the court may take judicial notice. (Cal. Civ. Proc. Code § 437).

20       A motion to strike may be used to eliminate irrelevant or improper matter from the complaint.

21  (Cal. Civ. Proc. Code § 436). Irrelevant matter includes "requesting relief not supported by the

22  allegations of the complaint." (Cal. Civ. Proc. Code § 431.10). Therefore, where there has been an

23  improper claim for damages that is not supported by the cause of action pled, a court may strike such

24  portions from the complaint.

25  **A.   DEFENDANT'S PRAYER FOR ATTORNEYS' FEES SHOULD BE
      STRICKEN.**

26

27       This Court should strike PLAINTIFFS' prayer for attorneys' fees as set forth in their answer as

28  there are no allegations before this Court supporting such relief.

1.      **Attorneys' Fee Awards Are Only Allowed in Limited Circumstances.**

Aside from a few limited exceptions to the rule, the successful party to an action cannot recover attorneys' fees as costs from the opposing party. (*Summers v. Newman* (1999) 20 Cal.4th 1021, 1031). California Code of Civil Procedure section 1021 states:

> **Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to their costs, as hereinafter provided.**

With respect to contractual actions, California Civil Code section 1717 allows for recovery of attorneys' fees *only* where the written contract which is the basis for the action specifically provides such fees are recoverable if incurred to enforce said contract. (Cal. Civ. Code § 1717).

2.      **Neither PLAINTIFF'S Complaint Nor DEFENDANT'S Answer Plead Facts Authorizing an Attorneys' Fee Award for Fraud.**

Here, PLAINTIFF'S cause of action against DEFENDANT is for fraud. There is no statutory basis for DEFENDANT to request attorneys' fees. Moreover, there is no contract between the parties to authorize attorneys' fees. Unless DEFENDANT can affirmatively demonstrate to PLAINTIFF and this Court that she has a legal right to attorneys' fees, this Court should grant PLAINTIFF'S motion to strike.

## IV.  CONCLUSION

Based on the foregoing, PLAINTIFF respectfully requests that this Court strike DEFENDANT'S prayer for attorneys' fees as set forth on page 6, lines 2-3 in her Answer to PLAINTIFF'S complaint.

Dated: July 3, 2017

HAMILTON & ASSOCIATES, APC

By: _____

Ben-Thomas Hamilton, Attorneys
for Plaintiff, JOHN G. PETROU

K:\Clients\Petrou\Pleadings\MTS\P&A.wpd

Ben-Thomas Hamilton (SBN 222601)
Kristine Steynske (SBN 306622)
HAMILTON & ASSOCIATES, APC
3110 Camino del Rio South, Suite 203
San Diego, California 92108

Telephone:  (619) 299-4877
Facsimile:  (619) 299-4787

Attorneys for Plaintiff, JOHN G. PETROU

JUL 3'17 PM 2:03

JUL 03 2017

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO – CENTRAL DIVISION

| | |
|---|---|
| JOHN G. PETROU, an individual, | Case No. 37-2016-00040243-CU-CO-CTL |
| Plaintiff, | **NOTICE OF LODGMENT IN SUPPORT OF MOTION TO STRIKE CROSS-DEFENDANTS' PRAYER FOR ATTORNEYS' FEES** |
| v. | |
| NAVIENT CORPORATION, a Delaware corporation; SALLIE MAE CORPORATION, a Delaware corporation; SELAINA A. PETROU an individual; and DOES 1 through 50, inclusive, | Date:      August 25, 2017<br>Time:      11:00 a.m.<br>Dept:      C-70<br>Judge: Hon. Randa Trapp |
| Defendants. | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff, JOHN G. PETROU ("PLAINTIFF") hereby lodges the following true and correct copies of documents in support of his motion to strike  Defendant, SELAINA A. PETROU'S ("DEFENDANT") prayer for attorneys' fees set forth on page 6, lines 2-3 in her answer to PLAINTIFF'S complaint:

/ / /

/ / /

/ / /

/ / /

/ / /

Petrou v. Navient, et. al.                                                                    Case No. 37-2016-00040243-CU-CO-CTL
Notice of Lodgment                                        1

| | | |
|---|---|---|
| 1 | Exhibit "A" | PLAINTIFF'S complaint; and |
| 2 | Exhibit "B" | DEFENDANT'S answer to PLAINTIFF'S complaint. |
| 3 | Dated: July 3, 2017 | HAMILTON & ASSOCIATES, APC |

By: _____
Ben-Thomas Hamilton, Attorneys
for Plaintiff, JOHN G. PETROU

K:\Clients\Petrou\Pleadings\MTS\Lodgment.wpd

Ben-Thomas Hamilton (SBN 222601)
Kristine Steynske (SBN 306622)
HAMILTON & ASSOCIATES, APC
3110 Camino del Rio South, Suite 203
San Diego, California 92108

Telephone: (619) 299-4877
Facsimile:  (619) 299-4787

Attorneys for Plaintiff, JOHN G. PETROU

FILED

JUL 3 '17 PM 2:03

JUL 03 2017

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO – CENTRAL DIVISION

JOHN G. PETROU, an individual,

    Plaintiff,

    v.

NAVIENT CORPORATION, a Delaware
corporation; SALLIE MAE
CORPORATION, a Delaware corporation;
SELAINA A. PETROU an individual; and
DOES 1 through 50, inclusive,

    Defendants.

Case No. 37-2016-00040243-CU-CO-CTL

**PROOF OF SERVICE**

    I, Michelle L. Musgrove, declare under penalty of perjury that I am, and was at the time of service of the papers herein referred to, over the age of eighteen years of age and not a party to the action; that I am employed or reside in the County of San Diego, State of California, in which county the within mentioned occurred. My business address is: 3110 Camino del Rio South, Suite 203, San Diego, California 92108.

    I caused the following documents to be served:

    **NOTICE OF MOTION TO STRIKE DEFENDANT SELAINA A. PETROU'S PRAYER FOR ATTORNEYS' FEES;**

    **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE DEFENDANT SELAINA A. PETROU'S PRAYER FOR ATTORNEYS' FEES;**

/ / /

---

Petrou v. Navient, et. al                                    Case No. 37-2016-00040243-CU-CO-CTL
Proof of Service                                   1

1  NOTICE OF LODGMENT IN SUPPORT OF MOTION TO STRIKE CROSS-
   DEFENDANTS' PRAYER FOR ATTORNEYS' FEES; and

2

3  PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT
   SELAINA A. PETROU'S PRAYER FOR ATTORNEYS' FEES

4

5  _____   by sending via overnight mail next day delivery.

6  XXX   by placing a copy in a separate envelope, with postage fully prepaid, for each address named
         below for collection and mailing on the day indicated below in the ordinary business practices
7        at HAMILTON & ASSOCIATES, APC, 3110 Camino del Rio South, Suite 203, San Diego,
         California 92108.  I further declare that I am familiar with the ordinary business practices of
8        HAMILTON & ASSOCIATES, APC with regard to collection for mailing with the United States
         Postal Service and that the correspondence shall be deposited with the United States Postal
9        Service this same day.

10

11 _____   by sending a copy via facsimile transmission to the telefax number(s) indicated below. The
           transmission report was reported as complete and without error. A transmission report was
           properly issued by the transmitting facsimile machine and a copy of said transmission report is
12         attached to the original proof of service indicating the time of transmission.

13

14 Robert R. Yap
   Dennis N. Lueck, Jr.
15 AKERMAN, LLP
   725 South Figueroa Street, 38th Floor
   Los Angeles, California 90017

16

17 John A. Schena
   SMALL & SCHENA, LLP
18 1350 Columbus Street, Suite 700
   San Diego, CA 92101

19

20         I declare under penalty of perjury under the laws of the State of California that the foregoing is
   true and correct.

