# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN G. PETROU, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NAVIENT CORPORATION, a Delaware corporation; SALLIE MAE CORPORATION, a Delaware corporation;<br>SELAINA A. PETROU an individual; and<br>Does 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:17-cv-02033-BTM-JLB<br><br>**ORDER: (1) GRANTING JOINT MOTION; AND (2) ENTERING AMENDED STIPULATION FOR PROTECTIVE ORDER**<br><br><br><br>[ECF No. 35] |

The Court hereby GRANTS the joint motion for entry of a protective order (ECF No. 35) by Defendant Navient Solutions, LLC f/k/a Navient Solutions, Inc. *erroneously named as* "Navient Corporation" and "Sallie Mae Corporation" (**NSL**), Plaintiff John G. Petrou (**Plaintiff**), and Defendant Selaina A. Petrou (**Co-Defendant**). The parties jointly move for entry of this protective order:

The Parties stipulate that a potentially significant number of documents to be produced in this case containing nonpublic personal information of Plaintiff and Co-Defendant, and confidential and proprietary information of NSL, such that document-by-document review of these materials will be impracticable if the case is to proceed in an orderly, timely, and efficient manner.

1

The Parties further stipulate that their interests in protecting non-public personal information of Plaintiff and Co-Defendant, as well as confidential and commercially sensitive information of NSL pertaining to Plaintiff's and Co-Defendant's account(s) from unnecessary disclosure, and the Parties' desire and the benefit to the Court of an orderly and expeditious resolution of this matter, outweigh societal interest in disclosure of these materials to non-parties. In light of the foregoing, the Parties believe it is appropriate to expedite the flow of discovery material, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of material worthy of protection.

Accordingly, it is, **ORDERED and ADJUDGED as follows**:

1. <u>"CONFIDENTIAL" Documents, Materials, and Information</u>. This Order shall govern all documents produced by any Party or non-party subject to this Order and all written answers, deposition answers, other responses to discovery, and all communications of any kind made by any Party or non-party subject to this Order, their respective attorneys, consultants, agents, employees, and representatives, and other third parties. "CONFIDENTIAL" materials shall be the documents or information designated by any Party or non-party under this Order and any notes, work papers, or other documents respectively containing "CONFIDENTIAL" materials derived from such items. Any Party or non-party subject to this Order may identify any documents or information, including but not limited to discovery materials produced by other parties and initial disclosures, documents and things, answers to interrogatories, responses to requests for production, responses to requests for admission, deposition exhibits, and all or portions of deposition or hearing transcripts of others, as "CONFIDENTIAL" and designate the documents or information as such by affixing thereto a legend of "CONFIDENTIAL" or by designating through another method set forth in this Order.

Any Party or non-party subject to this Order may designate documents or information as "CONFIDENTIAL" to the extent the designating party, through counsel,

believes "good cause" under Federal Rule of Civil Procedure 26(c) exists to categorize the material as confidential because the material contains or includes: (**1**) confidential business or technical information; (**2**) trade secrets; (**3**) proprietary business methods or practices; (**4**) any other competitively sensitive confidential information; (**5**) personal information, including personal financial information about customers or applicants, any party to this lawsuit, or an employee of any party to this lawsuit; (**6**) information regarding any individual's banking or lending relationships, including, without limitation, information regarding any individual's mortgage or credit history and/or consumer information not otherwise available to the public; and (**7**) any other categories that are later agreed to in writing by the parties or ordered by the Court.

2. <u>Designation of "CONFIDENTIAL" Material</u>. Any Party or non-party subject to this Order shall designate materials as "CONFIDENTIAL" by stamping them with the word "CONFIDENTIAL" in a manner which will not interfere with their legibility. This designation shall only be used in a reasonable fashion and upon a good faith determination by counsel that a particular document contains non-public information and falls within one of the categories enumerated in Paragraph 1. This designation shall ordinarily be made before or at the same time as the production or disclosure of the material. Because materials described in Paragraph 1 shall be covered by this Order, there shall be no waiver of confidentiality if such materials are inadvertently produced without being stamped "CONFIDENTIAL." Materials already produced in discovery in this litigation may be designated as "CONFIDENTIAL" upon written notice (without stamping), within fourteen (14) days of the entry of this Order, by any Party or non-party subject to this Order to all counsel of record to whom such documents have been produced by notifying the other party of the identity of the documents or information to be so designated. Any Party or non-party subject to this Order can remove at any time its/his/her designation of "CONFIDENTIAL" from any of the documents or information it previously so designated.

