UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN G. PETROU, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NAVIENT CORPORATION, a Delaware corporation; SALLIE MAE CORPORATION, a Delaware corporation; SELAINA A. PETROU, an individual; and DOES 1 THROUGH 50, inclusive,<br><br>Defendants. | Case No.: 17-cv-02033-BTM (JLB)<br><br>**ORDER GRANTING MOTION TO DISMISS AND REMANDING CASE**<br><br>**ECF NO. 5** |

Defendants Navient Corporation ("Navient") and Sallie Mae Corporation ("Sallie Mae") have filed a motion to dismiss Plaintiff John G. Petrou's First Amended Complaint. (ECF No. 5). For the reasons discussed below, the Court GRANTS Defendants' motion.

**I.  BACKGROUND**

Plaintiff alleges that his daughter, Selaina A. Petrou, in order to fund her undergraduate education, fraudulently obtained two student loans in his name. (ECF No. 1, Exh. B ("FAC") ¶ 7-9). According to Plaintiff, on April 26, 2012, his

daughter signed a Master Promissory Note, without his consent or knowledge, for a Federal Direct PLUS Loan ("Master Promissory Note") in his name. *Id.* ¶ 9-10. As a result, on April 30, 2012, Sallie Mae distributed $9,752 to the daughter's university, as a Parent Plus Loan under the Master Promissory Note. *Id.* ¶ 11. In May 2013, Plaintiff, at the request of his daughter, faxed additional paperwork to her university, believing that she was applying for another student loan under her own name. *Id.* ¶ 13-14. As a result, on May 7, 2013, Sallie Mae distributed another $40,253 to the daughter's university as a Parent Plus Loan under the Master Promissory Note. *Id.* ¶ 14-15.

On December 18, 2014, Plaintiff received a letter from Navient, the loan management subsidiary of Sallie Mae, regarding payment of the two Parent Plus loans. *Id.* ¶ 17. On May 15, 2015, Plaintiff sent a letter to Navient disputing the legitimacy of the Master Promissory Note. *Id.* ¶ 18. Navient responded that before it could investigate, Plaintiff needed to fill out an Identity Theft Affidavit and file an Identity Theft Report with the San Diego police department. *Id.* ¶ 19. After filing a police report, on October 5, 2015, Plaintiff sent Navient the Identity Theft Affidavit and all related documentation. *Id.* ¶ 19-20. On November 12, 2015, Navient informed Plaintiff that it could not confirm his claim of identity theft and closed the investigation. *Id.* ¶ 21. Plaintiff alleges that Navient made "minimal effort" in investigating his claims and closed the investigation "after only a few attempts" at contacting Plaintiff's daughter, which were unsuccessful. *Id.* ¶ 41. Plaintiff also alleges that he notified the consumer reporting agency ("CRA") that the loans were fraudulently obtained. *Id.* ¶ 44.

Navient has attempted to collect payment on the two Parent Plus Loans from Plaintiff in the principle amount of $50,015. *Id.* ¶ 22.

On September 25, 2017, Plaintiff filed his First Amended Complaint in the Superior Court of the State of California, County of San Diego, Central Division, alleging two causes of action against Defendants Sallie Mae and Navient:

**(1)** violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b) and **(2)** declaratory relief as to the validity of the Master Promisory Note and Plaintiff's obligation to repay the Parent Plus Loans.[1] *Id.* ¶ 35-51.

On October 4, 2017, Defendants Navient and Sallie Mae removed this action to this Court on the basis of federal question jurisdiction, citing Plaintiff's FCRA cause of action.[2] (ECF No. 1).

On October 12, 2017, Defendants Navient and Sallie Mae filed a motion to dismiss Plaintiff's FAC. (ECF No. 5). Defendants argue that Plaintiff has not sufficiently alleged a violation of the FCRA and that his cause of action for declaratory relief is preempted by the Higher Education Act of 1965 ("HEA"). (ECF No. 5-1 at 1).

