Ben-Thomas Hamilton (SBN 222601)
Michaele Gonzalez (SBN 321213)
HAMILTON & ASSOCIATES, APC
3110 Camino del Rio South, Suite 203
San Diego, California 92108

Telephone: (619) 299-4877
Facsimile:  (619) 299-4787

Attorneys for Plaintiff, JOHN G. PETROU

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN G. PETROU, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NAVIENT CORPORATION, a Delaware corporation; SALLIE MAE CORPORATION, a Delaware corporation; SELAINA A. PETROU an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:17-cv-02033-BTM-JLB<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO TAX COSTS AGAINST PLAINTIFF**<br><br>Date:   August 10, 2018<br>Time:  11:00 a.m.<br>Dept:   15B<br>Place:  333 West Broadway<br>           San Diego, California 92101<br><br>Complaint Filed: 11/16/2016<br>FAC Filed: 09/25/2017 |

Plaintiff, JOHN G. PETROU (hereinafter referred to as "PLAINTIFF") hereby submits the following memorandum of points and authorities in opposition to Defendant, Navient Solutions, LLC's, f/k/a Navient Solutions, Inc., *erroneously named as* "Navient Corporation" (hereinafter referred to as "DEFENDANT") motion to tax costs against PLAINTIFF.

/ / /

/ / /

/ / /

/ / /

# I. INTRODUCTION

DEFENDANT'S motion to tax costs against PLAINTIFF should be denied. Pursuant to both Federal Rule of Civil Procedure 54(d) and Local Rule 54.1, DEFENDANT'S motion must have been filed within fourteen (14) days of the entry of judgment. However, DEFENDANT failed to timely file its motion and it should, therefore, be denied. Should this Court entertain this motion even though it is untimely, DEFENDANT'S taxable costs should be limited to those costs that are both necessary and reasonable.

# II. STATEMENT OF FACTS

On November 16, 2016, PLAINTIFF filed a complaint DEFENDANT, as well as Sallie Mae Corporation (hereinafter referred to as "SALLIE MAE") and Selaina A. Petrou (hereinafter referred to as "SELAINA"), in state court("COMPLAINT"). The COMPLAINT arose from allegations that SELAINA willfully and unlawfully used PLAINTIFF'S name, address, driver's license number, and social security number on a Promissory Note in order to apply for Parent Plus Loans.

On September 25, 2017 PLAINTIFF filed a First Amended Complaint ("FAC") in state court. The FAC alleged a cause of action of fraud against SELAINA and violation of the FCRA pursuant to section 1681s-2(b) against DEFENDANT. Additionally, the FAC sought declaratory relief as it related to SELAINA'S allegedly fraudulent acts, and DEFENDANT'S alleged failure to investigate.

On October 4, 2017, DEFENDANT filed a Notice of Removal of Action removing the case from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California. On October 12, 2017, DEFENDANT file a motion to dismiss PLAINTIFF'S FAC. On June 15, 2018, this Court entered an order granting DEFENDANT'S motion to dismiss PLAINTIFF'S claims pursuant to Federal Rules of Civil Procedure 12(b)(6).

On July 2, 2018, seventeen (17) days after the order granting dismissal, DEFENDANT filed its untimely motion to tax costs against Plaintiff.

/ / /

/ / /

/ / /

/ / /

## III. ARGUMENT

### A. DEFENDANT'S MOTION TO TAX COSTS WAS UNTIMELY FILED AND SHOULD, THEREFORE, BE DENIED.

On June 15, 2018, the court entered its order granting Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6). Defendant now brings the instant motion to tax costs against Plaintiff pursuant to Federal Rules of Civil Procedure 54(d), which states in relevant part:

> Unless a statute or a court order provides otherwise, the motion must:
>
> (i) be filed no later than 14 days after the entry of judgment;
> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
> (iii) state the amount sought or provide a fair estimate of it; and
> (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2)(B).