21

22         Executed at San Diego, California on July 3, 2017.

23

24                                                      (Michelle L. Musgrove

25

26

27

28 K:\Clients\Petrou\Pleadings\MTS\pos.wpd

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| William F. Small (SBN 253443)<br>Small & Schena LLP<br>1350 Columbia St., Ste. 700, San Diego, CA 92101<br><br>TELEPHONE NO.: 619.430.4793      FAX NO. *(Optional):*   619.664.4278<br>E-MAIL ADDRESS *(Optional):*  will@smallschena.com<br>ATTORNEY FOR *(Name):*   Defendant | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**07/13/2017** at 02:54:00 PM<br><br>Clerk of the Superior Court<br>By E- Filing, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF     **San Diego**
STREET ADDRESS:    330 W. Broadway
MAILING ADDRESS:   330 W. Broadway
CITY AND ZIP CODE:  San Diego 92101
BRANCH NAME:    Central

PLAINTIFF/PETITIONER:    **PETROU**

DEFENDANT/RESPONDENT:    NAVIENT CORPORATION, et al.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  ☒ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000)  ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | 37-2016-00040243-CU-CO-CTL |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:    July 28, 2017      Time: 10:00 a.m.      Dept.: C-70      Div.:      Room:

Address of court *(if different from the address above):*

☐   Notice of Intent to Appear by Telephone, by *(name):*

---

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒   This statement is submitted by party *(name):*     Defendant Selaina Petrou
   b. ☐   This statement is submitted jointly by parties *(names):*


2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.    The complaint was filed on *(date):*
   b. ☐   The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐   All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐   The following parties named in the complaint or cross-complaint
      (1) ☐   have not been served *(specify names and explain why not):*

      (2) ☐   have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐   have had a default entered against them *(specify names):*

   c. ☐   The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*


4. **Description of case**
   a.   Type of case in  ☒ **complaint**      ☐ **cross-complaint**      *(Describe, including causes of action):*
      Plaintiff brings causes of action for Fraud and Declaratory Relief against Selaina Petrou.

---

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov

American LegalNet, Inc.<br>www.FormsWorkFlow.com

**CM-110**

| | | |
|---|---|---|
| PLAINTIFF/PETITIONER: | PETROU | **CASE NUMBER:**<br>37-2016-00040243-CU-CO-CTL |
| DEFENDANT/RESPONDENT: | NAVIENT CORPORATION | |

4.  **b.**  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiff alleges that his own daughter defrauded him by stealing his identity to take out student loans for college. He seeks damages of more than $50,000 as well as punitive damages. Defendant Selaina Petrou denies the allegations and claims against her, in part because Plaintiff was aware of the loans and consented to them.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☒ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
**a.** ☐ The trial has been set for *(date):*
**b.** ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* Discovery has not been completed due to the case being removed to federal court and then remanded. Defendant intends to file a Motion for Summary Judgment.
**c.** Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
**a.** ☒ days *(specify number):* 2
**b.** ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:
**a.** Attorney:
**b.** Firm:
**c.** Address:
**d.** Telephone number:          **f.** Fax number:
**e.** E-mail address:          **g.** Party represented:
☐ Additional representation is described in Attachment 8.

9.  **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

**a.** **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☒ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

**b.** **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

---

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.<br>www.FormsWorkFlow.com

CM-110

| PLAINTIFF/PETITIONER: | PETROU | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | NAVIENT CORPORATION | 37-2016-00040243-CU-CO-CTL |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)* :<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.<br>www.FormsWorkFlow.com

CM-110

| PLAINTIFF/PETITIONER: | PETROU | CASE NUMBER: 37-2016-00040243-CU-CO-CTL |
|---|---|---|
| DEFENDANT/RESPONDENT: | NAVIENT CORPORATION | |

**11. Insurance**
   a. ☐   Insurance carrier, if any, for party filing this statement *(name):*
   b.  Reservation of rights:  ☐ Yes   ☐ No
   c. ☐   Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐  Other *(specify):*
Status:

**13. Related cases, consolidation, and coordination**
   a. ☐   There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
     ☐   Additional cases are described in Attachment 13a.

   b. ☐  A motion to   ☐  consolidate   ☐  coordinate   will be filed by *(name party):*

**14. Bifurcation**
   ☐   The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
   ☒   The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
       Defendant Selaina Petrou intends to file a Motion for Summary Judgment.

**16. Discovery**
   a. ☐   The party or parties have completed all discovery.
   b. ☒   The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant Petrou | Written Discovery | Nov. 2017 |
| Defendant Petrou | Deposition of Plaintiff | Dec. 2017 |

   c. ☐   The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

---

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkFlow.com

**CM-110**

| | | |
|---|---|---|
| PLAINTIFF/PETITIONER: | PETROU | **CASE NUMBER:** |
| DEFENDANT/RESPONDENT: | NAVIENT CORPORATION | 37-2016-00040243-CU-CO-CTL |

**17. Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90–98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* ___0___

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:  JULY 13, 2017

William F. Small
            (TYPE OR PRINT NAME)

▶ _____
        (SIGNATURE OF PARTY OR ATTORNEY)

            (TYPE OR PRINT NAME)

▶ _____
        (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkFlow.com

William F. Small III, Esq.
John A. Schena, Esq.
SMALL & SCHENA LLP
1350 Columbia St., Suite 700
San Diego, CA 92101
Telephone:  (619) 430-4793
Facsimile:  (619) 664-4278

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**07/13/2017** at 02:54:00 PM

Clerk of the Superior Court
By E- Filing,Deputy Clerk

## PROOF OF SERVICE

### PETROU V. NAVIENT CORPORATION, ET AL.

Superior Court of the State of California, County of SAN DIEGO
Case No.   37-2016-00040243-CU-CO-CTL

I, THE UNDERSIGNED DECLARE: That I am, and at the time of service of the papers herein referenced to, over the age of eighteen years, and not a party to the action; and I am employed in the County of San Diego, California in which county the within-mentioned mailing occurred. My business address is 1350 Columbia St., Suite 700, San Diego, California 92101. On July 17, 2017, I served the following documents:

- **DEFENDANT SELAINA A. PETROU'S CASE MANAGEMENT STATEMENT**

on the parties in said action by placing a true copy thereof in a separate sealed envelope for each addressee named hereafter, addressed to each such addressee respectively as follows:

Ben-Thomas Hamilton, Esq.
Kristine E. Stcynske, Esq.
**HAMILTON & ASSOCIATES, APC**
3110 Camino Del Rio South, Suite 203
San Diego, CA 92108-3880
Tel: 619.299.4877
Fax: 619.299.4787
Attorneys for Plaintiff JOHN G. PETROU

Robert R. Yap
**AKERMAN LLP**
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile: (213) 627-6342
Attorneys for Defendant  NAVIENT SOLUTIONS, LLC

On July 17, 2017, I enclosed the documents in an envelope or package addressed to the addressees identified above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course

1    of business with the United States Postal Service, in a sealed envelope with postage fully
     prepaid.

2

3        I hereby certify under the penalty of perjury under the laws of the State of California that
     the foregoing is true and correct. Executed on July 17, 2017, at San Diego, California.

4
                                                    _____
5                                                   William F. Small III

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Ben-Thomas Hamilton                         SBN: 222601<br>Hamilton & Associates, APC<br>3110 Camino del Rio South, Suite 203<br>San Diego, CA 92108<br>  TELEPHONE NO.: (619) 299-4877     FAX NO. *(Optional)*:(619) 299-4787<br>  E-MAIL ADDRESS *(Optional)*: ben@hm-lawyers.com<br>  ATTORNEY FOR *(Name)*: John Petrou | F i L 2:57<br>"Clerk of the 'L4<br>  TRUe ue Superior Court D<br>JUL 1 4 2017<br>By:<br>        , Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO |
|---|
|   STREET ADDRESS:330 West Broadway |
|   MAILING ADDRESS:330 West Broadway |
|   CITY AND ZIP CODE: San Diego, 92101 |
|   BRANCH NAME: Hall of Justice Courthouse |

PLAINTIFF/PETITIONER: John Petrou

DEFENDANT/RESPONDENT: Navient Corporation, et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):*  [X] UNLIMITED CASE  [ ] LIMITED CASE<br>              (Amount demanded    (Amount demanded is $25,000<br>              exceeds $25,000)     or less) | 37-2016-00040243-CU-CO-CTL |

| A CASE MANAGEMENT CONFERENCE is scheduled as follows: |
|---|
| Date:July 28, 2017      Time:8:30 a.m.     Dept.:C-70      Div.:        Room: |
| Address of court *(if different from the address above)*: |
| [ ] Notice of Intent to Appear by Telephone, by *(name)*: |

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. [X] This statement is submitted by party *(name)*: John Petrou
   b. [ ] This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. [ ] The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [X] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not)*:
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) [ ] have had a default entered against them *(specify names)*:
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in [X] complaint   [ ] cross-complaint   *(Describe, including causes of action)*:
   FRAUD; CANCELLATION/RESCISSION OF MASTER PROMISSORY NOTE; VIOLATION OF THE
   CALIFORNIA IDENTITY THEFT ACT; VIOLATION OF THE CALIFORNIA CONSUMER CREDIT
   REPORTING AGENCIES ACT; AND   DECLARATORY RELIEF

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011]      **CASE MANAGEMENT STATEMENT**      Cal. Rules of Court,<br>rules 3.720-3.730<br>www.courts.ca.gov<br>Westlaw Doc & Form Builder

**CM-110**

| PLAINTIFF/PETITIONER: John Petrou | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Navient Corporation, et al. | 37-2016-00040243-CU-CO-CTL |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
    Plaintiff claims his daughter entered into a federal education loan in his name without his knowledge and permission.