<u>/ / /</u>

3. <u>Treatment of "CONFIDENTIAL" Information</u>. Unless otherwise ordered by the Court, "CONFIDENTIAL" material, and any quotes, summaries, charts, or notes made therefrom, and any facts or information contained therein or derived therefrom, shall be held in confidence and used by the parties to whom the documents and information are produced solely for the purpose of this case. The parties agree to take reasonable steps to maintain the confidentiality of the documents, information, and testimony relating thereto. During the pendency of this litigation, "CONFIDENTIAL" material, including all copies thereof, shall be retained solely in the custody of the parties' attorneys and shall not be placed in the possession of or disclosed to any other person, except as set forth in this Order, as otherwise agreed upon by the parties, or upon leave of Court. Each person to whom "CONFIDENTIAL" material is disclosed pursuant to this Order is hereby prohibited from exploiting in any way such documents or information for his, her, or its own benefit, or from using such information for any purpose or in any manner not connected with the prosecution or defense of this case.

4. "<u>Disclosure</u>." As used herein, "disclosure" or to "disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate "CONFIDENTIAL" material.

5. <u>Permissible Disclosure of "CONFIDENTIAL" Material</u>. Except by order of this Court, or otherwise as required by law, material designated as "CONFIDENTIAL" (and any notes or documents that reflect or refer to such documents and information) shall not be disclosed to any person other than:

(a) A party hereto;

(b) Counsel employed by a party, or an employee of such counsel, to whom it is necessary that the materials be shown or the information known for purposes of this case;

(c) Any employee or agent of a party to whom the "CONFIDENTIAL" materials are shown for the purpose of working directly on or testifying in

///

connection with this litigation at the request of or at the direction of counsel for such party;

(d) A person retained to assist in this action, such as an investigator, independent accountant, or other technical expert or consultant, who has signed an acknowledgement in the form of <u>Exhibit A</u>, which signed acknowledgment shall be retained by the party who has retained such person;

(e) This Court (or its employees or agents) pursuant to a court filing in connection with this action;

(f) Any person(s) designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(g) Members of the jury at a public trial of this matter, subject to the requirements of Paragraph 11 below; or

(h) A person who is deposed or who testifies at the hearing in this matter who has signed an acknowledgement in the form of <u>Exhibit A</u> hereto, which signed acknowledgment shall be retained by the party who has compelled such person to testify at a deposition or trial. If the witness refuses to sign such form, the party compelling such testimony shall immediately notify opposing counsel and permit them seven (7) days to seek redress with the Court.

6. <u>Review of Own "CONFIDENTIAL" Materials</u>. The restrictions of this Order shall not apply to the designating party, its/his/her respective employees, attorneys, experts, or other authorized agents, when reviewing its/his/her own "CONFIDENTIAL" materials.

7. <u>Deposition Transcripts</u>. Deposition testimony and deposition exhibits containing "CONFIDENTIAL" material shall be covered by this Order. During a deposition taken in this matter, any Party or non-party subject to this Order, on the record, may designate as "CONFIDENTIAL" portions of the deposition testimony or deposition exhibits. Alternatively, the designating party may, by written notice to

opposing counsel and the court reporter not later than fourteen (14) business days after receipt of the final deposition transcript, designate as "CONFIDENTIAL" any portions of the deposition testimony or deposition exhibits. Until expiration of the above fourteen (14) day period, all deposition transcripts of NSL will be treated as "CONFIDENTIAL" material unless otherwise agreed to in writing by the parties.

8. <u>Objections to "CONFIDENTIAL" Designations</u>. To the extent that any Party contests a designation under this Order, such Party shall object to such designation in writing not later than fourteen (14) business days after receipt of materials designated as "CONFIDENTIAL." The Parties shall first try to resolve the disagreement in good faith on an informal basis, such as the production of redacted copies. If the Parties are unable to reach an agreement regarding the designation, then the Party objecting to such designation shall file an appropriate motion with the Court—subject to and consistent with the Honorable Jill L. Burkhardt's Civil Chamber Rules— for a ruling that the documents or other information shall not be accorded such status and treatment. In the event that such a challenge is made, the designating party asserting the confidentiality designation shall have the burden of establishing good cause exists under Federal Rule of Civil Procedure 26(c) to maintain the designation. Until this Court enters an order changing the designation of such documents or information, such document or information shall continue to be protected as provided by this Order. Should the Court rule in favor of the Party objecting to the confidentiality designation, the Party or non-party asserting the designation shall produce a copy of the document(s) without the "CONFIDENTIAL" designation.