## II. STANDARD

### A. F.R.C.P. 12(b)(6) Failure to State a Claim

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a legal claim. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

---

[1] Plaintiff, in his FAC, also alleges fraud against his daughter, Selaina Petrou.

[2] On October 13, 2017, Defendant Selaina Petrou consented to and joined the notice of removal. (ECF No. 7).

## III. DISCUSSION

### A. Fair Credit and Reporting Act

Plaintiff specifically alleges that Defendants violated § 1681s-2(b) of the FCRA, which states that for furnishers of credit information, "[a]fter receiving notice . . . of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall conduct an investigation with respect to the disputed information." 15 U.S.C. § 1681s-2(b)(1)(A). The investigation must be "reasonable." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009). However, the duty to conduct a reasonable investigation only "arises when [a furnisher] receives a notice of dispute from a CRA. Such notice must include all relevant information regarding the dispute that the CRA has received from the consumer." *Id.* (internal quotations omitted). "[N]otice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." *Id.* at 1154.

Plaintiff's FAC does not allege that Defendants received any notice of a dispute from a CRA. Therefore, Plaintiff has not alleged facts that would trigger Defendants' duty to conduct a reasonable investigation.[3] *See Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1106 (9th Cir. 2012) ("[plaintiff's] direct complaint to [furnisher] . . . would not have triggered any duty since it was unaccompanied by CRA notification"); *Steinmetz v. Gen. Elec. Co.*, 2009 WL 2058792, at *3 (S.D. Cal. July 13, 2009) (while plaintiff alleged he "initiated a dispute with the CRAs," his claims were "missing a key link [because] he never allege[d] the CRAs actually gave notice of his dispute to [defendant] directly"). Without this key link, Plaintiff has not adequately alleged a violation of the FCRA.

---

[3] Plaintiff appears to assert that Defendants' duty to investigate was triggered when they became aware of Plaintiff's injury through communications between Plaintiff and Defendants. *See* FAC ¶ 44,45.

Further, "[t]o state a claim under the FCRA, [a plaintiff is] required, at a minimum, to allege factual content showing an inaccuracy in his credit report." *Banks v. ACS Educ.*, 638 F. App'x 587, 590 (9th Cir. 2016) (citing *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1160 (9th Cir. 2009)). *See also Mortimer v. JP Morgan Chase Bank, Nat. Ass'n*, 2012 WL 3155563, at *3 (N.D. Cal. Aug. 2, 2012) (plaintiff's "claim [was] insufficiently alleged because [plaintiff had] not asserted that [defendant] reported incomplete or inaccurate information in the first place"); *Nissou-Rabban v. Capital One Bank (USA), N.A.*, 2016 WL 6804995, at *4 (S.D. Cal. Sept. 21, 2016) ("Plaintiff must assert that the reported information was incomplete or inaccurate to adequately allege her FCRA claim."). Plaintiff has not sufficiently alleged that his credit report was incomplete or inaccurate.

Plaintiff simply alleges that "these loans appear on [his] credit report and will continue to jeopardize [his] credit rating as he attempts to rectify the situation." FAC ¶ 23. Construed in the light most favorable to Plaintiff, the statement appears to allege that the credit report is incomplete or inaccurate because the loans should not appear on his credit report due to his unajudicated claim of identity theft. However, the unadjudicated claim of identity theft, alone, is insufficient factual content to show an inaccuracy in Plaintiff's credit report. 20 U.S.C. § 1087(c)(1) provides that

> [i]f a borrower who received, on or after January 1, 1986, a loan made, insured, or guaranteed under this part and the student borrower, or the student on whose behalf a parent borrowed, is unable to complete the program in which such student is enrolled due to the closure of the institution or if such student's eligibility to borrow under this part was falsely certified by the eligible institution or was falsely certified as a result of a crime of identity theft . . . then the Secretary [of Education] shall discharge the borrower's liability on the loan (including interest and collection fees) by repaying the amount owed on the loan.