Pursuant to Federal Rules of Civil Procedure 54(a) "'Judgment' as used in these rules includes a decree and any order from which an appeal lies." An order granting dismissal would, therefore, qualify as a "Judgment" in this context. Similar to Federal Rules of Civil Procedure 54(d)(2)(B), Local Rule 54.1(a) states:

> A party cannot recover attorney's fees and costs unless the party files and serves a bill of costs and a motion for fees within 14 days after final judgment is entered. The court may extend this deadline for good cause if a motion requesting an extension is filed before the original deadline.

Local Rule 54.1(a).

Pursuant to both Federal Rules of Civil Procedure 54(d)(2)(B)(i) and Local Rule 54.1(a), as no extension has been granted, Defendant's motion must have been filed no later than June 29, 2018, fourteen (14) days after the order granting dismissal. (Fed. R. Civ. P. 6(a)(1)). However, Defendant did not file its motion until July 2, 2018, seventeen (17) days after the order. Therefore, the time limit for Defendant's motion to tax costs against Plaintiff has passed and the motion should be denied.

///

///

///

---

Petrou v. Navient, et. al
Opposition to Motion to Tax Costs

3

Case No. 3:17-cv-02033-BTM-JLB

### B. IN THE ALTERNATIVE, DEFENDANT'S TAXABLE COSTS SHOULD BE LIMITED TO THOSE COSTS THAT ARE BOTH NECESSARY AND REASONABLE.

In the event that this Court does not deny this motion based on untimeliness, any taxable costs should be limited to those costs that are both necessary and reasonable. The ordinary costs recoverable in federal litigation under Federal Rule of Civil Procedure 54(d) are set forth in 28 U.S.C. § 1920.13. The Supreme Court has viewed these costs as narrow in scope and, in sum, a fraction of the full expenses ordinarily incurred in federal litigation. *Kouichi Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 2006 (2012). Even these modest costs, however, are limited in certain circumstances. Deposition costs, for example, are generally recoverable only when the deposition is reasonably necessary to the litigation.

For depositions not used in the litigation, courts are divided on whether to award deposition costs only upon a showing that the deposition materially advanced the development of the litigation. *See, e.g., Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc.*, 260 F.3d 1054, 1061 (9th Cir. 2001); *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999); *Cengr v. Fusibond Piping Sys.*, 135 F.3d 445, 455 (7th Cir. 1998).

However, the deposition costs DEFENDANT seeks to tax as costs were not necessary and should be denied even if this Court taxes costs against PLAINTIFF. On April 25, 2018, six months after filing its motion to dismiss, DEFENDANT took the deposition of PLAINTIFF in this matter. Taking PLAINTIFF'S deposition was not reasonably necessary to this litigation. Further DEFENDANT cannot show that the deposition materially advanced the development of the litigation as its motion to dismiss had already been filed months earlier and the deposition was not ever used for any purpose. This Court's decision to grant DEFENDANT'S motion to dismiss was based on the pleadings and the law, not PLAINTIFF'S deposition. Therefore, DEFENDANT'S motion to tax PLAINTIFF'S costs should be denied, or at a minimum, reduced by $2,287.90, the deposition costs, to reflect the amount that was both necessary and reasonable.

/ / /

/ / /

/ / /

/ / /

Petrou v. Navient, et. al
Opposition to Motion to Tax Costs
4
Case No. 3:17-cv-02033-BTM-JLB

## IV. CONCLUSION

In conclusion, DEFENDANT'S motion to tax costs against PLAINTIFF should be denied as it has been untimely filed. In the alternative, Defendant's motion to tax PLAINTIFF'S costs, at a minimum, should be reduced by $2,287.90 to reflect the amount that was both necessary and reasonable.

Dated: August 7, 2018                           HAMILTON & ASSOCIATES, APC

/s/

By: _____
Ben-Thomas Hamilton, Attorneys for
Plaintiff, JOHN G. PETROU

K:\Clients\Petrou\Pleadings\Bill of Costs\Opposition to Defendant's Motion to Tax Plaintiff's Costs.wpd