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
    The party or parties request ☒ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a.  ☐ The trial has been set for *(date):*
    b.  ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a.  ☒ days *(specify number):* 5
    b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:
    a.  Attorney:
    b.  Firm:
    c.  Address:
    d.  Telephone number:                                    f.  Fax number:
    e.  E-mail address:                                      g.  Party represented:
    ☐ Additional representation is described in Attachment 8.

9.  **Preference**
    ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

    a.  ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

    (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

    (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

    b.  Referral to judicial arbitration or civil action mediation (if available).

    (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

    (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    (3) ☒ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
        Preliminary Injunction at issue; Damages exceed $50,000.00

**CM-110**

| PLAINTIFF/PETITIONER: John Petrou | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:Navient Corporation, et al. | 37-2016-00040243-CU-CO-CTL |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or
have already participated in *(check all that apply and provide the specified information):*

|  | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☒ | ☒ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(data):* |

**CM-110**

| PLAINTIFF/PETITIONER: John Petrou | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT Navient Corporation, et al. | 37-2016-00040243-CU-CO-CTL |

**11. Insurance**

- a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
- b. Reservation of rights: ☐ Yes ☐ No
- c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

- a. ☐ There are companion, underlying, or related cases.
  - (1) Name of case:
  - (2) Name of court:
  - (3) Case number:
  - (4) Status:
  - ☐ Additional cases are described in Attachment 13a.
- b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

- a. ☐ The party or parties have completed all discovery.
- b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | October 2017 |

- c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: John Petrou | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Navient Corporation, et al. | 37-2016-00040243-CU-CO-CTL |

**17. Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

    a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):* The parties will meet and confer prior to the CMC

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: July 14, 2017

Ben-Thomas Hamilton
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

1  Ben-Thomas Hamilton (SBN 222601)
   Kristine Stcynske (SBN 306622)
2  HAMILTON & ASSOCIATES, APC
   3110 Camino del Rio South, Suite 203
3  San Diego, California 92108

4  Telephone: (619) 299-4877
   Facsimile:  (619) 299-4787
5
   Attorneys for Plaintiff, JOHN G. PETROU
6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9               **COUNTY OF SAN DIEGO – CENTRAL DIVISION**

10

11  JOHN G. PETROU, an individual,          Case No. 37-2016-00040243-CU-CO-CTL

12              Plaintiff,                   **PROOF OF SERVICE**

13         v.

14
    NAVIENT CORPORATION, a Delaware
15  corporation; SALLIE MAE
    CORPORATION, a Delaware corporation;
16  SELAINA A. PETROU an individual; and
17  DOES 1 through 50, inclusive,

18              Defendants.

19

20

21         I, Michelle L. Musgrove, declare under penalty of perjury that I am, and was at the time of
    service of the papers herein referred to, over the age of eighteen years of age and not a party to the
22  action; that I am employed or reside in the County of San Diego, State of California, in which county
    the within mentioned occurred. My business address is: 3110 Camino del Rio South, Suite 203, San
23  Diego, California 92108.

24         I caused the following documents to be served:

25         **CASE MANAGEMENT STATEMENT**

26  ____   by sending via overnight mail next day delivery.

27  / / /

28  / / /

    _____
    Petrou v. Navient, et. al                           Case No. 37-2016-00040243-CU-CO-CTL
    Proof of Service                        1

1  <u>XXX</u>  by placing a copy in a separate envelope, with postage fully prepaid, for each address named below for collection and mailing on the day indicated below in the ordinary business practices

2  at HAMILTON & ASSOCIATES, APC, 3110 Camino del Rio South, Suite 203, San Diego, California 92108. I further declare that I am familiar with the ordinary business practices of

3  HAMILTON & ASSOCIATES, APC with regard to collection for mailing with the United States Postal Service and that the correspondence shall be deposited with the United States Postal

4  Service this same day.

5

6  ____  by sending a copy via facsimile transmission to the telefax number(s) indicated below. The transmission report was reported as complete and without error. A transmission report was

7  properly issued by the transmitting facsimile machine and a copy of said transmission report is attached to the original proof of service indicating the time of transmission.

8

9  Robert R. Yap
   Dennis N. Lueck, Jr.
   AKERMAN, LLP

10  725 South Figueroa Street, 38th Floor
    Los Angeles, California 90017

11

12  John A. Schena
    SMALL & SCHENA, LLP
    1350 Columbus Street, Suite 700

13  San Diego, CA 92101

14

15      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

16

17      Executed at San Diego, California on July 14, 2017.

18

19                              Michelle L. Musgrove

20

21

22

23

24

25

26

27

28  K:\Clients\Petrou\Pleadings\pos-cmc.wpd

Petrou v. Navient, et. al                          Case No. 37-2016-00040243-CU-CO-CTL
Proof of Service                          2

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | ELECTRONICALLY FILED |
|---|---|
| AKERMAN LLP | Superior Court of California, County of San Diego |

**AKERMAN LLP**
Dennis N. Lueck, Jr. (SBN 292414), Robert R. Yap (SBN 263763)
601 West Fifth Street, Suite 300, Los Angeles, California 90071
TELEPHONE NO.: (213) 688-9500     FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Defendant Navient Solutions, LLC

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**07/19/2017** at 02:17:00 PM
Clerk of the Superior Court
By E- Filing, Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, California 92101
BRANCH NAME: Hall of Justice Courthouse

PLAINTIFF/PETITIONER: John G. Petrou

DEFENDANT/RESPONDENT: Navient Corporation et al.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* [✓] **UNLIMITED CASE** (Amount demanded exceeds $25,000)   [ ] **LIMITED CASE** (Amount demanded is $25,000 or less) | 37-2016-00040243-CU-CO-CTL |

| A CASE MANAGEMENT CONFERENCE is scheduled as follows: |
|---|
| Date: July 28, 2017     Time: 10:00 a.m.     Dept.: C-70     Div.:     Room: |
| Address of court *(if different from the address above)*: |
| [✓] Notice of Intent to Appear by Telephone, by *(name)*: Robert R. Yap |

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. [✓] This statement is submitted by party *(name)*: Defendant Navient Solutions, LLC
   b. [ ] This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. [ ] The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not)*:

      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) [ ] have had a default entered against them *(specify names)*:

   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in [✓] complaint     [ ] cross-complaint     *(Describe, including causes of action)*:
      Fraud, cancellation/rescission of master promissory note, violation of Consumer Credit Reporting Agencies Act, and declaratory relief

| Form Adopted for Mandatory Use Judicial Council of California CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court, rules 3.720–3.730 www.courts.ca.gov |
|---|---|---|

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: John G. Petrou | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Navient Corporation et al. | 37-2016-00040243-CU-CO-CTL |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff's action is without merit and all causes of action therein fail as a matter of law as:  plaintiff can only obtain the discharge he seeks from the Department of Education; his claims are preempted by Higher Education Act (HEA) of 1965; and there is no private right of action under the HEA.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☑ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐ The trial has been set for *(date):*
b.  ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☑ days *(specify number):* 2-3 days
b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:                                    f.  Fax number:
e.  E-mail address:                                         g.  Party represented:
☐ Additional representation is described in Attachment 8.

9.  **Preference**
☐ This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**
a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1)  For parties represented by counsel: Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2)  For self-represented parties: Party ☐ has ☐ has not  reviewed the ADR information package identified in rule 3.221.
b.  **Referral to judicial arbitration or civil action mediation** (if available).
(1)  ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2)  ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3)  ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: John G. Petrou | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Navient Corporation et al. | 37-2016-00040243-CU-CO-CTL |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

|  | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 3 of 5

CM-110

| PLAINTIFF/PETITIONER: John G. Petrou | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Navient Corporation et al. | 37-2016-00040243-CU-CO-CTL |

**11. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
   Status:

**13. Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
   ☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
   Defendant intends to demurrer to the complaint, and to move for summary judgment or, in the alternative, summary adjudication, if necessary and appropriate.

**16. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant | Written discovery | July 2018 |
| Defendant | Depositions | October 2018 |
| Defendant | Expert discovery | Per Code |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| | | |
|---|---|---|
| PLAINTIFF/PETITIONER: | John G. Petrou | **CASE NUMBER:** |
| DEFENDANT/RESPONDENT: | Navient Corporation et al. | 37-2016-00040243-CU-CO-CTL |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):*    0

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: July 18, 2017

Robert R. Yap
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 601 West Fifth Street, Suite 300, Los Angeles, CA 90071.