9. <u>Disclosing "CONFIDENTIAL" Material</u>. If any Party or non-party subject to this Order wishes to disclose any "CONFIDENTIAL" material beyond the terms of Paragraphs 5-6 of this Order, it/he/she shall provide all other parties with reasonable notice in writing of the request to disclose the materials, unless otherwise required by law. If the Parties cannot resolve their disagreement with respect to the disclosure of any designated information, then any Party may petition the Court—subject to and

consistent with the Honorable Jill L. Burkhardt's Civil Chamber Rules—for a determination of these issues. In the event that such a challenge is made, the designating party asserting the confidentiality designation shall have the burden of establishing that the designation is proper. Such "CONFIDENTIAL" material shall remain "CONFIDENTIAL" as stipulated by this Order until the Court rules on the Party's specific petition.

10. <u>Filing Documents under Seal</u>. Each Party and non-party subject to this Order agrees that when filing with Court any papers (including, without limitation, affidavits, memoranda, interrogatory answers, or depositions) that disclose directly or indirectly any "CONFIDENTIAL" material, such papers shall be filed under seal in accordance with the Court's Local Rules and the Honorable Jill L. Burkhardt's Civil Chamber Rules, Paragraph V.5:

> "No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If the application to file under seal a document designated as confidential is being made by the non-designating party, then, upon request, the designating party must promptly provide the applicant with a legal basis for the confidential designation to include within the application. If opposing counsel, or the person or entity that has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed."

If a party filing a non-dispositive motion seeks to file documents under seal, the filing party must show that good cause exists as defined by Federal Rule of Civil Procedure 26(c). If a party filing a dispositive motion seeks to file documents under seal, the filing party must show "compelling reasons supported by specific factual findings outweigh the general history of access and the public policies favoring disclosure." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-679 (9th Cir. 2010) (internal quotations and citations omitted).

The Parties further recognize the possible need to use documents marked "CONFIDENTIAL" during the trial of this matter. However, the Parties agree to take

7

reasonable steps to protect the confidentiality of any trial exhibits so designated to include asking the Court to ensure that any such documents referred to or offered into evidence at trial are filed with the Court under seal.

11. Document Retention. After the conclusion of this matter (including the expiration of all appeals), all originals and reproductions of the "CONFIDENTIAL" materials shall be returned to the producing party within thirty (30) days of such conclusion or be destroyed. Upon request, the Party destroying said documents shall certify in writing to the producing party within ten (10) days of such request that destruction of the "CONFIDENTIAL" materials has taken place. Insofar as the provisions of this Order restrict the use of the documents produced hereunder, the Order shall continue to be binding throughout and after the conclusion of this case, including all appeals, except as set forth in Paragraph 13.

12. Admissibility. Nothing in this Order shall be construed to limit any Party from producing or introducing any document into evidence at public hearing. Subject to the Rules of Evidence, "CONFIDENTIAL" materials and other confidential information may be offered in evidence at trial or any court hearing. Any Party may move the court for an Order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure of any "CONFIDENTIAL" material. The Court will then determine whether the proffered evidence should continue to be treated as "CONFIDENTIAL" and, if so, what protection, if any, may be afforded to such information at the trial or hearing.

13. Scope of Discovery. Nothing in this Order shall preclude any Party from opposing production of any documents or information, or from seeking further or different relief should future pretrial activities indicate such a need.

14. Client Consultation. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to its/his/her client with respect to this case or from doing anything necessary to prosecute or defend this case and further the interests of its/his/her client, provided, however, that the attorney shall not disclose any

material designated for protection hereunder where such disclosure would be contrary to the terms of this Order.

15. <u>Discretion of the Court.</u> Nothing in this Order shall apply to, bind, or limit the Court or its employees in the performance of their duties. Absent an ex parte motion made within 10 calendar days of the termination of the case, the Parties understand that the Court will destroy any documents designated as "CONFIDENTIAL"in its possession.

16. <u>Notice of Breach</u>. It shall be the obligation of counsel, upon hearing of any breach or threatened breach of this Order by any person, promptly to notify counsel for the opposing and producing parties of such breach or threatened breach. The parties shall make every reasonable effort to mark all discovery containing "CONFIDENTIAL" materials, but the mistaken or inadvertent failure to mark the discovery material, where notice has otherwise been given that it contains "CONFIDENTIAL" materials, shall not exempt it from the provisions of this Order.

17. <u>Litigation Use Only</u>. All "CONFIDENTIAL" materials produced in this litigation, whether by a party or nonparty, and whether pursuant to the civil rules of procedure, subpoena, agreement or otherwise, and all information contained therein or derived therefrom, shall be used solely for the preparation and trial of this action (including any appeals and retrials), and may not be used for any other purpose, including business, governmental or commercial, or any other administrative or judicial proceedings or actions.