Crucially, Plaintiff does not allege that he obtained this necessary false

certification discharge. *See United States v. Lopez*, 2013 WL 12090619, at *3 (N.D. Cal. May 28, 2013) ("20 U.S.C. § 1087 is an exclusive administrative remedy. The case law is clear that no private cause of action is created under 20 U.S.C. § 1087."). The inclusion of undischarged student loans in Plaintiff's credit report cannot be incomplete or inaccurate, particularly prior to any resolution of Plaintiff's identity theft claim.

Further, it is clear that even with leave to amend his FAC, Plaintiff would not be able to allege that he obtained a false certification discharge. "In the case of an individual whose eligibility to borrow was falsely certified because he or she was a victim of the crime of identity theft and is requesting a discharge," one of the required documents to be provided to the Secretary of Education is "a copy of a local, State, or Federal court verdict or judgment that conclusively determines that the individual who is named as the borrower of the loan was the victim of a crime of identity theft." 34 C.F.R. § 685.215. In his response to Defendants' motion to dismiss, Plaintiff states that he "is properly seeking to disclaim the loans" and that his current cause of action against Selaina Petrou for fraud is intended to obtain a judgment for purposes of 34 C.F.R. § 685.215. *See* Opposition to Motion to Dismiss at 7. As long as Plaintiff's fraud claim is pending, he cannot seek a false certification discharge. Therefore, Plaintiff's FCRA claim against Defendants is, at best, premature.

Defendants' motion to dismiss Plaintiff's FCRA claim is **GRANTED**. The claim is dismissed with prejudice. The Court finds that no amendment can cure the deficiencies of the FAC, as Plaintiff cannot yet allege that he obtained a discharge for the student loans.

**B. Declaratory Relief**

Plaintiff's remaining cause of action against Defendants is for declaratory relief. A party seeking declaratory relief must show an actual controversy regarding a matter within the federal court's jurisdiction. *Calderon v. Ashmus*, 523

U.S. 740, 745 (1998). Plaintiff argues that his "claim against NAVIENT for violation of the FCRA under section 1681s-2(b) forms the basis for the declaratory relief request against NAVIENT." (ECF No. 9 at 6). However, Plaintiff's request fails because his FCRA cause of action is subject to dismissal, and declaratory relief is not an independent claim.

Further, even assuming Plaintiff had adequately pled a claim under the FCRA, Plaintiff's request for declaratory relief would not be available to him. *See Purcell v. Spokeo, Inc.*, 2014 WL 4187157, at *6 (C.D. Cal. Aug. 25, 2014) ("To [the] extent [plaintiff's declaratory relief claim] is premised on [defendant's] alleged violation of the FCRA, equitable relief is not available."); *Yeagley v. Wells Fargo & Co.*, at *2 (N.D. Cal. Jan. 23, 2006) ("By limiting the remedies for private right of actions [under the FCRA] to damages and attorneys' fees Congress demonstrated that it did not intend for private litigants to obtain injunctive or declarative relief.").

Therefore, Defendant's motion to dismiss Plaintiff's declaratory relief claim is GRANTED.[4]

//
//
//
//
//
//
//
//

---

[4] The Court need not and does not address Defendants' contention that Plaintiff's declaratory relief claim is preempted by the HEA.

7
17-cv-02033-BTM (JLB)

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss. Plaintiff's causes of action for violations of the FCRA and declaratory relief are dismissed with prejudice. Because the only cause of action that now remains is Plaintiff's allegation of state law fraud against Selaina A. Petrou, there is no longer federal question jurisdiction. Therefore, the Court remands the remainder of this action to the Superior Court of the State of California, County of San Diego, Central Division.

IT IS SO ORDERED.

Dated: June 15, 2018

*/s/ Barry Ted Moskowitz*
Barry Ted Moskowitz, Chief Judge
United States District Court