On **July 19, 2017**, I served the following document(s) described as:

**CASE MANAGEMENT STATEMENT**

on the persons below as follows:

Ben-Thomas Hamilton, Esq.
Kristine E. Steynske, Esq.
**HAMILTON & ASSOCIATES, APC**
3110 Camino Del Rio South,
Suite 203
San Diego, CA 92108-3880
Tel:    619.299.4877
Fax:    619.299.4787
Email: ben@hm-lawyers.com

*Attorney for Plaintiff*
*JOHN G. PETROU*

☒     **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.  (C.C.P. § 1013 (a) and 1013a(3))

☒     (State)     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐     (Federal)     I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury that the above is true and correct.under the laws of the United States of America

Executed on **July 19, 2017**, at Los Angeles, California.

_____
Evelyn S. Duarte
(Type or print name)

_____
(Signature)

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 — FAX: (213) 627-6342

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | | FOR COURT USE ONLY |
|---|---|---|
| Ben-Thomas Hamilton                    SBN: 222601<br>Hamilton & Associates, APC<br>3110 Camino del Rio South, Suite 203, San Diego, CA 92108<br>TELEPHONE NO. (619) 299-4877        FAX NO. (Optional) (619) 299-4787<br>E-MAIL ADDRESS (Optional) ben@hm-lawyers.com<br>ATTORNEY FOR (Name): John Petrou | | E 18<br>VISION<br>2017 JUL 28  P 2: 51<br>COURT<br>SAN DIEGO COUNTY, CA |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>☒ CENTRAL DIVISION, HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101<br>☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020<br>☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., SUITE 1000, VISTA, CA 92081<br>☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910 | | |
| PLAINTIFF(S)  John Petrou | | JUDGE<br>Honorable Randa Trapp |
| DEFENDANT(S)  Navient Corporation, et al. | | DEPT<br>70 |
| NOTICE OF PAYMENT OF ADVANCE JURY FEE | | CASE NUMBER<br>37-2016-00040243-CU-CO-CTL |

## NOTICE

TO:   The above court, the clerk thereof, and all concerned parties:

The statutory advance jury fee is tendered herewith on behalf of the

☒ Plaintiff ☐ Defendant  John Petrou _____
                                                                            (Full Name)

Parcel No.(s) *(if appropriate)* _____

Date: July 28, 2017 _____                    _____
                                                                                        Signature

---

## DECLARATION OF SERVICE BY MAIL

I declare that: I am over the age of 18 years and not a party to this case; I am employed in, or am a resident of the County where the mailing took place; and my residence or business address is:
3110 Camino del Rio South, Suite 203, San Diego, CA 92108

I served the **NOTICE OF PAYMENT OF ADVANCE JURY FEE** by placing a true copy in separate envelopes addressed to each addressee, respectively, as follows: Robert R. Yap, Esq.
John A. Schena, Esq.
AKERMAN, LLP                                       SMALL & SCHENA, LLP
725 South Figueroa Street, 38th Floor              1350 Columbus Street, Suite 700
Los Angeles, California 90017                      San Diego, CA 92101

I then sealed each envelope and, with postage thereon fully prepaid, placed each for deposit in the United States Postal Service, on the date shown below at *(City and State)* San Diego, CA _____

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Date: July 28, 2017 _____

Michelle L. Musgrove _____              _____
Type or Print Name                                                           Signature

SDSC CIV-105 (Rev. 9/12)                    **NOTICE OF PAYMENT OF ADVANCE JURY FEE**

**Save This Form**

# SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF SAN DIEGO
### CENTRAL

## MINUTE ORDER

DATE: 07/28/2017            TIME: 10:00:00 AM        DEPT: C-70

JUDICIAL OFFICER PRESIDING: Randa Trapp
CLERK:  Anthony Shirley
REPORTER/ERM: Not Reported
BAILIFF/COURT ATTENDANT:  S. Parriott

CASE NO: **37-2016-00040243-CU-CO-CTL** CASE INIT.DATE: 11/16/2016
CASE TITLE: **Petrou vs. Navient Corporation [IMAGED]**
CASE CATEGORY: Civil - Unlimited     CASE TYPE: Contract - Other

**EVENT TYPE**: Civil Case Management Conference

---

**APPEARANCES**
Ben-Thomas Hamilton, counsel, present for Plaintiff(s).
Robert Yap, specially appearing for counsel Dennis N. Lueck, Jr, present for Defendant(s).
William F Small, III, counsel, present for Defendant(s).

Plaintiff stipulates to Strike Prayer for Attorney Fees.

The 08/25/2017 Demurrer/Motion to Strike is off calendar.

Pursuant to California Rules of Court 3.714, the Court, after having met and conferred with counsel, categorizes this case as one that will be disposed of within 18 months.

Pursuant to the stipulation of parties, no procedure or deadline set forth herein may be modified, extended or avoided by stipulation or agreement of the parties unless approved by the Court in advance of the date sought to be altered.

Case deemed at issue. Pursuant to stipulation of the parties, no new parties may be added without leave of court and all unserved, non-appearing and fictitiously named parties are dismissed in 120 days.

All Motions and Discovery are to be completed 01/12/2018. Motion for Summary Judgment / Summary Adjudication will be heard pursuant to code.  First expert exchange to be completed by 11/10/2017. Second expert exchange to be completed by 11/24/2017.  Posting of jury fees is pursuant to code.

The Trial Readiness Conference (Civil) is scheduled for 01/26/2018 at 09:00AM before Judge Randa Trapp.

The Civil Jury Trial is scheduled for 02/09/2018 at 08:45AM before Judge Randa  Trapp.

---

CASE TITLE: Petrou vs. Navient Corporation [IMAGED]     CASE NO: **37-2016-00040243-CU-CO-CTL**

Estimated length of trial: 2-3 days

Jury demanded by both.  Any unpaid jury fees due by close of business of jury waived.

This matter is referred to Mediation forthwith per stipulation of parties. Mediation to be completed within 90 days.  Mediator will be paid by parties.

Court orders plaintiff to give notice for next hearing.

1  William F. Small (SBN 253443)
   John A. Schena (SBN 269597)
2  SMALL & SCHENA LLP
   1350 Columbia St., Suite 700
3  San Diego, California 92101
   Telephone:   (619) 430-4793
4  Facsimile:    (619) 664-4278

5  Attorneys for Defendant
   SELAINA A. PETROU
6

7
                  SUPERIOR COURT OF THE STATE OF CALIFORNIA
8
                      COUNTY OF SAN DIEGO - CENTRAL
9

| 10 | JOHN G. PETROU, an individual, | Case No. 37-2016-00040243-CU-CO-CTL |
|----|----|----|
| 11 | Plaintiff, | Assigned to Hon. Ronda A. Trapp, Dept. 70 |
| 12 | v. | **NOTICE OF POSTING OF JURY FEES BY DEFENDANT SELAINA A. PETROU** |
| 13 | NAVIENT CORPORATION, a Delaware corporation; SALLIE MAE CORPORATION, a | |
| 14 | Delaware corporation; SELAINA A. PETROU an individual; and Does 1 thorugh 50, inclusive, | Complaint Filed: 11/16/2016 |
| 15 | | No Trial Date Set |
| 16 | Defendants. | **BY FAX** |

17

18  TO ALL PARTIES AND ATTORNEYS OF RECORD:

19      PLEASE TAKE NOTICE that defendant SELAINA PETROU hereby posts jury fees for

20  jury trial of this matter.