18. <u>Subpoena by Other Court or Agencies.</u> If another court or an administrative agency subpoenas or orders production of "CONFIDENTIAL" materials that a Party obtained under the terms of this Order, the Party receiving the subpoena shall promptly notify the designating party of the pendency of such subpoena or order.

19. <u>Inadvertent Disclosure Protection</u>. Review of the "CONFIDENTIAL" materials labeled "CONFIDENTIAL" by counsel, experts, or consultants in the litigation shall not waive the "CONFIDENTIAL" designation or any objections to

production. "CONFIDENTIAL" materials inadvertently produced by any Party or non-party subject to this Order through discovery in this action without having been designated as "CONFIDENTIAL" shall be subject to the provisions of this Order to the same extent as if the inadvertent disclosure had not occurred so long as there is reasonable notice to the other party of the inadvertent disclosure. If any Party or non-party subject to this Order inadvertently discloses information that is privileged or otherwise immune from discovery, the producing party shall promptly, upon discovery of such disclosure, so advise the receiving party in writing and request that the item or items of information be returned. No party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof to the producing party within fourteen (14) business days of receiving a written request for the return of such item or items of information from the producing party.

20. <u>Non-Parties</u>. Non-parties who are required to produce "CONFIDENTIAL" material in response to a subpoena, and who in good faith believe that such material contains confidential information, may rely on this Order and apply it to their production.

21. <u>Responsibility of Attorneys.</u> The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, the duplication of, access to, and distribution of copies of materials labeled "CONFIDENTIAL." Parties shall not duplicate any such materials except for working copies and for filing in court under seal. The attorneys of record further are responsible for employing reasonable measures to control, consistent with this Order, the dissemination or revelation of confidential information.

22. <u>Plaintiff's Personal Information</u>. Plaintiff authorizes and consents for NSL to produce and disclose information and documentation containing Plaintiff's non-public personal information to any Party and non-party subject to this Order provided that such information and documentation have been designated "CONFIDENTIAL" in

accordance with this Order. Plaintiff agrees, accepts, and acknowledges that NSL's production and disclosure of Plaintiff's non-public personal information shall not constitute a violation of any disclosure law(s) that may apply or violate Plaintiff's privacy rights.

23. <u>Co-Defendant's Personal Information</u>. Co-Defendant authorizes and consents for NSL to produce and disclose information and documentation containing Co-Defendant's non-public personal information to any Party and non-party subject to this Order provided that such information and documentation have been designated "CONFIDENTIAL" in accordance with this Order. Co-Defendant agrees, accepts, and acknowledges that NSL's production and disclosure of Co-Defendant's non-public personal information shall not constitute a violation of any disclosure law(s) that may apply or violate Plaintiff's privacy rights.

24. <u>Modification of the Order by the Court</u>. Pursuant to Judge Burkhardt's Civil Chamber Rules, Paragraph V.3, the Court may modify the terms and conditions of the Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

**IT IS SO STIPULATED.**

Dated: March 12, 2018  **AKERMAN LLP**

By: /s/ *Robert R. Yap*
    Justin D. Balser
    Robert R. Yap
Attorneys for Defendant
NAVIENT SOLUTIONS, LLC f/k/a
NAVIENT SOLUTIONS, INC.
*erroneously named as "Navient Corporation" and "Sallie Mae Corporation*

Dated: March 12, 2018  **HAMILTON & ASSOCIATES, APC**

By: /s/ *Ben-Thomas Hamilton*
    Ben-Thomas Hamilton
Attorneys for Plaintiff
JOHN G. PETROU

Dated: March 12, 2018                             **SMALL & SCHENA LLP**

By: /s/ *William F. Small*
       William F. Small
Attorneys for Defendant
SELAINA A. PETROU

## **ORDER**

The Court APPROVES the joint motion and stipulation for protective order between Defendant Navient Solutions, LLC f/k/a Navient Solutions, Inc. *erroneously named as* "Navient Corporation" and "Sallie Mae Corporation", Plaintiff John G. Petrou, and Defendant Selaina A. Petrou.

**IT IS SO ORDERED.**

Dated: March 12, 2018

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Amended Joint Motion and Stipulation for Protective Order issued by the United States District Court for the Southern District of California on [date] in the case of *John G. Petrou v. Navient Corporation et al.*, Case No. 3:17-cv-02033-BTM-JLB. I agree to comply with and to be bound by all the terms of the Amended Joint Motion and Stipulation for Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Amended Joint Motion and Stipulation for Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms of this Amended Joint Motion and Stipulation for Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Amended Joint Motion and Stipulation for Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____