21                              Respectfully submitted,

22  Dated: July 25, 2017         SMALL & SCHENA LLP

23

24                     By: _____
                              William F. Small
25                            Attorneys for Defendant SELAINA A.
                              PETROU
26

27

28

William F. Small III, Esq.
John A. Schena, Esq.
SMALL & SCHENA LLP
1350 Columbia St., Suite 700
San Diego, CA 92101
Telephone: (619) 430-4793
Facsimile: (619) 664-4278

## PROOF OF SERVICE

### PETROU V. NAVIENT CORPORATION, ET AL.

Superior Court of the State of California, County of SAN DIEGO
Case No.    37-2016-00040243-CU-CO-CTL

I, THE UNDERSIGNED DECLARE: That I am, and at the time of service of the papers herein referenced to, over the age of eighteen years, and not a party to the action; and I am employed in the County of San Diego, California in which county the within-mentioned mailing occurred. My business address is 1350 Columbia St., Suite 700, San Diego, California 92101. On July 25, 2017, I served the following documents:

- **NOTICE OF POSTING OF JURY FEES BY DEFENDANT SELAINA A. PETROU**

on the parties in said action by placing a true copy thereof in a separate sealed envelope for each addressee named hereafter, addressed to each such addressee respectively as follows:

Ben-Thomas Hamilton, Esq.
Kristine E. Steynske, Esq.
**HAMILTON & ASSOCIATES, APC**
3110 Camino Del Rio South, Suite 203
San Diego, CA 92108-3880
Tel: 619.299.4877
Fax: 619.299.4787
Attorneys for Plaintiff JOHN G. PETROU

Robert R. Yap
**AKERMAN LLP**
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile: (213) 627-6342
Attorneys for Defendant  NAVIENT SOLUTIONS, LLC

On July 25, 2017, I enclosed the documents in an envelope or package addressed to the addressees identified above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course

1    of business with the United States Postal Service, in a sealed envelope with postage fully
     prepaid.

2        I hereby certify under the penalty of perjury under the laws of the State of California that
3    the foregoing is true and correct. Executed on July 25, 2017, at San Diego, California.

4                                                   _____
                                                    William F. Small III
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **AKERMAN LLP**
   ROBERT R. YAP (SBN 263763)
2  Email: robert.yap@akerman.com
   601 West Fifth Street, Suite 300
3  Los Angeles, California 90071
   Telephone: (213) 688-9500
4  Facsimile: (213) 627-6342

5  **AKERMAN LLP**
   DENNIS N. LUECK, JR. (SBN 292414)
6  Email: dennis.lueck@akerman.com
   1900 Sixteenth Street, Suite 1700
7  Denver, Colorado 80202
   Telephone: (303) 260-7712
8  Facsimile: (303) 260-7714

9  Attorneys for Defendant
   NAVIENT SOLUTIONS, LLC, f/k/a "NAVIENT
10 SOLUTIONS, INC.", *erroneously named as*
   *"Navient Corporation" and "Sallie Mae*
11 *Corporation"*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**09/14/2017** at 02:44:00 PM

Clerk of the Superior Court
By Lee McAlister, Deputy Clerk

12             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13          **FOR THE COUNTY OF SAN DIEGO – CENTRAL DIVISION**

14

15  JOHN G. PETROU, an individual,          Case No. 37-2016-00040243-CU-CO-CTL

16           Plaintiff,                     Assigned to Hon. Ronda Trapp, Dept. 70

17  v.                                      **DEFENDANT NAVIENT SOLUTIONS,
                                            LLC'S NOTICE OF DEMURRER AND
18                                          DEMURRER TO PLAINTIFF'S
                                            COMPLAINT; MEMORANDUM OF
19  NAVIENT CORPORATION, a Delaware         POINTS AND AUTHORITIES IN SUPPORT
    corporation; SALLIE MAE                 THEREOF
20  CORPORATION, a Delaware corporation;
    SELAINA A. PETROU an individual; and    **Hearing**
21  Does 1 through 50, inclusive,           Date:    **October 6, 2017**
                                            Time:    **11:00 a.m.**
22           Defendants.                    Dept:    **70**
                                            Place:   **330 West Broadway,**
23                                                   **San Diego, California 92101**

24                                          [Filed concurrently with Declaration of Robert
                                            R. Yap, Notice of Lodging of Federal
25                                          Authorities and (Proposed) Order]

26                                          Complaint filed:  November 16, 2016
                                            Trial Call:       February 9, 2018
27

28  ///

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

                                  1                CASE NO. 37-2016-00040243-CU-CO-CTL

1  TO THE HONORABLE COURT, ALL PARTIES HEREIN, AND THEIR RESPECTIVE

2  ATTORNEYS OF RECORD:

3      PLEASE TAKE NOTICE that on October 6, 2017 at 11:00 a.m. or as soon thereafter as may

4  be heard in Department 70 of the Superior Court of California for the County of San Diego – Central

5  Division, Hall of Justice located at 330 West Broadway, San Diego, California 92101, Defendant

6  Navient Solutions, LLC, f/k/a Navient Solutions, Inc., *erroneously named as "Navient Corporation"*

7  *and "Sallie Mae Corporation"* (**NSL**) will demur to the entirety of Plaintiff John G. Petrou's

8  Complaint.

9      NSL's demurrer is made pursuant to Code of Civil Procedure section 430.10, subdivision (e) on

10  the grounds that the Complaint, and all causes of action contained therein, fail to state facts sufficient

11  to constitute a cause of action because: (1) Plaintiff's claims are preempted by the Higher Education

12  Act of 1965; (2) there is no private right of action thereunder; and (3) only the United States

13  Department of Education can grant the relief sought by Plaintiff.

14      NSL's demurrer is further based upon this notice; the memorandum of points and authorities

15  attached hereto; notice of lodging of federal authorities filed concurrently herewith; the records and

16  files of this Court; and such further evidence and argument as may be presented prior to or at the time

17  of the hearing on the demurrer

18  Dated: September 14, 2017          AKERMAN LLP

19                                     By: _____

20                                          Dennis N. Lueck, Jr.
                                            Robert R. Yap
21                                     Attorneys for Defendant
                                       NAVIENT SOLUTIONS, LLC, f/k/a
22                                     "NAVIENT SOLUTIONS, INC.",
                                       *erroneously named as "Navient Corporation"*
23                                     *and "Sallie Mae Corporation"*

24

25

26

27

28

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# TABLE OF CONTENTS

PAGE(S)

I.   INTRODUCTION ................................................................................................. 3

II.  STATEMENT OF FACTS ................................................................................... 3

III. LEGAL AUTHORITY ........................................................................................ 4

IV.  ARGUMENT ....................................................................................................... 4

    A.   Plaintiff's Claims Are Preempted, and There Is No Private Right Of Action ............. 4

    B.   This Court Cannot Grant The Requested Relief ........................................................ 6

    C.   The California Consumer Credit Reporting Agencies Act Was Not Violated ............ 7

        1.   NSL Did Not Furnish Any Inaccurate Information ......................................... 8

        2.   Plaintiff Did Not Submit A Dispute To A Credit Reporting Agency ............. 8

V.   CONCLUSION ..................................................................................................... 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1

CASE No. 37-2016-00040243-CU-CO-CTL

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Brannan v. United Student Aid Funds, Inc.*
 (9th Cir. 1996) 94 F.3d 1260 ...............................................................................................5

*Brown v. Mae*
 (D. Nev. 2010) 2010 WL 2719072 .......................................................................................5

*Carvalho v. Equifax Information Services, LLC*
 (9th Cir. 2010) 629 F.3d 876 ................................................................................................8

*Chae v. SLM Corp.*
 (2010) 593 F.3d 936.................................................................................................4, 5, 7

*Coyne v. Krempels*
 (1950) 36 Cal. 2d 257 ...........................................................................................................4

*George W. v. U.S. Dept. of Educ.*
 (E.D. Cal. 2000) 149 F.Supp.2d 1195...................................................................................5

*Gorman v. Wolpoff & Abramson, LLP*
 (9th Cir. 2009) 584 F.3d 1147 ..............................................................................................9

*Green v. Uccelli*
 (1989) 207 Cal. App. 3d 1112 ..............................................................................................4

*Gruen v. EdFund*
 (N.D. Cal. 2009) 2009 WL 2136785 .....................................................................................5

*Hunt v. Sallie Mae, Inc.*
 (D. Or. 2014) 2014 WL 793075.............................................................................................5

*Lugo v. Experian Information Solutions, Inc.*
 (N.D. Cal. 2017) 2017 WL 2214641 .....................................................................................8

*Parks School of Business, Inc. v. Symington*
 (9th Cir. 1995) 51 F.3d 1480 ................................................................................................5

*Pirouzian v. SLM Corp.*
 (S.D. Cal. 2005) 396 F.Supp.2d 1124...................................................................................5

*Roybal v. Equifax*
 (N.D. Cal. 2005) 405 F.Supp.2d 1177 ..................................................................................9

*Schauer v. Mandarin Gems of California, Inc.*
 (2005) 125 Cal. App. 4th 949 ..............................................................................................4

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*Singh v. Collectibles Management Resources*
   (E.D. Cal. 2016) 2016 WL 4041396 ........................................................9

*Toroussian v. Asset Acceptance, LLC*
   (C.D. Cal. 2013) 2013 WL 5524831 ........................................................9

*U.S. v. Hill*
   (N.D. Cal. 2013) 2013 WL 1150008 ........................................................7

*United States v. Gorski*
   (C.D. Cal. 2012) 2012 WL 12886823 ......................................................5

*United States v. Hand*
   (D. Mont. 2017) 2017 WL 203010 ..........................................................7

*United States v. Wright*
   (D. Md. 2000) 87 F.Supp.2d 464 .............................................................7

*Virgen v. Mae*
   (E.D. Cal. 2006) 2006 WL 3781847 ........................................................6

*Washington v. County of Contra Costa*
   (1995) 38 Cal.App.4th 890 ......................................................................4

*Washington v. Duncan*
   (E.D. Wis. 2016) ......................................................................................7

**Statutes**

5 U.S.C. § 706(2)(A) ...................................................................................7

15 U.S.C. § 1681 .........................................................................................8

15 U.S.C. § 1681s-2(b)(1)(A)-(E) ..............................................................8

20 U.S.C. 1070 ............................................................................................3

20 U.S.C. § 1087(c)(i) .................................................................................6

20 U.S.C. §§ 1087a-1087j ..........................................................................4

20 U.S.C. § 1087b ......................................................................................4

Civil Code § 1785.25, subd. (a) .................................................................8

Code of Civil Procedure § 430.10(e) .........................................................4

Code of Civil Procedure § 1785.25, subd. (f) ...........................................8

**Other Authorities**

34 C.F.R. §§ 600.2 .....................................................................................4

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

34 C.F.R. § 685.213 ................................................................................................7

34 C.F.R. § 685.215(a) ...........................................................................................6

34 C.F.R. §§ 685.215(b)(1)-(4) ..............................................................................6

34 C.F.R. § 685.215(c) ...........................................................................................6

34 C.F.R. § 685.215(c)(4) .......................................................................................6

34 C.F.R. § 685.215(d) ...........................................................................................7

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

4

**TABLE OF AUTHORITIES**

**DEMURRER**

**Demurrer to the Entire Complaint**

1.      NSL demurs to the entirety of Plaintiff's Complaint on the grounds that the Complaint, and all causes of action contained therein, fail to state facts sufficient to constitute a cause of action under Code of Civil Procedure section 430.10(e) because:  (1) Plaintiff's claims are preempted by the Higher Education Act of 1965; (2) there is no private right of action thereunder; and (3) only the United States Department of Education can grant the relief sought by Plaintiff.

**First Cause of Action**

2.      Plaintiff's first cause of action for fraud is not asserted against NSL.

**Demurrer to the Second Cause of Action**

3.      NSL demurs to Plaintiff's second cause of action for cancellation / rescission of promissory note on the grounds that the claim fails to state facts sufficient to constitute a cause of action under Code of Civil Procedure section 430.10(e) because:  (1) Plaintiff's claim is preempted by the Higher Education Act of 1965; (2) there is no private right of action thereunder; and (3) only the United States Department of Education can grant the relief sought by Plaintiff.

**Demurrer to the Third Cause of Action**

4.      NSL demurs to Plaintiff's third cause of action for violation of the California Identity Theft Act on the grounds that the claim fails to state facts sufficient to constitute a cause of action under Code of Civil Procedure section 430.10(e) because:  (1) Plaintiff's claim is preempted by the Higher Education Act of 1965; (2) there is no private right of action thereunder; and (3) only the United States Department of Education can grant the relief sought by Plaintiff.

**Demurrer to the Fourth Cause of Action**

5.      NSL demurs to Plaintiff's fourth cause of action for violation of the California Consumer Credit Reporting Agencies Act on the grounds that the claim fails to state facts sufficient to constitute a cause of action under Code of Civil Procedure section 430.10(e) because:  (1) Plaintiff's claim is preempted by the Higher Education Act of 1965; (2) there is no private right of action thereunder; (3) only the United States Department of Education can grant the relief sought by Plaintiff; (4) NSL did not furnish any inaccurate information; and (5) Plaintiff did not submit a dispute to a credit reporting

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

agency.

## Demurrer to the Fifth Cause of Action

6.    NSL demurs to Plaintiff's fifth cause of action for declaratory relief on the grounds that the claim fails to state facts sufficient to constitute a cause of action under Code of Civil Procedure section 430.10(e) because: (1) Plaintiff's claim is preempted by the Higher Education Act of 1965; (2) there is no private right of action thereunder; and (3) only the United States Department of Education can grant the relief sought by Plaintiff.

Dated:  September 14, 2017

AKERMAN LLP

By: _____
    Dennis N. Lueck, Jr.
    Robert R. Yap
Attorneys for Defendant
NAVIENT SOLUTIONS, LLC, f/k/a
"NAVIENT SOLUTIONS, INC.",
*erroneously named as "Navient Corporation"*
*and "Sallie Mae Corporation"*

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 — FAX: (213) 627-6342

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff asserts four causes against NSL for cancellation / rescission of promissory note; violation of the California Identity Theft Act; violation of the California Consumer Credit Reporting Act; and declaratory relief concerning a Federal Direct PLUS Loan, which funded his daughter's education (the "Loan").  Significantly, NSL is merely the servicer of the Loan, which is wholly owned by the U.S. Department of Education.  As a federal student loan, Plaintiff's claims with respect to the Loan are preempted by the Higher Education Act (**HEA**) of 1965.  There is no private right of action under the HEA.  Plaintiff seeks a discharge as he alleges the loan was obtained under his name by his daughter, Defendant Selaina A. Petrou, without his knowledge or consent.  However, only the U.S. Department of Education—and neither NSL nor this Court—can properly grant this relief. Ultimately, NSL takes no position with respect to whether Plaintiff is entitled to relief against Ms. Petrou, or with respect to his claim of identity theft.  However, this action is an improper attempt to circumvent the administrative process set forth by the U.S. Department of Education, which is not a party to this action.  Plaintiff cannot state a valid claim against NSL, the servicer of the Loan, which lacks the necessary authority to evaluate his claim of identity theft.

### II.    STATEMENT OF FACTS

In April 2012, a federal student loan was obtained in Plaintiff's name for the benefit of his daughter.  (Complaint, ¶ 9 and Ex. "A.")  The copy of the Application and Master Promissory Note Plaintiff attached to the Complaint establishes the Loan was a Federal Direct PLUS Loan issued under the William D. Ford Federal Direct Loan Program.  (Complaint, Ex. "A" at p. 1.)  The note expressly provides that "[t]he terms of th[e] Application and Master Promissory Note (MPN) will be interpreted in accordance with the **Higher Education Act of 1965**, as amended in (20 U.S.C. 1070 *et seq.*) the **U.S. Department of Education**'s (ED's) regulations, as they may be amended in accordance with their effective date, and other applicable federal laws and regulations" (emphasis added).  (Complaint, Ex. "A" at p. 2.)

Plaintiff admits when this loan did not fund in May 2013, Plaintiff voluntarily "faxed his home loan information to [his daughter's school] American University" so the loan could be disbursed.

1    (Complaint, ¶ 13.) NSL, f/k/a Sallie Mae, Inc., serviced the Loan on behalf of the owner.

2    **III.    LEGAL AUTHORITY**

3         When the pleadings are defective, "the defect may be raised by demurrer or motion to strike, or by

4    motion for judgment on the pleadings." (*Coyne v. Krempels* (1950) 36 Cal. 2d 257, 262.)  Under Code of

5    Civil Procedure section 430.10(e), a party may demurrer to a complaint on the grounds that "[t]he

6    pleading does not state facts sufficient to constitute a cause of action."  A complaint is "vulnerable to a

7    general demurrer on the ground that it fails to state a cause of action." (*Schauer v. Mandarin Gems of*

8    *California, Inc.* (2005) 125 Cal. App. 4th 949, 955.)   A demurrer will also be sustained where the

9    allegations in a complaint are "too vague to state a cause of action." (*Green v. Uccelli* (1989) 207 Cal.

10   App. 3d 1112, 1119.)  "In determining if a complaint is subject to demurrer, the court considers not only

11   the face of the complaint, but any facts judicially noticed." (*Washington v. County of Contra Costa* (1995)

12   38 Cal.App.4th 890, 895.)  Based upon the four corners of Plaintiff's pleading, NSL demur to the entirety

13   of the Complaint on the grounds that all claims fail to state facts sufficient to constitute a cause of action

14   as a matter of law.

15   **IV.    ARGUMENT**

16        **A.    Plaintiff's Claims Are Preempted, and There Is No Private Right Of Action**

17        The Loan is a Federal Direct PLUS Loan issued under the William D. Ford Federal Direct

18   Loan Program. (Complaint, Ex. "A.")  The Direct Loan Program is a student loan program created by

19   the HEA. (*See* 20 U.S.C. §§ 1087a-1087j.  Federal Direct PLUS loans are issued by the Secretary of

20   Education to parents of dependent students to defray the costs of higher education.  *See* 20 U.S.C. §§

21   1087a-1087j; 34 C.F.R. §§ 600.2; 685.100(a)(3).)  The funds for these loans come directly from the

22   Department of Education. (*See* 20 U.S.C. § 1087b; *see also* Complaint, Ex. "A" at p. 1 [The note

23   provides that Plaintiff "promise[s] to pay to ED [Department of Education] all loan amounts disbursed

24   under the terms of the [master promissory note]".)

25        Plaintiff's claims relating to the loan are preempted by the HEA. (*See Chae v. SLM Corp.*

26   (2010) 593 F.3d 936.)  In *Chae*, the plaintiffs obtained federal student loans through the HEA's

27   Federal Family Education Loan Program, and asserted alleged various claims against their loan

28   servicer. (*Id.* at p. 940.)  The Ninth Circuit held that "the plaintiffs' allegations that [the defendant

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

servicer] makes fraudulent misrepresentations in its billing statements and coupon books are expressly preempted by the HEA, and conflict preemption prohibits the plaintiffs from bringing their remaining claims because, if successful, they would create an obstacle to the achievement of congressional purposes." (*Id.* at p. 950.)  The Court of Appeals reasoned:

> "Having carefully considered…the purposes of Congress in the HEA, we conclude, beyond any doubt, that subjecting the federal regulatory standards to the potentially conflicting standards of fifty states on contract and consumer protection principles would stand as a severe obstacle to the effective promotion of the funding of student loans. Such an obstacle, which we consider hostile to the purposes of Congress in this program, must bow to the overriding principles of conflict preemption and federal law supremacy. (*Chae*, supra, 593 F.3d at p. 950.)

Federal courts, including courts within the Ninth Circuit, where this Court sits, have uniformly held that state law claims arising from federal student loans made pursuant to the HEA are preempted. (*See Pirouzian v. SLM Corp.* (S.D. Cal. 2005) 396 F.Supp.2d 1124, 1128-1130 [Rosenthal Fair Debt Collection Practices Act claim preempted by HEA]; *Brannan v. United Student Aid Funds, Inc.* (9th Cir. 1996) 94 F.3d 1260, 1263 [HEA preempts Oregon's Unfair Debt Collection Practices Act]; *Hunt v. Sallie Mae, Inc.* (D. Or. 2014) 2014 WL 793075 at p. *4 ["Based on the Ninth Circuit's **broad preemption** finding in *Brannan*, plaintiff's claim for invasion of privacy…is also preempted by the HEA" (emphasis added)]; *United States v. Gorski* (C.D. Cal. 2012) at 2012 WL 12886823 p. *7 ["The Higher Education Act ('HEA') expressly preempts state law disclosure requirements related to student loans"].)

Plaintiff simply has no private right of action under the HEA.  (*See Parks School of Business, Inc. v. Symington* (9th Cir. 1995) 51 F.3d 1480, 1484 *citing* 20 U.S.C. § 1082(a)(2) ["There is no express right of action under the HEA except for suits brought by or against the Secretary of Education]; *Gruen v. EdFund* (N.D. Cal. 2009) 2009 WL 2136785 at p. *3 ["It is undisputed that the HEA does not provide an express private right of action to students…[N]early every court that has examined this issue has found that the there is no implied private right of action under the HEA"]; *Brown v. Mae* (D. Nev. 2010) 2010 WL 2719072 at p. *2 ["[T]here is no private right of action under the HEA"]; *George W. v. U.S. Dept. of Educ.* (E.D. Cal. 2000) 149 F.Supp.2d 1195, 1211 ["On balance, the [Ninth Circuit] factors disfavor a private right of action to enforce HEA regulations"].

///

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

CASE No. 37-2016-00040243-CU-CO-CTL

**DEFENDANT NAVIENT SOLUTIONS, LLC'S DEMURRER TO PLAINTIFF'S COMPLAINT**

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    As the HEA preempts all of Plaintiff's claims arising from the Loan, which is a federal student

2  loan made under the HEA, he has no private right of action.  Accordingly, with respect to his claims

3  under state law, Plaintiff cannot state any cause of action against NSL under any circumstance.  This

4  fatal defect cannot be cured by amendment.  (*See Virgen v. Mae* (E.D. Cal. 2006) 2006 WL 3781847

5  at p. *2 ["Any claim which plaintiff seeks to bring under the HEA must be dismissed with **prejudice**

6  since it is clear that there is no private right of action under that Act" (emphasis added)].)  NSL's

7  demurrer should be sustained without leave to amend.

8       **B.     This Court Cannot Grant The Requested Relief**

9       Plaintiff alleges that his daughter obtained the loan (purportedly) without his knowledge or

10  consent.[1]  (Complaint, ¶¶ 9, 10, and 12.)  Because of the alleged identity theft, Plaintiff seeks a

11  discharge.  The note provides that the loan may be discharged if "a loan in your name was falsely

12  certified as a result of a crime of identity theft." (Complaint, Ex. "A" at p. 9, ¶ 22.)  Under the HEA, a

13  borrower who sufficiently establishes he or she is a victim of identity theft or the school signed the

14  borrower's name on the loan application or promissory note without authorization may be eligible for

15  a "false certification" discharge.  *See* 20 U.S.C. § 1087(c)(i); *see also*  34 C.F.R. § 685.215(a).  A

16  false certification discharge relieves a borrower from any past or present obligation to repay the loan,

17  accrued charges or collection costs.  34 C.F.R. §§ 685.215(b)(1)-(4).  It also has the effect of repairing

18  a borrower's credit.  *Id.* § 685.215(b)(5) ["The  Secretary reports the discharge under this section to all

19  consumer reporting agencies to which the Secretary previously reported the status of the loan, so as to

20  delete all adverse credit history assigned to the loan"].

21      The HEA sets forth specific procedures for a borrower to obtain a discharge based on false

22  certification (or any other grounds permitted under the HEA), which Plaintiff must follow.  The note

23  provides that "[t]o request a loan discharge or forgiveness…[Plaintiff] must complete an application."

24  (Complaint, Ex. "A" at p. 9, ¶ 22.)  Plaintiff must also "submit to the Secretary a written request and

25  a sworn statement, and the factual assertions in the statement must be true…under penalty of perjury,"

26  34 C.F.R. § 685.215(c).  Other requirements for obtaining a discharge due to identity theft are

27  enumerated in Regulation 34 C.F.R. § 685.215(c)(4).

28

[1] Plaintiff's real dispute is with his daughter and not NSL.

**DEFENDANT NAVIENT SOLUTIONS, LLC'S DEMURRER TO PLAINTIFF'S COMPLAINT**

1   ' Plaintiff is required to follow these procedures.  (*U.S. v. Hill* (N.D. Cal. 2013) 2013 WL

2   1150008 at p. *2, fn. 1 *citing United States v. Wright* (D. Md. 2000) 87 F.Supp.2d 464, 466 ["[A]n

3   individual who believes a loan was fraudulently signed or obtained in her name may seek discharge

4   from the Secretary of Education but **must follow the procedures outlined in the Code of Federal**

5   **Regulations** [34 C.F.R. § 685.213]" (emphasis added)].)  It is improper for Plaintiff to attempt

6   circumvent these procedures by filing suit against his loan servicer.

7   Moreover, the Secretary of the Department of Education has the **sole** authority whether to

8   discharge an HEA loan.  34 C.F.R. § 685.215(d).  This discharge process is governed strictly by the

9   procedures outlined in ED regulations.  Neither this Court nor NSL has discretion to discharge the

10   loan.  (*Hill*, supra, 2013 WL 1150008 at p. *2, fn. 1 *citing Wright*, supra, 87 F.Supp.2d at p. 466

11   "[O]nly the Secretary, not this Court, has discretion to discharge the loan"]; *see also United States v.*

12   *Hand* (D. Mont. 2017) 2017 WL 203010 at p. *2 ["[O]nly the Department of Education has the

13   authority to discharge [student] loans [insured under the HEA], not th[e] Court[s]"].)  Assuming the

14   Department of Education denies Plaintiff's discharge request, his sole remedy to bring an action to set

15   aside the determination.  (*See* 5 U.S.C. § 706(2)(A); *see also Washington v. Duncan* (E.D. Wis. 2016)

16   2016 WL324989 at p. *1.)

17   Plaintiff's action is improper as it circumvents the procedures under the Federal Code of

18   Regulations for obtaining a discharge.  His claims against NSL fails as the relief he seeks cannot be

19   granted by this Court or obtained from NSL.

20   **C.   The California Consumer Credit Reporting Agencies Act Was Not Violated**

21   As set forth herein, supra, Plaintiff's fourth cause of action for violation of the California

22   Consumer Credit Reporting Agencies Act (**CCRA**) is preempted by the HEA either expressly or by

23   conflict preemption.  (*See Chae*, supra, 593 F.3d at p. 950 ["[C]onflict preemption prohibits the

24   plaintiffs from bringing their remaining claims because, if successful, they would create an obstacle to

25   the achievement of congressional purposes [under the HEA]"].)  Plaintiff's CCRA claim also fails

26   because he does not plead any violation of the statute.

27   ///

28   ///

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP

601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1.      **NSL Did Not Furnish Any Inaccurate Information**

To state a claim under the CCRA, Plaintiff must establish that NSL furnished inaccurate information to a credit reporting agency (**CRA**). *See* Civ. Code, § 1785.25, subd. (a) ["A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate"]. Plaintiff contends that the information NSL furnished concerning the Loan was inaccurate because of the alleged identity theft by his daughter. (Complaint, ¶¶ 52-54.) However, Plaintiff, who did not follow the HEA's procedures for obtaining a false certification discharge, never obtained a determination from the U.S. Department of Education that he is discharged and not liable for the Loan. Consequently, Plaintiff cannot show that any of the alleged information reported by NSL as to the Loan was inaccurate in any way. NSL did not violate the CCRA.

2.      **Plaintiff Did Not Submit A Dispute To A Credit Reporting Agency**

Plaintiff's CCRA claim is also based on his allegation that NSL "did not reasonably investigate PLAINTIFF'S allegations of identity theft." (Complaint, ¶ 54.) NSL's purported conduct, which it denies, does not give rise to any claim. First, as set forth in Section IV.B., *supra*, only the Secretary of the Department of Education has the sole authority to determine whether to discharge Plaintiff due to the alleged identity theft. NSL does not have the discretion to make a determination that Plaintiff is no longer liable under the Loan—and change its credit reporting—based on Plaintiff's allegations of identity theft.

Second, the inadequate investigation provision of the CCRA, Code of Civil Procedure section 1785.25, subdivision (f), was preempted by the Fair Credit Reporting Act (**FCRA**), 15 U.S.C. § 1681 *et seq.* (*Carvalho v. Equifax Information Services, LLC* (9th Cir. 2010) 629 F.3d 876, 888-889.) "Consequently, to state a claim under the FCRA against a furnisher [of credit information], a plaintiff must show that: (1) he found an inaccuracy in his credit report; (2) he notified a credit reporting agency; (3) the credit reporting agency notified the furnisher of the information about the dispute; and (4) the furnisher failed to investigate the inaccuracies or otherwise failed to comply with the requirements of 15 U.S.C. § 1681s-2(b)(1)(A)-(E)." (*Lugo v. Experian Information Solutions, Inc.* (N.D. Cal. 2017) 2017 WL 2214641 at p. *4.) "[F]urnishers have a duty to investigate a dispute with

1  a consumer **only after the furnisher receives notice of the dispute from a CRA**" (emphasis added).

2  (*Singh v. Collectibles Management Resources* (E.D. Cal. 2016) 2016 WL 4041396 at p. *2.)

3    Plaintiff does not allege he submitted a dispute to a CRA or that NSL received any notice of a

4  dispute from a CRA.  Plaintiff only alleges that he contacted NSL directly regarding the alleged

5  identity theft.  (Complaint, ¶¶ 54-55.)  Plaintiff's direct complaint to NSL cannot serve as the basis for

6  an FCRA claim.  (*See Gorman v. Wolpoff & Abramson, LLP* (9th Cir. 2009) 584 F.3d 1147, 1154

7  ["[N]otice of a dispute received directly from the consumer does not trigger furnishers' duties under

8  subsection (b)"]; *Roybal v. Equifax* (N.D. Cal. 2005) 405 F.Supp.2d 1177, 1180 ["Bypassing the filter

9  and contacting the furnisher of credit information directly does not actuate the furnisher's obligation

10  to investigate nor does it give rise to a private right of action"]; *Toroussian v. Asset Acceptance, LLC*

11  (C.D. Cal. 2013) 2013 WL 5524831 at p. *4 [A furnisher's "duties are not triggered, however, if a

12  source receives notice of a dispute from the consumer himself"].  The law is clear that a "furnisher's

13  duty to investigate…does not arise unless it receives notice of the dispute from the CRAs directly."

14  (*Roybal*, supra, 405 F.Supp.2d at p. 1180.)  Because plaintiff did not submit a dispute to a CRA and

15  NSL did not receive a notice of dispute from a CRA, plaintiff does not plead a violation of the FCRA

16  or CCRA.

17  **V.** **CONCLUSION**

18    NSL respectfully requests that the Court sustain its demurrer to Plaintiff's Complaint, and to

19  all causes of action therein, without leave to amend.

20  Dated:  September 14, 2017       **AKERMAN LLP**

21

22               By:

23                 Dennis N. Lueck, Jr.

24                 Robert R. Yap
               Attorneys for Defendant

25                 NAVIENT SOLUTIONS, LLC, f/k/a
               "NAVIENT SOLUTIONS, INC.",

26                 *erroneously named as "Navient Corporation"*
               *and "Sallie Mae Corporation"*

27

28

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 601 West Fifth Street, Suite 300, Los Angeles, CA 90071.

     On **September 14, 2017**, I served the following document(s) described as:

**DEFENDANT NAVIENT SOLUTIONS, LLC'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

on the persons below as follows:

     Ben-Thomas Hamilton, Esq.
     Kristine E. Stoynske, Esq.
     **HAMILTON & ASSOCIATES, APC**
     3110 Camino Del Rio South,
     Suite 203
     San Diego, CA 92108-3880
     Tel:   619.299.4877
     Fax:   619.299.4787
     Email: ben@hm-lawyers.com

     *Attorney for Plaintiff*
     *JOHN G. PETROU*

     William F. Small, Esq.
     John A. Schena, Esq.
     **SMALL & SCHENA LLP**
     1350 Columbia Street, Suite 700
     San Diego, CA 92101
     Tel: 619.430.4793
     Fax: 619.664.4278

     *Attorneys for Defendant,*
     *SELAINA A. PETROU*

☒    **BY PERSONAL SERVICE:**  I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

  ☒  (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

  ☐  (Federal)  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury

1

2

3

Evelyn S. Duarte
(Type or print name)

(Signature)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

2

Case No. 37-2016-00040243-CU-CO-CTL

**PROOF OF SERVICE**

<div align="center">

**PROOF OF SERVICE**

</div>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action.  My business address is 601 West Fifth Street, Suite 300, Los Angeles, CA 90071.

      On **October 4, 2017**, I served the following document(s) described as:

<div align="center">

**DEFENDANT NAVIENT SOLUTIONS, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1367, AND 1446**

</div>

on the persons below as follows:

| | |
|---|---|
| Ben-Thomas Hamilton, Esq.<br>Kristine E. Stcynske, Esq.<br>**HAMILTON & ASSOCIATES, APC**<br>3110 Camino Del Rio South, Suite 203<br>San Diego, CA 92108-3880<br>Tel:   619.299.4877<br>Fax:   619.299.4787<br>Email: <u>ben@hm-lawyers.com</u><br><br>*Attorney for Plaintiff*<br>*JOHN G. PETROU* | William F. Small, Esq.<br>John A. Schena, Esq.<br>**SMALL & SCHENA LLP**<br>1350 Columbia Street, Suite 700<br>San Diego, CA 92101<br>Tel: 619.430.4793<br>Fax: 619.664.4278<br><br>*Attorneys for Defendant,*<br>*SELAINA A. PETROU* |

☒    **BY OVERNIGHT DELIVERY:**  I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder.  (C.C.P. § 1013(d)(e))

☒    (Federal)   I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury that the above is true and correct.under the laws of the United States of America

      Executed on **October 4, 2017**, at Los Angeles, California.

| | |
|---|---|
|     Evelyn S. Duarte | |
| (Type or print name) | (Signature) |

**AKERMAN LLP**<br>601 WEST FIFTH STREET, SUITE 300<br>LOS ANGELES, CALIFORNIA 90071<br>TEL.: (213) 688-9500 – FAX: (213) 627-6342